# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC.<br><br>        Plaintiff,<br><br>v.<br><br>WATERSTONE MORTGAGE CORPORATION,<br><br>        Defendant. | CASE NO. 8:22-cv-01660-TPB-JSS |

## EXHIBIT A

## TO

## JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MUTUAL OF OMAHA MORTGAGE, INC.

    Plaintiff,

v.

WATERSTONE MORTGAGE CORPORATION,

    Defendant.

CASE NO. 8:22-cv-01660-TPB-JSS

## STIPULATED PROTECTIVE ORDER

Based upon the joint motion of the parties, **IT IS HEREBY ORDERED** that:

1. <u>Confidentiality Designation</u>. Designation of Confidential information must be made by stamping, placing, or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL."

2. <u>Definition of "Confidential</u>." One who provides information in the litigation may designate it "Confidential" only when the designating person or entity believes in good faith that the information contains trade secrets or nonpublic technical, commercial, financial, or personal information, or other valuable information covered by a legitimate privacy interest. Without limiting the foregoing definition, "Confidential" information includes "nonpublic personal information" as defined in Title V of the Gramm Leach Bliley Act (15 U.S.C. Section 6801, et seq.) and its implementing regulations (collectively, the "GLB Act").

3. <u>Third-Party Designations Permitted</u>. Any party or third party may designate information as "CONFIDENTIAL" under this Protective Order.

4. <u>Designation of Written Discovery</u>. In answering any interrogatory, request for admission, or part thereof, a party may designate its answer as "CONFIDENTIAL."

5. <u>Inadvertent Production Without Designation</u>. If a producing party discovers after the production of a document that it inadvertently failed to designate the document as "CONFIDENTIAL," the producing party may give written notice to the receiving party that the document is Confidential material, whereupon (i) the receiving party shall, to the extent possible, retrieve all copies of the document from any person in possession of such copies and return them to the producing party; (ii) the producing party will simultaneously provide copies of the same document with each page marked "CONFIDENTIAL;" and (iii) thereafter the parties shall treat such copies as Confidential.

6. <u>Designation of Third-Party Material</u>. If a party receives copies of documents from a non-party pursuant to a formal or informal discovery request, any party may designate any or all such documents as Confidential information and furnish to all other parties a list of the documents, by Bates number, designated as Confidential.

7. <u>Deposition Transcripts</u>. The parties may designate portions of deposition transcripts of their present and former officers, directors, employees, agents, representatives, employees, and agents as Confidential by writing to counsel

for the opposing parties within thirty (30) days after receipt of the deposition transcript. Prior to the expiration of the 30-day period, the parties shall treat the entire deposition testimony, transcript, and exhibits as if they had been designated Confidential.

      8.    <u>Limitation on Use of Confidential Information</u>. Information and documents designated as Confidential under this Order shall not be used or disclosed for any purpose other than pursuing or defending against the claims in this lawsuit, including appeals. In particular, and without limiting the scope of the preceding language, documents designated Confidential under this Order shall not be used for competitive purposes or other business purposes.

      9.    <u>Limitation on Disclosure</u>. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated Confidential under this Order to any other person or entity, except that disclosure may be made in the following circumstances:

      a.    Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit.

      b.    Disclosure may be made to court reporters engaged for depositions.

      c.    Disclosure may be made to experts employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. However, "Confidential" information or documents shall not be disclosed to

any expert or consultant until that person has executed a written declaration in the form attached as <u>Exhibit 1</u>.

      d.      Disclosure may be made to deponents, designated trial or hearing witnesses, and their counsel only during depositions, trial, or pretrial hearings.

      e.      Disclosure may be made to the Court, its clerks, and its staff (including the court having jurisdiction of any appeal), and the jury.

      f.      Where disclosure to the Court is made by way of a court filing, the filing shall be made under seal and/or in redacted form, consistent with Local Rule 1.11.

      g.      Disclosure may be made to persons employed by counsel's law firm who are assisting in the pursuit and defense of the claims, including staff, and outside e-discovery vendors employed by counsel in connection with pursuit and defense of the claims.

      h.      Disclosure may be made to independent litigation support services, including document reproduction services, computer imaging services, and demonstrative exhibit services.

10.    <u>Duty to Secure Confidential Information</u>. Except as provided in Paragraph 9, counsel must keep all documents designated as Confidential which are received under this Order secure within their exclusive possession. Each person listed in Paragraph 9(a)-(h) to whom information designated as Confidential is disclosed shall be informed of the terms of this Order and agree to be bound by it before disclosure to such person of any such information.

11. <u>Other Legal Process</u>. If another court or administrative agency subpoenas or orders production of any discovery materials that a party has obtained under this Order, such party shall promptly notify the party who produced the materials of the pendency of such subpoena or order, and shall allow the party who produced the materials a reasonable period of time to oppose or quash the subpoena or order before providing the materials to the person or entity seeking them. Compliance with any subpoena or order shall not be deemed a violation of this Order absent the entry, in advance of the response date for the subpoena or order, of a protective order barring disclosure of the information, and communication of such an order to counsel for the person or entity under subpoena or order.

12. <u>Designation Challenges</u>. A designation of Confidential may be challenged by another party upon motion, and the party claiming the designation bears the burden of showing that the designation is appropriate.

13. <u>Additional Protections Available</u>. A party moving to modify this Order to provide for greater restrictions on disclosure must show that such a modification is necessary to protect the movant's interests.

14. <u>Return or Destruction of Confidential Material</u>. Within thirty (30) days of the conclusion of the case, including any appeal, the parties shall make a good faith effort to destroy all material not received in evidence and treated as Confidential under this Order that was produced by the opposing party and shall certify such good faith efforts. Notwithstanding the foregoing, counsel of record are entitled to retain an archival copy of all pleadings, motion papers; trial, deposition,

and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; discovery; and consultant and expert work product, even if such materials are designated Confidential. This Order shall continue to be binding after the conclusion of this litigation.

      SO ORDERED this ___ day of _____, 2022.

                                                _____

                                                Honorable Thomas P. Barber
                                                United States District Court Judge

**EXHIBIT 1**

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MUTUAL OF OMAHA MORTGAGE, INC.

        Plaintiff,

v.

WATERSTONE MORTGAGE CORPORATION,

        Defendant.

CASE NO. 8:22-cv-01660-TPB-JSS

## **DECLARATION**

I, _____, declare as follows:

    1.    My employer and its address are as follows:

_____

_____.

    2.    My present occupation or job description is as follow:

_____

_____.

    3.    I have received a copy of the Protective Order in this action.

    4.    I have carefully read and understand the provisions of the Protective Order.

    5.    I agree to be bound by the terms of the Protective Order.

6. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for the purposes of this lawsuit, any "Confidential" information, as defined in the Protective Order, disclosed to me.

7. I will return all "Confidential" information which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

8. I hereby submit myself to the jurisdiction of the Middle District of Florida federal court for the purpose of enforcement of the Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this ___ day of _____, 2022.

_____
Signature

Print Name: _____

17489363v1