IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC.<br><br>    Plaintiff,<br><br>v.<br><br>WATERSTONE MORTGAGE CORPORATION,<br><br>    Defendant. | CASE NO. 8:22-cv-01660-TPB-JSS |

## DECLARATION OF MARIA L. KREITER

I, Maria L. Kreiter, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am one of the attorneys representing Defendant Waterstone Mortgage Corporation.

### Mutual's Discovery Responses

2. On October 4, 2022, Waterstone served Mutual with its first set of requests for admission, document requests, and interrogatories (the "Discovery Requests").

3. Mutual responded on November 3, 2022. See Exhibit A (responses to Waterstone's Requests for Production of Documents; Exhibit B (responses to Waterstone's Interrogatories); and Exhibit C (responses to Waterstone's requests for admission). However, Mutual's written responses relied on a volume of boilerplate objections and were unclear as to whether documents would be produced.

2

4. For example, Mutual responded to all interrogatories by stating the response could be ascertained from documents Mutual produced, without identifying the applicable documents. See Ex. B at Resp. to Interrog. 1-8.

5. In addition, in response to all but two requests for production, Mutual responded (many times after a slew of objections) "Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request**, if they exist**." See Ex. A at Reqs. 1-11, 14-30 (emphasis added).

6. Mutual's document production, which consisted of 322 documents, did not come close to satisfying Waterstone's requests and it was not clear whether Mutual had any responsive documents, would produce them, or had even started searching for them given that Mutual did not even know "if they exist."

### The Parties' Meet and Confer

7. Waterstone sent the meet and confer letter attached as Exhibit D on Monday, December 12, 2022 and requested a conference call that week to discuss its concerns.

8. Mutual did not respond until Waterstone followed up twice, via the e-mails attached as Exhibit E, attempting to set a call.

9. The parties ultimately did meet and confer on December 20, 2022, which resulted in Waterstone giving Mutual until January 6, 2023 to amend its discovery responses, supplement its document production, and provide a privilege log, as memorialized in the e-mail attached as Exhibit F.

3

10.   In addition, by letter dated January 4, 2023, a copy of which is attached as <u>Exhibit G</u>, Waterstone demanded that Mutual provide a complete response to Interrogatory 1, in particular, by January 6, 2023, as Interrogatory 1 requests an itemization of damages and Mutual's counsel had orally mentioned a new theory of damages.

11.   More than three months ago, on October, 31, 2022, Waterstone timely produced spreadsheets of the loans it closed within two months after the Departed Employees of the relevant branches joined Waterstone. Those spreadsheets show, among other information, the closing date, borrower, loan officer, loan amount, and loan type. Waterstone needs to know which of the disclosed loans form the basis for Mutual's alleged damages.

### Mutual's supplemental production and amended responses

12.   Mutual provided amended responses and supplemented its document production on January 6, 2023. A copy of Mutual's amended responses to Waterstone's requests for production are attached as <u>Exhibit H</u>, and a copy of Mutual's amended responses to Waterstone's interrogatories are attached as <u>Exhibit I</u>.

13.   However, the amended responses and supplemental production largely ignored the deficiencies Waterstone raised.

14.   Nor did Mutual produce a privilege log, despite the parties agreeing to exchange privilege logs that date.

## **Waterstone immediately addressed and resolved the sole concern raised by Mutual on December 20, 2022 regarding the Waterstone production**

15. Mutual raised for the first time during the December 20, 2022 meet and confer that Waterstone failed to produce compensation agreements applicable to the employees who left Mutual and joined Waterstone, which Mutual references in its amended response to Interrogatory 1.

16. What Mutual's amended response does not state is that Mutual waited months to express concern and, once it did, Waterstone substantively responded the next day, December 21, 2022, and invited a meet and confer for December 23 or 26, 2022.

17. Waterstone also immediately checked its production and learned the compensation agreements had, in fact, been omitted.

18. Waterstone supplemented its production with the requested agreements on December 22, 2022.

19. Mutual has never indicated further concern related to Waterstone's production or discovery responses.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed this 6th day of February, 2023.

s/*Maria L. Kreiter*  
Maria L. Kreiter

5