# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., | )<br>) Civil Action No. 22-CV-01660<br>) |
| Plaintiff, | ) **PLAINTIFF MUTUAL OF OMAHA**<br>) **MORTGAGE, INC.'S RESPONSES AND** |
| v. | ) **OBJECTIONS TO DEFENDANT**<br>) **WATERSTONE MORTGAGE** |
| WATERSTONE MORTGAGE CORPORATION, | ) **CORPORATION'S FIRST SET OF**<br>) **REQUESTS FOR ADMISSIONS**<br>) |
| Defendant. | ) |

Pursuant to Federal Rules of Civil Procedure 26 and 36, plaintiff Mutual of Omaha Mortgage, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby responds and objects to defendant Waterstone Mortgage Corporation's ("Defendant") first set of requests for admissions dated as of October 4, 2022 (each a "Request" and, collectively, the "Requests").

The responses and objections set forth below are based upon information currently known and available to Plaintiff at the time these responses and objections are made. Plaintiff's ongoing discovery, analysis, and investigation may disclose the existence of additional facts, add meaning to known facts, support entirely new legal or factual contentions, and may lead to additions or modifications to these responses. Accordingly, Plaintiff reserves the right, at any

**EXHIBIT C**

time, to amend, revise, correct, add to, supplement, modify, or clarify the specific responses and objections set forth below or the information divulged therein. Plaintiff further reserves the right to make use of, or introduce in any hearing or at trial, information not known to exist at the time of production, including, but not limited to, information obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure. Except for explicit facts admitted herein, if any, no implied admissions are intended hereby. The fact that Plaintiff has responded or objected to any Request, or part thereof, should not be construed as an admission that Plaintiff accepts or admits the existence of any fact set forth or assumed by such Request or that such response or objection constitutes admissible evidence.

## GENERAL OBJECTIONS

1. The following general objections ("General Objections") are incorporated into Plaintiff's responses to each and every Request. No response is, or shall be deemed to be, a waiver of Plaintiff's General Objections.

2. Plaintiff objects to the Requests, including the Definitions, to the extent that they conflict with, are different from, or purport to expand upon, the obligations imposed or authorized by the Federal Rules of Civil Procedure or the Civil Local Rules of Practice for the United States District Court for the Middle District of Florida.

3. Plaintiff objects to the Requests as overly broad, unduly burdensome, and not reasonable to the extent that they are indefinite as to time or scope, or otherwise not limited to a time frame relevant to this litigation.

4. Plaintiff objects to the Requests to the extent they call for information and/or documents that are not relevant.

5. Plaintiff objects to the Requests to the extent they call for documents that are not within Plaintiff's possession, custody, or control, or purport to require Plaintiff to seek documents in the possession, custody, or control of third parties. Plaintiff's production of any such documents shall not be deemed a waiver of this objection.

6. Plaintiff objects to the Requests to the extent they are vague and ambiguous, overly broad, not reasonable, and/or unduly burdensome; are unreasonably cumulative and/or duplicative of other Requests; are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; include assertions of purported fact that are inaccurate or are disputed by the parties; and/or incorporate any other purported definition that suffers from such defects. Consistent with applicable law, and without waiver or limitation of any of its General or specific objections, Plaintiff has made a good faith effort to interpret the objectionable Definitions and terms in these Requests.

7. Plaintiff objects to the Requests to the extent they seek information that is subject to confidentiality agreements or obligations, protective orders, or agreements with non-parties.

8. Plaintiff objects to the Requests to the extent they seek documents in the possession, custody, or control of the Defendant.

9. Plaintiff objects to the Requests to the extent they seek information encompassed by the attorney-client privilege, the work-product doctrine, or any other judicially recognized privilege or protection.

10. Plaintiff objects to the Requests to the extent they seek legal conclusions or implicate the mental impressions of counsel.

11. Plaintiff objects to the Requests to the extent they seek electronically stored email communications on the grounds that searching, collecting, and reviewing such documents creates an undue burden where the parties have not agreed upon relevant custodians and narrowly tailored ESI search terms.

12. Any statement by Plaintiff that it will produce documents responsive to a Request is not, and should not be construed as, a representation that such documents exist.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

1. Admit that, as of August 1, 2022, Plaintiff Mutual of Omaha Mortgage, Inc. no longer operated a branch in Tampa, Florida.

**Response:**

Plaintiff admits that its branch located at 4902 Eisenhower Boulevard, Suite 385, Tampa, Florida, 33634, ceased operations as of August 1, 2022, but otherwise denies the Request to the extent that it implies Plaintiff no longer conducted business at any other location in or around Tampa, Florida as of this date.

2. Admit that, as of May 1, 2022, Mutual of Omaha no longer operated a branch in Ormond Beach, Florida.

**Response:**

Plaintiff admits that its branch located at 900 West Granada, Suite 4, Ormond Beach, Florida, 32174, ceased operations as of May 1, 2022, but otherwise denies the Request to the extent that it implies Plaintiff no longer conducted business at any other location in or around Ormond Beach, Florida as of this date.

Dated:    Washington, D.C.
             November 3, 2022

        MITCHELL SANDLER LLC

        By: */s/ Christopher L. McCall*

        Christopher L. McCall (admitted *pro hac vice*)
        1120 20th Street N.W., Suite 725
        Washington, D.C.  20036
        Primary email:  cmccall@mitchellsandler.com
        Telephone:  (202) 886-5292

        GUNSTER, YOAKLEY & STEWART, P.A.
        John A. Schifino
        Florida Bar No. 0072321
        401 East Jackson Street, Suite 1500
        Tampa, Florida  33602
        Primary email:  jschifino@gunster.com
        Secondary email: eservice@gunster.com
        Telephone:  (813) 739-6962

        *Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*