**Kreiter, Maria**

| | |
|---|---|
| **From:** | Kreiter, Maria |
| **Sent:** | Monday, December 12, 2022 3:19 PM |
| **To:** | Chris McCall |
| **Cc:** | Schifino, John; Eiden, Annie; Scott McLaren; Carolina Blanco; Jenkins, Xavier; Bennett, Justin; Raskas, Aron |
| **Subject:** | Mutual of Omaha v. Waterstone - meet and confer letter [GK-Active.FID3206660] |
| **Attachments:** | CORR 2022-12-12 Waterstone meet and confer letter.PDF |

Chris:

See the attached letter and let me know your availability for a call this week to discuss.

Thanks,

Maria

**Maria Kreiter** | Attorney
414.287.9466 direct
MKreiter@gklaw.com

**GODFREY &KAHN s.c.**
833 E. Michigan Street, Suite 1800 | Milwaukee, Wisconsin 53202-5615

 *This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*

**EXHIBIT
D**



833 EAST MICHIGAN STREET • SUITE 1800
MILWAUKEE, WISCONSIN 53202-5615

TEL • 414.273.3500    FAX • 414.273.5198

WWW • GKLAW.COM


Direct: 414-287-9466
mkreiter@gklaw.com

December 12, 2022

**VIA EMAIL**

Christopher L. McCall
Mitchell Sandler LLC
1120 20th Street N.W., Suite 725
Washington, D.C. 20036
cmccall@mitchellsandler.com

       RE:    Meet and Confer – Discovery Responses

Dear Christopher:

       I write to address Mutual Mortgage's deficient responses to the Waterstone's first set of discovery. Please supplement Mutual Mortgage's document production and written responses to address these deficiencies no later than December 23, 2022 to avoid motion practice. In addition, let me know your availability this week for a conference call to discuss these deficiencies.

## I.    <u>Deficiencies Prevalent Throughout the Mutual Responses.</u>

       First, throughout its responses, Mutual repeats that "Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist." This response is vague, unclear, and does not indicate whether Mutual is producing documents responsive to the request, or whether Mutual has even conducted a search for responsive documents. For each request, please indicate whether Mutual has produced responsive documents. If there are none, state just that.

       Second, Mutual maintains throughout its interrogatory responses that the information requested by Waterstone can be ascertained from the documents Mutual produced. However, Waterstone has no idea what documents Mutual is referring to, and Mutual makes no effort to describe the documents that contain responsive information. If you believe that Mutual's response to an information request can be ascertained from documents Mutual has produced, please identify those documents by bates-number.

       Third, Mutual relies on a long list of general objections and incorporates those general objections into each of its responses. The Middle District of Florida's guidelines deem such general objections improper, including general privilege objections:

> **A party who responds to or objects to discovery requests and who withholds information otherwise discoverable, asserting that the information is privileged or subject to other protection from discovery, must assert the claim expressly and must**

Christopher L. McCall
December 12, 2022
Page 2

> **describe the nature of the documents, communications, or things not produced or disclosed, such that, without revealing the privileged or protected information itself, the description will enable other parties to assess the applicability of the privilege or protection. . . . Withholding materials without notice is contrary to Rule 26 and may result in sanctions.** If a motion to compel is filed, the party asserting a protection generally has the obligation to establish by affidavit or other evidence, all facts essential to the establishment of the privilege or protection relied upon.

Middle District Discovery Handbook § VI.A.1. (emphasis added).

In accordance with the Court's guidelines and the Federal Rules of Civil Procedure, state with particularity whether Mutual is withholding documents based on its general objections and whether documents have been withheld based on a privilege. If documents have been withheld based on privilege, please also identify the privilege relied upon and sufficiently describe the withheld documents in a privilege log so that Waterstone may assess the alleged privilege.

## II.    <u>Additional Deficiencies.</u>

In addition to the above deficiencies, we inventoried documents produced by Mutual (MOM-0000001-MOM-0001220), which consist of only e-mails and largely non-responsive attachments. Waterstone's requests are directly relevant to the claims and defenses. The limited e-mails and attachments produced do not satisfy the requests, which include the following highly relevant categories of information to which Mutual provided deficient responses and no documents:

### a.    <u>Documents and information relating to Mutual's alleged damages.</u>

Several of Waterstone's requests – interrogatories nos. 1, 3, 4, 5, and 6, and requests for production nos. 19, 20, 23, 24 and 25 – are directly relevant to Mutual's alleged damages. For example, interrogatory no. 5 asks Mutual to "Itemize Your damages, including the formula used to calculate those damages." Amongst other general and vague objections, Mutual claims that its damages can be ascertained from the documents it produces. As we explain above, this response is insufficient. If Mutual believes that its damages can be ascertained from the documents it has produced, identify those documents.

