# EXHIBIT E

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., | ) <br> ) Civil Action No. 22-CV-01660 <br> ) <br> ) **PLAINTIFF MUTUAL OF OMAHA** <br> ) **MORTGAGE, INC.'S RESPONSES AND** <br> ) **OBJECTIONS TO DEFENDANT** <br> ) **WATERSTONE MORTGAGE** <br> ) **CORPORATION'S FIRST SET OF** <br> ) **INTERROGATORIES** <br> ) <br> ) |
| Plaintiff, | |
| v. | |
| WATERSTONE MORTGAGE CORPORATION, | |
| Defendant. | |

Pursuant to Federal Rules of Civil Procedure 26 and 33, plaintiff Mutual of Omaha Mortgage, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby responds and objects to defendant Waterstone Mortgage Corporation's ("Defendant") first set of interrogatories dated as of October 4, 2022 (each a "Interrogatory" and, collectively, the "Interrogatories").

The responses and objections set forth below are based upon information currently known and available to Plaintiff at the time these responses and objections are made. Plaintiff's ongoing discovery, analysis, and investigation may disclose the existence of additional facts, add meaning to known facts, support entirely new legal or factual contentions, and may lead to additions or modifications to these responses. Accordingly, Plaintiff reserves the right, at any

time, to amend, revise, correct, add to, supplement, modify, or clarify the specific responses and objections set forth below or the information divulged therein. Plaintiff further reserves the right to make use of, or introduce in any hearing or at trial, information not known to exist at this time including, but not limited to, information obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure. Except for explicit facts admitted herein, if any, no implied admissions are intended hereby. The fact that Plaintiff has responded or objected to any Interrogatory, or part thereof, should not be construed as an admission that Plaintiff accepts or admits the existence of any fact set forth or assumed by such Interrogatory or that such response or objection constitutes admissible evidence.

## **GENERAL OBJECTIONS**

1. The following general objections ("General Objections") are incorporated into Plaintiff's responses to each and every Interrogatory. No response is, or shall be deemed to be, a waiver of Plaintiff's General Objections.

2. Plaintiff objects to the Interrogatories, including the Definitions, to the extent that they conflict with, are different from, or purport to expand upon, the obligations imposed or authorized by the Federal Rules of Civil Procedure or the Civil Local Rules of Practice for the United States District Court for the Middle District of Florida.

3.      Plaintiff objects to the Interrogatories as overly broad, unduly burdensome, and not reasonable to the extent that they are indefinite as to time or scope, or otherwise not limited to a time frame relevant to this litigation.

4.      Plaintiff objects to the Interrogatories to the extent they call for information and/or documents that are not relevant.

5.      Plaintiff objects to the Interrogatories to the extent they call for information that is not within Plaintiff's possession, custody, or control, or purport to require Plaintiff to seek documents in the possession, custody, or control of third parties.

6.      Plaintiff objects to the Interrogatories to the extent they are vague and ambiguous, overly broad, not reasonable, and/or unduly burdensome; are unreasonably cumulative and/or duplicative of other Interrogatories; are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; include assertions of purported fact that are inaccurate or are disputed by the parties; and/or incorporate any other purported definition that suffers from such defects.  Consistent with applicable law, and without waiver or limitation of any of its General or specific objections, Plaintiff has made a good faith effort to interpret the objectionable Definitions and terms in these Interrogatories.

7. Plaintiff objects to the Interrogatories to the extent they seek information that is subject to confidentiality agreements or obligations, protective orders, or agreements with non-parties.

8. Plaintiff objects to the Interrogatories to the extent they seek information in the possession, custody, or control of the Defendant.

9. Plaintiff objects to the Interrogatories to the extent they seek information encompassed by the attorney-client privilege, the work-product doctrine, or any other judicially recognized privilege or protection.

10. Plaintiff objects to the Interrogatories to the extent they seek legal conclusions or implicate the mental impressions of counsel.

