# EXHIBIT F

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., | ) |
| | ) Civil Action No. 22-CV-01660 |
| | ) |
| Plaintiff, | ) **PLAINTIFF MUTUAL OF OMAHA** |
| | ) **MORTGAGE, INC.'S RESPONSES AND** |
| v. | ) **OBJECTIONS TO DEFENDANT** |
| | ) **WATERSTONE MORTGAGE** |
| WATERSTONE MORTGAGE | ) **CORPORATION'S FIRST SET OF** |
| CORPORATION, | ) **REQUESTS FOR PRODUCTION OF** |
| | ) **DOCUMENTS** |
| Defendant. | ) |

Pursuant to Federal Rules of Civil Procedure 26 and 34, plaintiff Mutual of Omaha Mortgage, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby responds and objects to defendant Waterstone Mortgage Corporation's ("Defendant") first set of requests for production of documents dated as of October 4, 2022 (each a "Request" and, collectively, the "Requests").

The responses and objections set forth below are based upon information currently known and available to Plaintiff at the time these responses and objections are made. Plaintiff's ongoing discovery, analysis, and investigation may disclose the existence of additional facts, add meaning to known facts, support entirely new legal or factual contentions, and may lead to additions or modifications to these responses. Accordingly, Plaintiff reserves the right, at any

time, to amend, revise, correct, add to, supplement, modify, or clarify the specific

responses and objections set forth below or the information divulged therein.

Plaintiff further reserves the right to make use of, or introduce in any hearing or at

trial, information not known to exist at the time of production, including, but not

limited to, information obtained in the course of discovery as may be required

under the Federal Rules of Civil Procedure.  Except for explicit facts admitted

herein, if any, no implied admissions are intended hereby.  The fact that Plaintiff

has responded or objected to any Request, or part thereof, should not be construed

as an admission that Plaintiff accepts or admits the existence of any fact set forth or

assumed by such Request or that such response or objection constitutes admissible

evidence.

## **GENERAL OBJECTIONS**

1.      The following general objections ("General Objections") are

incorporated into Plaintiff's responses to each and every Request.  No response is,

or shall be deemed to be, a waiver of Plaintiff's General Objections.

2.      Plaintiff objects to the Requests, including the Definitions, to the

extent that they conflict with, are different from, or purport to expand upon, the

obligations imposed or authorized by the Federal Rules of Civil Procedure or the

Civil Local Rules of Practice for the United States District Court for the Middle

District of Florida.

2

3.      Plaintiff objects to the Requests as overly broad, unduly burdensome, and not reasonable to the extent that they are indefinite as to time or scope, or otherwise not limited to a time frame relevant to this litigation.

4.      Plaintiff objects to the Requests to the extent they call for information and/or documents that are not relevant.

5.      Plaintiff objects to the Requests to the extent they call for documents that are not within Plaintiff's possession, custody, or control, or purport to require Plaintiff to seek documents in the possession, custody, or control of third parties. Plaintiff's production of any such documents shall not be deemed a waiver of this objection.

6.      Plaintiff objects to the Requests to the extent they are vague and ambiguous, overly broad, not reasonable, and/or unduly burdensome; are unreasonably cumulative and/or duplicative of other Requests; are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; include assertions of purported fact that are inaccurate or are disputed by the parties; and/or incorporate any other purported definition that suffers from such defects.  Consistent with applicable law, and without waiver or limitation of any of its General or specific objections, Plaintiff has made a good faith effort to interpret the objectionable Definitions and terms in these Requests.

7.      Plaintiff objects to the Requests to the extent they seek information that is subject to confidentiality agreements or obligations, protective orders, or agreements with non-parties.

8.      Plaintiff objects to the Requests to the extent they seek documents in the possession, custody, or control of the Defendant.

9.      Plaintiff objects to the Requests to the extent they seek information encompassed by the attorney-client privilege, the work-product doctrine, or any other judicially recognized privilege or protection.

10.     Plaintiff objects to the Requests to the extent they seek legal conclusions or implicate the mental impressions of counsel.

11.     Plaintiff objects to the Requests to the extent they seek electronically stored email communications on the grounds that searching, collecting, and reviewing such documents creates an undue burden where the parties have not agreed upon relevant custodians and narrowly tailored ESI search terms.

12.     Any statement by Plaintiff that it will produce documents responsive to a Request is not, and should not be construed as, a representation that such documents exist.

## <u>SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS</u>

1.    Produce all documents that You referenced in responding to WaterStone's First Set of Interrogatories.

**<u>Response:</u>**

In addition to the General Objections, Plaintiff objects to this Request on the ground that the undefined term "referenced" is vague and to the extent the Request calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

2.    Produce any forensic image procured from any electronic device that was used by any of the Departed Employees during his or her employment with Mutual of Omaha.

**<u>Response:</u>**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that the undefined term "forensic image" is vague, the Request is unduly burdensome, overly broad, and not proportional to the needs of the case because the Request is not limited to a particular time period, and the Request calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

3.    Produce any report or analysis of activity procured from any electronic device that was used by any of the Departed Employees during his or her employment with Mutual of Omaha.

