# EXHIBIT I

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> WATERSTONE MORTGAGE CORPORATION, <br><br> Defendant. | Civil Action No. 22-CV-01660 <br><br> **PLAINTIFF MUTUAL OF OMAHA MORTGAGE, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT WATERSTONE MORTGAGE CORPORATION'S SECOND SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, plaintiff Mutual of Omaha Mortgage, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby responds and objects to defendant Waterstone Mortgage Corporation's ("Defendant") second set of interrogatories dated as of March 17, 2023 (each an "Interrogatory" and, collectively, the "Interrogatories").

The responses and objections set forth below are based upon information currently known and available to Plaintiff at the time these responses and objections are made. Plaintiff's ongoing discovery, analysis, and investigation may disclose the existence of additional facts, add meaning to known facts, support entirely new legal or factual contentions, and may lead to additions or modifications to these responses. Accordingly, Plaintiff reserves the right, at any time, to amend, revise,

correct, add to, supplement, modify, or clarify the specific responses and objections set forth below or the information divulged therein. Plaintiff further reserves the right to make use of, or introduce in any hearing or at trial, information not known to exist at this time including, but not limited to, information obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure. Except for explicit facts admitted herein, if any, no implied admissions are intended hereby. The fact that Plaintiff has responded or objected to any Interrogatory, or part thereof, should not be construed as an admission that Plaintiff accepts or admits the existence of any fact set forth or assumed by such Interrogatory or that such response or objection constitutes admissible evidence.

## **GENERAL OBJECTIONS**

1. The following general objections ("General Objections") are incorporated into Plaintiff's responses to each and every Interrogatory. No response is, or shall be deemed to be, a waiver of Plaintiff's General Objections.

2. Plaintiff objects to the Interrogatories, including the Definitions, to the extent that they conflict with, are different from, or purport to expand upon, the obligations imposed or authorized by the Federal Rules of Civil Procedure or the Civil Local Rules of Practice for the United States District Court for the Middle District of Florida.

3. Plaintiff objects to the Interrogatories as overly broad, unduly burdensome, and not reasonable to the extent that they are indefinite as to time or scope, or otherwise not limited to a time frame relevant to this litigation.

4. Plaintiff objects to the Interrogatories to the extent they call for information and/or documents that are not relevant.

5. Plaintiff objects to the Interrogatories to the extent they call for information that is not within Plaintiff's possession, custody, or control, or purport to require Plaintiff to seek documents in the possession, custody, or control of third parties.

6. Plaintiff objects to the Interrogatories to the extent they are vague and ambiguous, overly broad, not reasonable, and/or unduly burdensome; are unreasonably cumulative and/or duplicative of other Interrogatories; are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; include assertions of purported fact that are inaccurate or are disputed by the parties; and/or incorporate any other purported definition that suffers from such defects. Consistent with applicable law, and without waiver or limitation of any of its General or specific objections, Plaintiff has made a good faith effort to interpret the objectionable Definitions and terms in these Interrogatories.

7. Plaintiff objects to the Interrogatories to the extent they seek information that is subject to confidentiality agreements or obligations, protective orders, or agreements with non-parties.

8. Plaintiff objects to the Interrogatories to the extent they seek information in the possession, custody, or control of the Defendant.

9. Plaintiff objects to the Interrogatories to the extent they seek information encompassed by the attorney-client privilege, the work-product doctrine, or any other judicially recognized privilege or protection.

10. Plaintiff objects to the Interrogatories to the extent they seek legal conclusions or implicate the mental impressions of counsel.

11. Plaintiff objects to the Interrogatories to the extent they seek electronically stored email communications on the grounds that searching, collecting, and reviewing such documents creates an undue burden where the parties have not agreed upon relevant custodians and narrowly tailored ESI search terms.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

INTERROGATORY NO. 9: Identify, as defined above, those persons who prepared the document bates-labeled MOM-0003484 produced by Mutual, attached

4

as <u>Exhibit 1</u> for ease of reference, and explain the role each person Identified played with respect to the preparation of MOM-0003484.

**Response:** Subject to and without waiving the objections set forth herein, Bernie Mayle and Jeff Gennarelli prepared the document bates-labeled MOM-0003484. Mr. Mayle is the Senior Vice President of Finance, and Mr. Gennarelli is the President Forward Mortgage.

<u>INTERROGATORY NO. 10</u>: Identify, as defined above, all documents that Mutual referred to or relied upon to prepare <u>Exhibit 1</u>.

**Response:** Subject to and without waiving the objections set forth herein, Plaintiff, pursuant to Federal Rule of Civil Procedure 33(d), states that the answers to this Interrogatory can be ascertained from documents being produced by Plaintiff at the following Bates numbers:

MOM-0010942 – MOM-0011032

MOM-0011033

MOM-0011034

MOM-0011038 – MOM-0011047

5

INTERROGATORY NO. 11: State the annual loan volume and revenue generated by Dwayne Hutto, Chris Wolf, and Chris Smith for 2019, 2020, 2021, and 2022 (until the time of their departure from Mutual in 2022).

**Response:** Subject to and without waiving the objections set forth herein, Plaintiff, pursuant to Federal Rule of Civil Procedure 33(d), states that the answers to this Interrogatory can be ascertained from documents being produced by Plaintiff at the following Bates numbers:

MOM-0010942 - MOM-0011032

MOM-0011038 - MOM-0011047

Dated: Washington, D.C.
April 17, 2023

MITCHELL SANDLER LLC

By: /s/ Christopher L. McCall

Christopher L. McCall (admitted *pro hac vice*)
Courtney E. Walter (admitted *pro hac vice*)
1120 20th Street N.W., Suite 725
Washington, D.C.  20036
Primary email:  cmccall@mitchellsandler.com
Telephone:  (202) 886-5292

GUNSTER, YOAKLEY & STEWART, P.A.
John A. Schifino
Florida Bar No. 0072321
401 East Jackson Street, Suite 1500
Tampa, Florida  33602

Primary email: jschifino@gunster.com
Secondary email: eservice@gunster.com
Telephone: (813) 739-6962

*Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*

7

## **VERIFICATION**

STATE OF ILLINOIS,      )
                        )
COUNTY OF DUPAGE        )

I, Mark J. Carroll, hereby declare as follows:

1. I have reviewed the following document on behalf of plaintiff Mutual of Omaha Mortgage, Inc.:

> PLAINTIFF MUTUAL OF OMAHA MORTGAGE, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT WATERSTONE MORTGAGE CORPORATION'S SECOND SET OF INTERROGATORIES

2. The facts contained in the document are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 17, 2023

_____
Mark J. Carroll

8