**EXHIBIT J**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> WATERSTONE MORTGAGE CORPORATION, <br><br> Defendant. | ) <br> ) Civil Action No. 22-CV-01660 <br> ) <br> ) **PLAINTIFF MUTUAL OF OMAHA** <br> ) **MORTGAGE, INC.'S RESPONSES AND** <br> ) **OBJECTIONS TO DEFENDANT** <br> ) **WATERSTONE MORTGAGE** <br> ) **CORPORATION'S SECOND SET OF** <br> ) **REQUESTS FOR PRODUCTION OF** <br> ) **DOCUMENTS** <br> ) |

Pursuant to Federal Rules of Civil Procedure 26 and 34, plaintiff Mutual of Omaha Mortgage, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby responds and objects to defendant Waterstone Mortgage Corporation's ("Defendant") second set of requests for production of documents dated as of March 17, 2023 (each a "Request" and, collectively, the "Requests").

The responses and objections set forth below are based upon information currently known and available to Plaintiff at the time these responses and objections are made. Plaintiff's ongoing discovery, analysis, and investigation may disclose the existence of additional facts, add meaning to known facts, support entirely new legal or factual contentions, and may lead to additions or modifications to these responses. Accordingly, Plaintiff reserves the right, at any time, to amend, revise,

correct, add to, supplement, modify, or clarify the specific responses and objections set forth below or the information divulged therein. Plaintiff further reserves the right to make use of, or introduce in any hearing or at trial, information not known to exist at the time of production, including, but not limited to, information obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure. Except for explicit facts admitted herein, if any, no implied admissions are intended hereby. The fact that Plaintiff has responded or objected to any Request, or part thereof, should not be construed as an admission that Plaintiff accepts or admits the existence of any fact set forth or assumed by such Request or that such response or objection constitutes admissible evidence.

## **GENERAL OBJECTIONS**

1. The following general objections ("General Objections") are incorporated into Plaintiff's responses to each and every Request. No response is, or shall be deemed to be, a waiver of Plaintiff's General Objections.

2. Plaintiff objects to the Requests, including the Definitions, to the extent that they conflict with, are different from, or purport to expand upon, the obligations imposed or authorized by the Federal Rules of Civil Procedure or the Civil Local Rules of Practice for the United States District Court for the Middle District of Florida.

3. Plaintiff objects to the Requests as overly broad, unduly burdensome, and not reasonable to the extent that they are indefinite as to time or scope, or otherwise not limited to a time frame relevant to this litigation.

4. Plaintiff objects to the Requests to the extent they call for information and/or documents that are not relevant.

5. Plaintiff objects to the Requests to the extent they call for documents that are not within Plaintiff's possession, custody, or control, or purport to require Plaintiff to seek documents in the possession, custody, or control of third parties. Plaintiff's production of any such documents shall not be deemed a waiver of this objection.

6. Plaintiff objects to the Requests to the extent they are vague and ambiguous, overly broad, not reasonable, and/or unduly burdensome; are unreasonably cumulative and/or duplicative of other Requests; are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; include assertions of purported fact that are inaccurate or are disputed by the parties; and/or incorporate any other purported definition that suffers from such defects. Consistent with applicable law, and without waiver or limitation of any of its General or specific objections, Plaintiff has made a good faith effort to interpret the objectionable Definitions and terms in these Requests.

7.	Plaintiff objects to the Requests to the extent they seek information that is subject to confidentiality agreements or obligations, protective orders, or agreements with non-parties.

8.	Plaintiff objects to the Requests to the extent they seek documents in the possession, custody, or control of the Defendant.

9.	Plaintiff objects to the Requests to the extent they seek information encompassed by the attorney-client privilege, the work-product doctrine, or any other judicially recognized privilege or protection.

10.	Plaintiff objects to the Requests to the extent they seek legal conclusions or implicate the mental impressions of counsel.

11.	Plaintiff objects to the Requests to the extent they seek electronically stored email communications on the grounds that searching, collecting, and reviewing such documents creates an undue burden where the parties have not agreed upon relevant custodians and narrowly tailored ESI search terms.

12.	Any statement by Plaintiff that it will produce documents responsive to a Request is not, and should not be construed as, a representation that such documents exist.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

<u>REQUEST FOR PRODUCTION NO. 31</u>:  Produce all documents referred to or relied upon to prepare the document bates-labeled MOM-0003484 produced by Mutual, which is attached as <u>Exhibit 1</u> for ease of reference.  Include in Your production all documents referenced to list the various dollar amounts and percentages shown in <u>Exhibit 1</u>.

