| | |
|---|---|
| **From:** | Courtney Walter <cwalter@mitchellsandler.com> |
| **Sent:** | Thursday, July 13, 2023 7:10 PM |
| **To:** | Kreiter, Maria |
| **Cc:** | Ari Karen; Jewell, Emma; Chris McCall |
| **Subject:** | Mutual of Omaha v. Waterstone: Notices of Deposition |
| **Attachments:** | Mutual of Omaha Notice of Deposition-Steve Oscher.pdf; Mutual of Omaha Notice of Deposition-Brett Creasey.pdf; Mutual of Omaha Notice of Deposition-Dawson Walker.pdf; Mutual of Omaha Amended Notice of Deposition-Chris Wolf.pdf; Mutual of Omaha Amended Notice of 30(b)(6) Deposition.pdf |

**[EXTERNAL]** This message originated from outside your domain.

Maria:

See attached Notices of Deposition per our agreement on deponents and dates.

Thanks,

Courtney

## COURTNEY E. WALTER
Senior Associate
cwalter@mitchellsandler.com
(o) (202) 240-7135
(m) (215) 688-0834



1120 20th Street, NW, Suite 725
Washington, DC 20036
202-886-5260
info@mitchellsandler.com

_____

*The content of this email is confidential and intended for the recipient specified in message only. It is strictly forbidden to share any part of this message with any third party, without a written consent of the sender. If you received this message by mistake, please reply to this message and follow with its deletion, so that we can ensure such a mistake does not occur in the future.*

1

**EXHIBIT 1**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., | ) <br> ) Civil Action No. 22-CV-01660 <br> ) <br> ) **PLAINTIFF MUTUAL OF OMAHA** <br> ) **MORTGAGE, INC.'S NOTICE OF** <br> ) **DEPOSITION OF STEVE OSCHER** <br> ) <br> ) <br> ) <br> ) <br> ) |
| Plaintiff, | |
| v. | |
| WATERSTONE MORTGAGE CORPORATION, | |
| Defendant. | |

PLEASE TAKE NOTICE THAT, pursuant to Federal Rules of Civil Procedure 26 and 30, plaintiff Mutual of Omaha Mortgage, Inc. ("Plaintiff"), by and through its undersigned counsel, will take the deposition upon oral examination of Steve Oscher on July 28, 2023 beginning at 9:00 a.m. EST, and continuing from day to day until completed. The deposition will take place via remote means. This deposition will: (1) take place before a duly authorized officer certified to administer oaths and take depositions, (2) be taken by stenographic and videographic means.

Dated:   Washington, D.C.
         July 13, 2023

                MITCHELL SANDLER LLC

                By: */s/ Courtney E. Walter*

                Ari Karen (admitted *pro hac vice*)
                Christopher L. McCall (admitted *pro hac vice*)
                Courtney E. Walter (admitted *pro hac vice*)
                1120 20th Street N.W., Suite 725
                Washington, D.C.  20036
                Email:  cmccall@mitchellsandler.com
                Email:  cwalter@mitchellsandler.com
                Telephone:  (202) 886-5292

                GUNSTER, YOAKLEY & STEWART, P.A.

                John A. Schifino
                Florida Bar No. 0072321
                401 East Jackson Street, Suite 1500
                Tampa, Florida  33602
                Primary email:  jschifino@gunster.com
                Secondary email: eservice@gunster.com
                Telephone:  (813) 739-6962

                *Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., | ) |
| | ) Civil Action No. 22-CV-01660 |
| Plaintiff, | ) |
| | ) **PLAINTIFF MUTUAL OF OMAHA** |
| | ) **MORTGAGE, INC.'S AMENDED** |
| v. | ) **NOTICE OF 30(b)(6) DESIGNATED** |
| | ) **CORPORATE REPRESENTATIVE** |
| WATERSTONE MORTGAGE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

PLEASE TAKE NOTICE THAT, pursuant to Federal Rules of Civil Procedure 30(b)(6), plaintiff Mutual of Omaha Mortgage, Inc. ("Plaintiff"), by and through its undersigned counsel, will take the deposition upon oral examination of one or more officers, directors, or managing agents, or designated other individuals who content to testify on behalf of Defendant, Waterstone Mortgage Corporation ("Defendant" or "Waterstone") concerning the subject matters described below on July 31, 2023 beginning at 9:00 a.m. EST, and continuing from day to day until completed. The deposition will take via remote means. This deposition will: (1) take place before a duly authorized officer certified to administer oaths and take depositions, (2) be taken by stenographic and videographic means.

2

**PLEASE TAKE FURTHER NOTICE** that said deposition is being taken pursuant to Federal Rule of Civil Procedure 30(b)(6). Defendant is hereby notified that it must designate one or more of its qualified officers, directors, managing agents, members, employees, or other persons to testify on its behalf as to the following matters.