It is especially difficult for Waterstone to understand Mutual's alleged damages when Mutual has failed to identify the loans that it claims were improperly transferred to Waterstone – despite Waterstone producing a list of all loans closed at Waterstone by the Departed Employees on October 31, 2022. Request for production no. 24 requests Mutual to "[p]roduce the loan file associated with any borrower/loan for which You seek damages," which is directly related to Mutual's claim that the Departed Employees improperly transferred loans and borrower information to Waterstone. Mutual objected to this request as "premature, as discovery in this

Christopher L. McCall
December 12, 2022
Page 3

case has only just begun and Plaintiff has not yet ascertained the full scope of its damages, and
the Request calls for legal conclusions or privileged material."  Meanwhile, Mutual contends in
response to interrogatory no. 5 that its "damages include, but are not limited to, lost revenue and
profits from loans that were improperly diverted from Plaintiff to Defendant, and information
regarding these loans is necessarily uniquely in the possession of Defendant."  In addition to
other information requested relating to Mutual's damages, please identify which of the loans that
closed with Waterstone that Mutual alleges were improperly transferred to Waterstone and
produce the loan file associated with each loan.

**b.  <u>Documents and information relating to Waterstone's alleged solicitation of Mutual employees.</u>**

Interrogatory nos. 2 and 7, and requests for production nos. 2, 3, 7, 8, 9, 10, 14, 21, 26,
27, 28 and 29, request information and documents directly relating to Mutual's allegations that
Waterstone improperly solicited Mutual employees in violation of certain restrictive covenants
binding upon the former employees.  Mutual failed to produce documents and information
responsive to these claims.

As another example, interrogatory 2 asks Mutual to "[i]dentify all current or former
Mutual of Omaha employees You contend WaterStone or the Departed Employees solicited in
violation of Your rights."  Mutual responded that this interrogatory "seeks information in the
possession, custody, or control of Defendant, calls for a legal conclusion, and is premature, as
discovery in this case has just begun and Plaintiff does not yet have access to documents and
information sufficient to respond to this Interrogatory."  It is unclear why, despite having alleged
that Waterstone solicited "over sixty Mutual Mortgage employees," it cannot name these
employees and support its claim filed months ago.  Please name each of the employees that you
allege Waterstone improperly solicited.

Likewise, request for production no. 6 and 7 request "all contracts between Mutual of
Omaha and each of the departed Employees . . . including any contract containing restrictive
covenants" and "all 'policies and procedures of Mutual Mortgage,' all 'Company policies,
procedures, and requirements,' and all 'applicable duties and requirements of the Company' that
You rely upon in this case, as alleged in Complaint ¶¶ 20-21."  This information is directly
related to Mutual's allegations that the Departed Employees violated these policies, procedures,
and requirements, an issue that is contested.  Mutual has not provided any documents responsive
to these requests.  Prior to the most recent production, Mutual produced what appear to be
employment contracts for merely 23 former Mutual employees.  However, from these documents
it is unclear what documents are governing.  The documents provided are inconsistent – many
differ materially from the employment agreements cited in the complaint, and some of the
employees for who documents were provided did not appear to have a signed employment
agreement.  Please provide a signed employment agreement for each of the employees that you
claim Waterstone improperly solicited, which should be included in the complete personnel file
that we requested for each of the employees.

Christopher L. McCall
December 12, 2022
Page 4

Similarly, request for production no. 9 seeks "all compensation agreements and commission plans applicable to each of the Departed Employees at the time of his or her resignation, including, but not limited to, the 'Loan Originator Compensation Addendum' referenced in certain of the Departed Employee's employment agreements." Mutual did not timely pay a large number of the Departed Employees the compensation due, which goes directly to the enforceability of the Departed Employee contracts upon which all of its claims depend. Those contracts are readily available and should have been timely produced.

**c.  Documents and information sufficient to describe Waterstone's alleged improper use of Mutual's trade secrets.**

Waterstone's discovery requests also seek information relating to Mutual's alleged trade secrets, which Mutual has yet to identify with particularity (see requests for production nos. 15, 16, 22 and interrogatory no. 8).

For example, interrogatory no. 8 requests that Mutual disclose "all trade secrets that Mutual of Omaha relies upon to support its Defend Trade Secrets Act and Florida Trade Secrets Act claims, and any other claim pursued in this case."  In response, Mutual lists several categories of trade secrets that its claims are based on, but its document production is largely devoid of any documents that reflect or relate to these trade secrets.  Please produce documents relating to the trade secrets that Mutual alleges Waterstone has misappropriated.  If you believe documents already produced evidence Waterstone's misappropriation of Mutual's trade secrets, identify those documents by bates-label.

Waterstone reserves the right to assert further deficiencies following its receipt of a supplemental document production and more complete written discovery responses from Mutual.

Very truly yours,

GODFREY & KAHN, S.C.

Maria L. Kreiter

cc:    John Schifino, Esq (via email)
       Annie Eiden, Esq (via email)
       Scott McLaren, Esq. (via email)
       Carolina Blanco, Esq. (via email)

28210980.4