11. Plaintiff objects to the Interrogatories to the extent they seek electronically stored email communications on the grounds that searching, collecting, and reviewing such documents creates an undue burden where the parties have not agreed upon relevant custodians and narrowly tailored ESI search terms.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

1.  Itemize Your damages, including the formula used to calculate those damages.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information in the possession, custody, or control of Defendant, calls for a legal conclusion, and is premature. Discovery in this case has just begun, and Plaintiff is continuing to investigate the facts and claims relevant to this lawsuit. Plaintiff's damages include, but are not limited to, lost revenue and profits from loans that were improperly diverted from Plaintiff to Defendant, and information regarding these loans is necessarily uniquely in the possession of Defendant. Without limiting the factual and legal claims stated in the complaint, at this preliminary stage of the case where discovery has just begun, Plaintiff is unable to quantify its damages sufficiently to provide a formula for calculating damages.

Subject to and without waiving the objections set forth herein, Plaintiff, pursuant to Federal Rule of Civil Procedure 33(d), states that the answers to this Interrogatory can be ascertained from documents being produced by Plaintiff on a rolling basis.

2. Identify all current or former Mutual of Omaha employees You contend WaterStone or the Departed Employees solicited in violation of Your rights, or through other wrongdoing for which You seek recourse in this suit. For each employee identified, indicate which Departed Employee and/or WaterStone representative engaged in the solicitation or wrongdoing.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information in the possession, custody, or control of Defendant, calls for a legal conclusion, and is premature, as discovery in this case has just begun and Plaintiff does not yet have access to documents and information sufficient to respond to this Interrogatory.

Subject to and without waiving the objections set forth herein, Plaintiff, pursuant to Federal Rule of Civil Procedure 33(d), states that the answers to this Interrogatory can be ascertained from documents being produced by Plaintiff on a rolling basis.

3. With respect to all loans You contend the Departed Employees and/or WaterStone closed with WaterStone in violation of Your rights, or through other wrongdoing for which You seek recourse in this suit, Identify the borrower(s)

associated with the loans, the loan amount, the loan type, and the amount of damages You seek, if any.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information in the possession, custody, or control of Defendant, calls for a legal conclusion, and is premature. Discovery in this case has just begun, and Plaintiff is continuing to investigate the facts and claims relevant to this lawsuit. Plaintiff's damages include, but are not limited to, lost revenue and profits from loans that were improperly diverted from Plaintiff to Defendant, and information regarding these loans is necessarily uniquely in the possession of Defendant.

Subject to and without waiving the objections set forth herein, Plaintiff, pursuant to Federal Rule of Civil Procedure 33(d), states that the answers to this Interrogatory can be ascertained from documents being produced by Plaintiff on a rolling basis.

4. Identify all real estate agents You contend the Departed Employees and/or WaterStone solicited in violation of Your rights, or through other wrongdoing for which You seek recourse. For each real estate agent identified,

7

indicate which Departed Employee and/or WaterStone representative engaged in the solicitation or wrongdoing.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information not relevant to this lawsuit, seeks information in the possession, custody, or control of Defendant, calls for a legal conclusion, and is premature, as discovery in this case has only just begun and Plaintiff does not yet have access to documents and information sufficient to respond to this Interrogatory.

Subject to and without waiving the objections set forth herein, Plaintiff, pursuant to Federal Rule of Civil Procedure 33(d), states that the answers to this Interrogatory can be ascertained from documents being produced by Plaintiff on a rolling basis.

5.    Identify all loan(s) originated by the Departed Employee(s) while still employed by Mutual of Omaha at its Ormond Beach branch, which closed with Mutual of Omaha on or after April 15, 2022.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information in the possession, custody, or control of Defendant, calls for a legal conclusion, and is premature. Discovery in this case has just begun, and Plaintiff is continuing

8

to investigate the facts and claims relevant to this lawsuit. Plaintiff's damages include, but are not limited to, lost revenue and profits from loans that were improperly diverted from Plaintiff to Defendant, and information regarding these loans is necessarily uniquely in the possession of Defendant.