**Response:**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that is vague, unduly burdensome, overly broad, and not proportional to the needs of the case because the Request does not define "report or analysis." Plaintiff further objects to the Request as sweeping in potentially responsive, but entirely irrelevant, documents and communications.  In addition, Plaintiff objects to this Request to the extent it calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

4.     Produce all Correspondence cited in the Complaint involving the

Departed Employees and/or WaterStone.

**<u>Response:</u>**

Subject to and without waiving its General Objections above, Plaintiff will

produce relevant, non-privileged documents in its possession, custody, and control

responsive to this Request, if they exist.

5.     Produce all documents and correspondence that reflect or discuss any

of the Departed Employee's resignation from Mutual of Omaha, decision to join

WaterStone, or transition from Mutual of Omaha to WaterStone.

**<u>Response:</u>**

In addition to the General Objections, Plaintiff objects to this Request on the

grounds that the Request is unduly burdensome, overly broad, and not proportional

to the needs of the case because the Request is not limited to a particular time

period, and the burden and expense of searching for "all documents and

correspondence" outweigh the benefit of identifying, collecting, reviewing, and

producing such material.  In addition, Plaintiff objects to this Request to the extent

it calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

6.    Produce all contracts between Mutual of Omaha and each of the Departed Employees, including, but not limited to, any contract containing restrictive covenants.

**<u>Response:</u>**

Subject to and without waiving its General Objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

7.    Produce all "policies and procedures of Mutual Mortgage," all "Company policies, procedures, and requirements," and all "applicable duties and requirements of the Company" that You rely upon in this case, as alleged in Complaint ¶¶ 20-21.

**<u>Response:</u>**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that the Request is unduly burdensome, overly broad, and not proportional to the needs of the case because the Request is not limited to a particular time period, and the burden and expense of searching for "all" documents outweigh the

benefit of identifying, collecting, reviewing, and producing such material. In addition, Plaintiff objects to this Request to the extent it calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

8.    Produce the personnel file for each of the Departed Employees.

**Response:**

Subject to and without waiving its General Objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

9.    Produce all compensation agreements and commission plans applicable to each of the Departed Employees at the time of his or her resignation, including, but not limited to, the "Loan Originator Compensation Addendum" referenced in certain of the Departed Employee's employment agreements.

**Response:**

In addition to the General Objections, Plaintiff objects to this Request on the ground that it is duplicative of other Requests.

Subject to and without waiving its General Objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

10.    Produce all Correspondence between You and any of Departed Employee following their resignation from Mutual of Omaha.

**Response:**

Subject to and without waiving its General Objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

11.    Produce a listing of all loan products offered by Mutual of Omaha from January 1, 2022 through August 1, 2022 that would have been available to clients originated by the Departed Employees.

**Response:**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that the Request is vague, unduly burdensome, overly broad, and not proportional to the needs of the case because the Request does not define the term "listing" and searching for documents responsive to the Request would require Plaintiff to speculate as to what "loan products" "would have been available" to

customers.  In addition, Plaintiff objects to this Request to the extent it calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

12.    Produce all documents and correspondence authored or circulated from August 1, 2020 to August 1, 2022 that reflect or discuss complaints lodged by the Departed Employees regarding Mutual of Omaha's scope of products or underwriting.

**<u>Response:</u>**

In addition to the General Objections, Plaintiff objects to the Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of the case to request documents going back years before the events at issue in this case took place, the Request is so broad that it could conceivably encompass every document and correspondence ever created by every Departed Employee, and the burden and expense of searching for such documents outweigh the benefit of identifying, collecting, reviewing, and producing such material.  In addition, Plaintiff objects to this Request to the extent it calls for legal conclusions or privileged material.

11

Plaintiff will only produce documents responsive to this Request after conferring with Defendant's counsel to narrow the scope of the Request.

13.    Produce all documents and correspondence authored or circulated from August 1, 2020 to August 1, 2022 that reflect or discuss Mutual of Omaha declining a loan originated by any of the Departed Employees.

**<u>Response:</u>**

In addition to the General Objections, Plaintiff objects to the Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of the case to request documents going back years before the events at issue in this case took place, the Request is so broad that it could conceivably encompass every document and correspondence ever created by every Departed Employee, and the burden and expense of searching for such documents outweigh the benefit of identifying, collecting, reviewing, and producing such material.  In addition, Plaintiff objects to this Request to the extent it calls for legal conclusions or privileged material.

Plaintiff will only produce documents responsive to this Request after conferring with Defendant's counsel to narrow the scope of the Request.

14.    Produce all documents and correspondence that support Your allegation in the Complaint that the Departed Employee(s) conferred with one

12

another about joining WaterStone while employed at Mutual of Omaha. (Complaint, ¶¶ 28-32.)

**Response:**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of the case to request "all documents and correspondence," and the Request calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

15.    Produce all documents and correspondence that support Your allegation in the Complaint that the Departed Employee(s) sent "Confidential and Trade Secret Information" from their Mutual Mortgage email accounts to their personal emails and to WaterStone employees. (Id. ¶¶ 37-42.)