**Response:**  Subject to and without waiving the objections above, Plaintiff has produced documents in its possession, custody, and control responsive to this Request at the following Bates numbers:

MOM-0010942 – MOM-0011032

MOM-0011033

MOM-0011034

MOM-0011038 – MOM-0011047

REQUEST FOR PRODUCTION NO. 32:  Produce all drafts of Exhibit 1.

**Response:**  Subject to and without waiving the objections above, Plaintiff has produced documents in its possession, custody, and control responsive to this Request at the following Bates numbers:

MOM-0011035 - MOM-0011037

REQUEST FOR PRODUCTION NO. 33:  Produce all monthly profit and loss statements for the Tampa and Ormond Beach branches at issue from January 1, 2019 through the last month that Mutual of Omaha prepared profit and loss statements for each of those branches.

**Response:**  Subject to and without waiving the objections above, Plaintiff has produced documents in its possession, custody, and control responsive to this Request at the following Bates numbers:

MOM-0010942 - MOM-0001132

MOM-0011038 - MOM-0011047

REQUEST FOR PRODUCTION NO. 34:  With respect to any document identified in response to Interrogatory 10 (which seeks the identification of documents Mutual referred to or relied upon to prepare Exhibit 1), produce all versions of those documents from January 1, 2019 through the present.  For example,

6

if Mutual relied on a monthly loan volume report to prepare <u>Exhibit 1</u>, Waterstone seeks that same loan volume report(s) from January 1, 2019 through the present.

**Response:** Subject to and without waiving the objections above, Plaintiff has produced documents in its possession, custody, and control responsive to this Request at the following Bates numbers:

MOM-0010942 – MOM-0011032

MOM-0011033

MOM-0011034

MOM-0011038 – MOM-0011047

REQUEST FOR PRODUCTION NO. 35: Produce the following quarterly and annual financial statements of Mutual of Omaha Mortgage, Inc. including internal versions, from January 1, 2019 to the present: balance sheet, income statement, and cash flow statement.

**Response:** Subject to and without waiving the objections above, Plaintiff has produced documents in its possession, custody, and control responsive to this Request at the following Bates numbers:

MOM-0010942 - MOM-0011032

MOM-0011033

MOM-0011038 - MOM-0011047

7

REQUEST FOR PRODUCTION NO. 36: Produce records sufficient to show the annual loan volume and revenue generated by Dwayne Hutto, Chris Wolf, and Chris Smith for 2019, 2020, 2021, and 2022 (until the time of their departure from Mutual in 2022).

**Response:** Subject to and without waiving the objections above, Plaintiff has produced documents in its possession, custody, and control responsive to this Request at the following Bates numbers:

    MOM-0010942 - MOM-0001132

    MOM-0011038 - MOM-0011047

Dated:    Washington, D.C.
            April 17, 2023

            MITCHELL SANDLER LLC

            By: */s/ Christopher L. McCall*

            Christopher L. McCall (admitted *pro hac vice*)
            Courtney E. Walter (admitted *pro hac vice*)
            1120 20th Street N.W., Suite 725
            Washington, D.C.  20036
            Primary email:  cmccall@mitchellsandler.com
            Telephone:  (202) 886-5292

            GUNSTER, YOAKLEY & STEWART, P.A.
            John A. Schifino
            Florida Bar No. 0072321
            401 East Jackson Street, Suite 1500
            Tampa, Florida  33602

       Primary email:  jschifino@gunster.com
       Secondary email: eservice@gunster.com
       Telephone:  (813) 739-6962


*Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>WATERSTONE MORTGAGE CORPORATION, <br><br>　　　　　Defendant. | ) <br> ) Civil Action No. 22-CV-01660 <br> ) <br> ) **PLAINTIFF MUTUAL OF OMAHA** <br> ) **MORTGAGE, INC.'S SUPPLEMENTAL** <br> ) **RESPONSES AND OBJECTIONS TO** <br> ) **DEFENDANT WATERSTONE** <br> ) **MORTGAGE CORPORATION'S** <br> ) **SECOND SET OF REQUESTS FOR** <br> ) **PRODUCTION OF DOCUMENTS** <br> ) |

Pursuant to Federal Rules of Civil Procedure 26 and 34, plaintiff Mutual of Omaha Mortgage, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby supplements its Responses and Objections to defendant Waterstone Mortgage Corporation's ("Defendant") second set of requests for production of documents dated as of March 17, 2023 (each a "Request" and, collectively, the "Requests").