Dated: Washington, D.C.
July 13, 2023

        MITCHELL SANDLER LLC

        By: */s/ Courtney E. Walter*

        Ari Karen (admitted *pro hac vice*)
        Christopher L. McCall (admitted *pro hac vice*)
        Courtney E. Walter
        1120 20th Street N.W., Suite 725
        Washington, D.C.  20036
        Email:  akaren@mitchellsandler.com
        Email:  cmccall@mitchellsandler.com
        Email:  cwalter@mitchellsandler.com
        Telephone:  (202) 886-5292

        GUNSTER, YOAKLEY & STEWART, P.A.

        John A. Schifino
        Florida Bar No. 0072321
        401 East Jackson Street, Suite 1500
        Tampa, Florida  33602
        Primary email:  jschifino@gunster.com
        Secondary email: eservice@gunster.com
        Telephone:  (813) 739-6962

        *Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*

## DEFINITIONS

1. "Mutual" or "Plaintiff" refers to Plaintiff Mutual of Omaha Mortgage, Inc. and any of its predecessors, successors, parents, subsidiaries and their officers, directors, employees, agents, or other representatives.

2. "Waterstone," the "Company," or "Defendant" refers to Defendant Waterstone Mortgage Corporation and any of its predecessors, successors, parents, subsidiaries and their officers, directors, employees, agents or other representatives.

3. "Customers" shall refer to all customers, prospective customers, leads, and referrals.

4. "Action" shall refer to the instant lawsuit, captioned above.

5. "Complaint" shall refer to the Amended Complaint in this Action.

6. "Person" shall refer to natural persons, corporations, partnerships, sole partnerships, unions, associations, federations, or any other kind of entity.

7. "Departed Employees" means the former employees of Mutual who are identified on Exhibit A hereto.

## DEPOSITION TOPICS FOR WATERSTONE

1. Waterstone's internal policies and procedures with respect to transitioning loans and/or Customers from a new Waterstone loan officer's former employer to Waterstone.

2. The development of, and contents of, any instructions that Waterstone provided to any Mutual employee regarding (i) notifying Mutual Customers about the resignation of their employment from Mutual or joining Waterstone's employ, and/or (ii) notifying Mutual Customers about transitioning their loans to Waterstone.

3. The development of, and contents of, any instructions that Waterstone provides to newly recruited loan officers generally, regarding notifying their current and/or former Customers about transitioning their loans to Waterstone.

4

4. How pipeline reports are structured at Waterstone, including when loans are supposed to be included on a pipeline, how pipelines are monitored, and how loans referred to Waterstone by loan officers who are about to join the Company are included or recorded on any pipelines.

5. Any policies or procedures as to how loan officers who are joining Waterstone are compensated on loans they refer to the Company prior to joining Waterstone.

6. The development of, and contents of, any instructions that Waterstone provides to newly recruited loan officers generally, regarding reporting or updating their change in employment on the Nationwide Multistate Licensing System.

7. Identities of all Persons, including Waterstone's employees and agents and/or third parties, involved in coordinating the transition of Customers from Mutual to Waterstone, and specific descriptions of each such Person's involvement.

8. Identities of all Persons, including Waterstone's employees and agents and/or third parties, involved in coordinating the transition of Customers from other mortgage companies to Waterstone generally, and specific descriptions of each such Person's involvement.

9. Any and all other lawsuits, legal proceedings, complaints, arbitrations, or regulatory actions brought against Waterstone related to Waterstone's recruitment and hiring practices, policies, and procedures, and for each such complaint or action, (i) descriptions of the claims involved; (ii) when, where, and by whom it was asserted; (iii) and the disposition and/or current status.

10. Waterstone's recruitment and/or hiring practices, policies, and procedures related to loan officers.

11. The recruitment and/or onboarding of Dwayne Hutto, Chris Smith, and Chris Wolf.

12. Any communications between Waterstone and any of the Former Employees relating to their resignation from Mutual.

13. The transition of loans and/or Customers from Mutual to Waterstone by any

former Mutual employee, including Dwayne Hutto, Chris Smith, and Chris Wolf.

14. Waterstone's recruitment and/or hiring practices, policies, and procedures related to loan officers who are subject to restrictions in employment agreements with their former employees.

15. Dwayne Hutto, Chris Smith, and Chris Wolf's transmission of non-public customer information to Waterstone while Dwayne Hutto, Chris Smith, and Chris Wolf were still employed by Mutual.

16. Loans that were initially applied for with Mutual, but were subsequently transitioned and closed at Waterstone while Dwayne Hutto, Chris Smith, and Chris Wolf were still employed by Mutual.

17. All credit pulls on loans that occurred while Dwayne Hutto, Chris Smith, and Chris Wolf were still employed by Mutual and were sent to Waterstone.

18. All credit pulls by Waterstone for all loans originated by any one or more of the Departed Employees within the first 90 days of their employment with Waterstone.

19. All Communications and Documents regarding the preservation of Communications and Documents located in the personal e-mail accounts of any one or more of the Departed Employees.