Subject to and without waiving the objections set forth herein, Plaintiff, pursuant to Federal Rule of Civil Procedure 33(d), states that the answers to this Interrogatory can be ascertained from documents being produced by Plaintiff on a rolling basis.

6. Identify all loan(s) that were originated by Departed Employee(s) while still employed by Mutual of Omaha at its Tampa branch, which closed with Mutual of Omaha on or after June 15, 2022.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information in the possession, custody, or control of Defendant, calls for a legal conclusion, and is premature. Discovery in this case has just begun, and Plaintiff is continuing to investigate the facts and claims relevant to this lawsuit. Plaintiff's damages include, but are not limited to, lost revenue and profits from loans that were

improperly diverted from Plaintiff to Defendant, and information regarding these loans is necessarily uniquely in the possession of Defendant.

Subject to and without waiving the objections set forth herein, Plaintiff, pursuant to Federal Rule of Civil Procedure 33(d), states that the answers to this Interrogatory can be ascertained from documents being produced by Plaintiff on a rolling basis.

7. Itemize the commissions You have paid to each of the Departed Employees from the date of each Departed Employee's resignation to the present, including the amount paid, the date of Your payment, and the loan that gave rise to the commission paid (i.e., state the borrower and the loan amount).

**Response:**

Subject to and without waiving the objections set forth herein, Plaintiff, pursuant to Federal Rule of Civil Procedure 33(d), states that the answers to this Interrogatory can be ascertained from documents being produced by Plaintiff on a rolling basis.

8. Identify with particularity all trade secrets that Mutual of Omaha relies upon to support its Defend Trade Secrets Act and Florida Trade Secrets Act claims, and any other claim pursued in this case.

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it calls for a legal conclusion and is unduly burdensome.

Subject to and without waiving the objections set forth herein, Plaintiff identifies the following trade secrets that are at issue in this case, which are described in paragraphs 3 and 37-42 of Plaintiff's First Amended Complaint:

- profit and loss data, including profit margins and profit sharing among different branches;

- loan production revenue information, including origination and processing fees, gains and losses on sales of loans, loan discount points, mortgage pair off fees, and lender paid fees;

- customer pipeline lists;

- customer address lists with 22 columns of detailed data about the customers, their loans, and the loan terms, lists of closed loans, lists of prospective borrowers, and listing agent information;

- borrower documents and information, including sensitive financial information, Social Security Numbers, paystubs, and tax returns;

- employee compensation data, including each employee's salary, bonus, commissions, and 401k contributions; and

- Mutual Mortgage policies and procedures on Mutual Mortgage letterhead, templates for borrower communications, forms, and work flows.

In addition, Plaintiff, pursuant to Federal Rule of Civil Procedure 33(d), states that the answers to this Interrogatory can be ascertained from documents being produced by Plaintiff on a rolling basis.

Dated: Washington, D.C.
November 3, 2022

MITCHELL SANDLER LLC

By: /s/ Christopher L. McCall

Christopher L. McCall (admitted *pro hac vice*)
1120 20th Street N.W., Suite 725
Washington, D.C. 20036
Primary email: cmccall@mitchellsandler.com
Telephone: (202) 886-5292

GUNSTER, YOAKLEY & STEWART, P.A.
John A. Schifino
Florida Bar No. 0072321
401 East Jackson Street, Suite 1500
Tampa, Florida 33602

12

Primary email:  jschifino@gunster.com
Secondary email: eservice@gunster.com
Telephone:  (813) 739-6962

*Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*

13

## VERIFICATION

STATE OF ILLINOIS,    )
                      )
COUNTY OF DUPAGE      )

I, Mark J. Carroll, hereby declare as follows:

1. I have reviewed the following document on behalf of plaintiff Mutual of Omaha Mortgage, Inc.:

> PLAINTIFF MUTUAL OF OMAHA MORTGAGE, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT WATERSTONE MORTGAGE CORPORATION'S FIRST SET OF INTERROGATORIES

2. The facts contained in the document are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 2, 2022

_/s/ Mark J. Carroll_
Mark J. Carroll