**Response:**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of the case to request "all documents and correspondence," and the Request calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

16.   Produce all documents and correspondence that support Your allegation that the Departed Employee(s) sent borrower and prospective borrower information to their personal email accounts. (Id. ¶¶ 49, 51, 58, 60, 64).

**<u>Response:</u>**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of the case to request "all documents and correspondence," and the Request calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

17.   Produce all documents and correspondence that support Your allegations that the Departed Employees made misrepresentations to borrowers including, but not limited to, all documents and correspondence related to the

allegations involving Lucas Van Dame and the borrower/loan referenced in ¶¶ 53-55.

**<u>Response:</u>**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of the case to request "all documents and correspondence," and the Request calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

18.    Produce all documents and correspondence that support Your allegation in the Complaint that the Departed Employee(s) sent borrower and prospective borrower's information to "Mike Smalley" of WaterStone. (Id. ¶¶ 48, 50).

**<u>Response:</u>**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of the case to request "all documents and correspondence," and the Request calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

19.     Produce all documents and correspondence that support Your allegation in the Complaint that the Departed Employee(s) discussed with one another plans to transfer loans to WaterStone. (Id. ¶¶ 61, 62).

**Response:**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of the case to request "all documents and correspondence," and the Request calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

20.     Produce all documents and correspondence that support Your allegation in the Complaint that the Departed Employee(s) communicated with one another post-resignation about borrower information. (Id. ¶¶ 57, 59).

**Response:**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of the case to request "all documents and correspondence," and the Request calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

21.     Produce all documents and correspondence that support Your allegation that WaterStone "regularly held video conferences with Mutual Mortgage employees on weekdays during business hours." (Id. ¶¶ 27, 33).

**Response:**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of the case to request "all documents and correspondence," and the Request calls for legal conclusions or privileged material.

17

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

22.    Produce all documents and correspondence that support Your allegation that Dwayne Hutto sent Confidential and Trade Secret Information to WaterStone. (Id. ¶¶ 3, 37, 38.)

**<u>Response:</u>**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of the case to request "all documents and correspondence," and the Request calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

23.    Produce all documents and correspondence that support, discuss, or reflect Your alleged damages.

**<u>Response:</u>**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the

needs of the case to request "all documents and correspondence," the Request calls for legal conclusions or privileged material, and the Request is premature, as discovery in this case has only just begun and Plaintiff has not yet ascertained the full scope of its damages.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

24.    Produce the loan file associated with any borrower/loan for which You seek damages.

**<u>Response:</u>**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that is premature, as discovery in this case has only just begun and Plaintiff has not yet ascertained the full scope of its damages, and the Request calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

25.    Produce all correspondence with any borrower pursuing a loan for which You seek damages.

**Response:**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that is premature, as discovery in this case has only just begun and Plaintiff has not yet ascertained the full scope of its damages, and the Request calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

26.    Produce all documents and correspondence that support Your allegation that Waterstone actively encouraged and assisted the Departed Employees in soliciting other Mutual Mortgage employees to terminate their employment with Mutual Mortgage and join Waterstone. (See Compl. ¶ 27.)

**Response:**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of the case to request "all documents and correspondence," and the Request calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

27.    Produce all documents and correspondence that support Your allegation that Waterstone encouraged and facilitated Departed employees to make misrepresentations to consumers. (See Compl. ¶ 82.)

**Response:**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of the case to request "all documents and correspondence," and the Request calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

28.    For the time period of April 1, 2022 until the present, produce all documents and correspondence, including internal correspondence, that regard WaterStone, the Departed Employees, or the litigation.

**<u>Response:</u>**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of the case to request "all documents and correspondence," and the Request calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

29.    Produce all documents and correspondence, including internal correspondence, that announce the resignation of the Departed Employees or their decision to join WaterStone.

**<u>Response:</u>**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of the case to request "all documents and correspondence," and the Request calls for legal conclusions or privileged material.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

30.     Produce all documents and correspondence that Mutual of Omaha will rely upon in this case.

**Response:**

In addition to the General Objections, Plaintiff objects to this Request on the grounds that it is unduly burdensome, overly broad, and not proportional to the needs of the case to request "all documents and correspondence," the Request calls for legal conclusions or privileged material, and the Request is premature, as discovery has only just begun in this case.

Subject to and without waiving the objections above, Plaintiff will produce relevant, non-privileged documents in its possession, custody, and control responsive to this Request, if they exist.

Dated:     Washington, D.C.
           November 3, 2022


                        MITCHELL SANDLER LLC

                        By: */s/ Christopher L. McCall*

                        Christopher L. McCall (admitted *pro hac vice*)
                        1120 20th Street N.W., Suite 725
                        Washington, D.C.  20036

23

Primary email:  cmccall@mitchellsandler.com
Telephone:  (202) 886-5292

GUNSTER, YOAKLEY & STEWART, P.A.
John A. Schifino
Florida Bar No. 0072321
401 East Jackson Street, Suite 1500
Tampa, Florida  33602
Primary email:  jschifino@gunster.com
Secondary email: eservice@gunster.com
Telephone:  (813) 739-6962


*Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*