The responses and objections set forth below are based upon information currently known and available to Plaintiff at the time these responses and objections are made. Plaintiff's ongoing discovery, analysis, and investigation may disclose the existence of additional facts, add meaning to known facts, support entirely new legal or factual contentions, and may lead to additions or modifications to these responses. Accordingly, Plaintiff reserves the right, at any time, to amend, revise,

correct, add to, supplement, modify, or clarify the specific responses and objections set forth below or the information divulged therein. Plaintiff further reserves the right to make use of, or introduce in any hearing or at trial, information not known to exist at the time of production, including, but not limited to, information obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure. Except for explicit facts admitted herein, if any, no implied admissions are intended hereby. The fact that Plaintiff has responded or objected to any Request, or part thereof, should not be construed as an admission that Plaintiff accepts or admits the existence of any fact set forth or assumed by such Request or that such response or objection constitutes admissible evidence.

## **GENERAL OBJECTIONS**

1.  The following general objections ("General Objections") are incorporated into Plaintiff's responses to each and every Request. No response is, or shall be deemed to be, a waiver of Plaintiff's General Objections.

2.  Plaintiff objects to the Requests, including the Definitions, to the extent that they conflict with, are different from, or purport to expand upon, the obligations imposed or authorized by the Federal Rules of Civil Procedure or the Civil Local Rules of Practice for the United States District Court for the Middle District of Florida.

3. Plaintiff objects to the Requests as overly broad, unduly burdensome, and not reasonable to the extent that they are indefinite as to time or scope, or otherwise not limited to a time frame relevant to this litigation.

4. Plaintiff objects to the Requests to the extent they call for information and/or documents that are not relevant.

5. Plaintiff objects to the Requests to the extent they call for documents that are not within Plaintiff's possession, custody, or control, or purport to require Plaintiff to seek documents in the possession, custody, or control of third parties. Plaintiff's production of any such documents shall not be deemed a waiver of this objection.

6. Plaintiff objects to the Requests to the extent they are vague and ambiguous, overly broad, not reasonable, and/or unduly burdensome; are unreasonably cumulative and/or duplicative of other Requests; are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; include assertions of purported fact that are inaccurate or are disputed by the parties; and/or incorporate any other purported definition that suffers from such defects. Consistent with applicable law, and without waiver or limitation of any of its General or specific objections, Plaintiff has made a good faith effort to interpret the objectionable Definitions and terms in these Requests.

7. Plaintiff objects to the Requests to the extent they seek information that is subject to confidentiality agreements or obligations, protective orders, or agreements with non-parties.

8. Plaintiff objects to the Requests to the extent they seek documents in the possession, custody, or control of the Defendant.

9. Plaintiff objects to the Requests to the extent they seek information encompassed by the attorney-client privilege, the work-product doctrine, or any other judicially recognized privilege or protection.

10. Plaintiff objects to the Requests to the extent they seek legal conclusions or implicate the mental impressions of counsel.

11. Plaintiff objects to the Requests to the extent they seek electronically stored email communications on the grounds that searching, collecting, and reviewing such documents creates an undue burden where the parties have not agreed upon relevant custodians and narrowly tailored ESI search terms.

12. Any statement by Plaintiff that it will produce documents responsive to a Request is not, and should not be construed as, a representation that such documents exist.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

REQUEST FOR PRODUCTION NO. 35:  Produce the following quarterly and annual financial statements of Mutual of Omaha Mortgage, Inc. including internal versions, from January 1, 2019 to the present: balance sheet, income statement, and cash flow statement.

**Response:**  Subject to and without waiving the objections above, Plaintiff has produced documents in its possession, custody, and control responsive to this Request at the following Bates numbers:

MOM-0010942 - MOM-0011032

MOM-0011033

MOM-0011038 - MOM-0011047

MOM-0011048 – MOM-0011228


Dated:    Washington, D.C.
          April 21, 2023

                       MITCHELL SANDLER LLC

                       By:  */s/ Christopher L. McCall*_____

                       Christopher L. McCall (admitted *pro hac vice*)
                       Courtney E. Walter (admitted *pro hac vice*)
                       1120 20th Street N.W., Suite 725
                       Washington, D.C.  20036
                       Primary email:  cmccall@mitchellsandler.com

Telephone:  (202) 886-5292

GUNSTER, YOAKLEY & STEWART, P.A.
John A. Schifino
Florida Bar No. 0072321
401 East Jackson Street, Suite 1500
Tampa, Florida  33602
Primary email:  jschifino@gunster.com
Secondary email: eservice@gunster.com
Telephone:  (813) 739-6962

*Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*