UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MUTUAL OF OMAHA MORTGAGE,
INC.,

     Plaintiff,

v.                                                                    Case No: 8:22-cv-1660-TPB-JSS

WATERSTONE MORTGAGE
CORPORATION,

     Defendant.
_____/

## ORDER

     Plaintiff moves to compel second depositions of Dwayne Hutto and Christopher Smith and for sanctions.  (Motion, Dkt. 78.)  Defendant opposes the Motion and moves for a protective order.  (Dkt. 89.)  The court held a hearing on the Motion on August 4, 2023.  (Dkt. 91.)  Upon consideration, Plaintiff's Motion is granted in part and denied in part.

## BACKGROUND

     In its Amended Complaint, Plaintiff alleges that Defendant engaged in an unlawful scheme to solicit and hire over 60 of Plaintiff's employees and gain access to Plaintiff's confidential and trade secret information.  (Dkt. 37.)  Plaintiff asserts claims for the misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836 and Florida Trade Secrets Act, one claim for tortious interference with contract, and one claim for aiding and abetting breach of fiduciary duty.  (*Id.*)

**ANALYSIS**

Plaintiff deposed Mr. Hutto and Mr. Smith on June 15, 2023 and June 16, 2023, respectively.   During the depositions, Defendant's counsel objected to Plaintiff's counsel Ari Karen's questions regarding Mr. Hutto's and Mr. Smith's employment agreements with Defendant, known as Mortgage Producing Branch Manager Agreements.  (Dkt. 78 at 4–9; Dkt. 89 at 2–7.)  Defendant's counsel asserted that Attorney Karen's questioning of the deponents regarding the agreements was improper and presented a conflict of interest. (*Id.*) Specifically, Defendant argued that the line of questioning regarding the agreements was improper because Attorney Karen represented Defendant in a previous litigation filed in the Western District of Wisconsin in 2011, and as part of that representation, advised Defendant on the drafting of similar contractual provisions to those being asked about during the depositions in the present case.  (*Id.*)  Defendant's counsel therefore instructed the witnesses not to answer questions regarding their agreements.  (*Id.*)

In the Motion, Plaintiff seeks leave to re-depose Mr. Hutto and Mr. Smith and argues that Defendant's counsel's instructions not to answer were improper.  (Dkt. 78.)   Plaintiff argues that there is no conflict of interest in Attorney Karen's representation of Plaintiff and to the extent that any conflict exists, Defendant has waived that argument.  (*Id.*)  Defendant responds that Attorney Karen's questioning regarding the similar provisions was improper and seeks a protective order forbidding the inquiry.  (Dkt. 89 at 7–9.)  Defendant also argues that the questioning is moot as to Mr. Hutto and otherwise irrelevant.  (*Id.* at 7, 10.)  At the hearing, Plaintiff agreed

that Attorney Karen had finished his questioning of Mr. Hutto and stated that it was only pursuing a second deposition of Mr. Smith.

District courts enjoy broad discretion over the management of discovery. *Baker v. Welker*, 438 F. App'x 852, 855 (11th Cir. 2011) (citing *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)). If a deponent fails to answer a question during a deposition, a party may move for an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B). Pursuant to Federal Rule of Civil Procedure 30(c), a party's objection during a deposition "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.* Under Rule 30(d)(3), a party may move to limit or terminate a deposition, and the court "may limit its scope and manner as provided in Rule 26(c)." Fed. R. Civ. P. 30(d)(3); *see also* Middle District Discovery (2021) at Section II.B. (stating that Rule 30(c)(2) provides express instructions on when an attorney may direct a deponent not to answer a question including "to present a motion to show that the examination is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party"). "The use of the instruction not to answer, absent the limited circumstances set forth in Rule 30(c)(2) [] is disfavored by the Court [and a] party or attorney who improperly instructs a deponent not to answer is subject to the expense and sanction provisions of Rule 37(a)(5)." Middle District Discovery (2021) at Section II.B.

Upon consideration, the court agrees with Plaintiff and finds that a second deposition of Mr. Smith is warranted. Defendant has not met its burden to establish that any of the circumstances sufficient to instruct a deponent not to answer are present here. *See U & I Corp. v. Advanced Med. Design, Inc.*, No. 8:06-cv-2041-T-17EAJ, 2008 WL 11336671, at *2 (M.D. Fla. July 3, 2008) ("Rule 30 is clear on the types of objections counsel may make and when counsel may instruct a deponent not to answer a question."). Defendant does not assert that the information is privileged or subject to a court-ordered limitation; nor did Defendant promptly present a motion under Rule 30(d)(3) and only moved for a protective order with its response more than 45 days after the questioning at issue. *See Romero v. Fla. Light & Power Co.*, No. 6:09-cv-1401-Orl-35GJK, 2010 WL 11507529, at *10 (M.D. Fla. June 8, 2010) ("To the extent defense counsel may have perceived the question as being posed in bad faith, he failed to promptly seek a protective order, as he was required to do if he intended to maintain the propriety of his instruction to the witness.") In its response, Defendant argues that provisions of the employment agreements at issue "remain the work product of Attorney Karen" and a protective order is necessary to protect it from "oppression or undue burden." (Dkt. 89 at 7–9.) However, Defendant concedes that although some provisions remain the same, the agreements have been revised since Attorney Karen's work on an unrelated matter over a decade ago. (*Id.*) The court therefore does not find that Attorney Karen's questioning regarding the agreements amounts to bad faith, undue burden, or oppression of Defendant. *See, e.g.*, *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-cv-146-MSS-AAS, 2022 WL 741628, at *2 (M.D. Fla. Feb.

24, 2022) ("The information Aileron sought through the four questions asked of Ms. Zhang and Mr. Bales does not raise concerns of bad faith or embarrassment."); *U & I Corp.*, 2008 WL 11336671, at *2 ("The limited circumstances outlined in Rule 30(c), Fed. R. Civ. P., are not present in this case.").

Further, to the extent Defendant objects on grounds of relevance, "absent bad faith or unreasonable behavior by the examiner, the proper procedure is for the deponent to answer the question, and the burden of demonstrating the lack of relevancy is on the person making the objection." *Grayson v. No Labels, Inc.*, No. 6:20-cv-1824-PGB-LRH, 2021 WL 8199902, at *7 (M.D. Fla. Dec. 29, 2021) (citing *Davey v. Baptist Health Care Corp.*, No. 3:06cv31/RV/EMT, 2007 WL 9735104, at *1 (N.D. Fla. Feb. 9, 2007)).  Defendant has not met its burden of showing that the information sought is irrelevant or that the imposition of a protective order is necessary.  *See, e.g.*, *Geico Cas. Co. v. Beauford*, No. 8:05-cv-697-24EAJ, 2006 WL 2789013, at *4 (M.D. Fla. Sept. 26, 2006) ("the party resisting the production of the information bears the burden of establishing lack of relevancy, undue burden or existence of a privilege"); *State Farm Fire & Cas. Co. v. Silver Star Health & Rehab, Inc.*, No. 6:10-cv-1103-Orl-31GJK, 2011 WL 13298682, at *3 (M.D. Fla. Oct. 5, 2011) ("Generally, it is improper for a party to instruct a witness not to answer based purely on a relevance objection.");  *Aileron Inv. Mgmt., LLC*, 2022 WL 741628, at *2 ("relevancy objections are not a proper ground for instructing a witness not to answer a question").

Accordingly, the court overrules Defendant's objections to Attorney Karen's questioning regarding the Mortgage Producing Branch Manager Agreements.

Plaintiff is permitted to conduct a second deposition of Mr. Smith limited only to questioning regarding the Mr. Smith's Mortgage Producing Branch Manager Agreement.  Plaintiff's questions on this limited topic should also be substantially similar to those asked during Mr. Hutto's deposition.

Plaintiff also argues that sanctions are warranted against Defendant pursuant to Federal Rules of Civil Procedure 30(d)(2) and 37.  (Dkt. 78 at 17–18.)  The court disagrees and denies the request.

Accordingly, it is **ORDERED**:

1.  Plaintiff's Motion to Compel Second Depositions of Dwayne Hutto and Christopher Smith and for Sanctions Pursuant to Fed. R. Civ. P. 37 (Dkt. 78) is **GRANTED in part** and **DENIED in part**.

2.  Plaintiff is permitted to conduct a second deposition of Mr. Smith, limiting to questioning regarding Mr. Smith's Mortgage Producing Branch Manager Agreement.  The parties are directed to confer regarding scheduling the deposition prior to the extended discovery deadline.  *See* (Dkt. 90.)

3.  Plaintiff's request for sanctions is **DENIED**.

**ORDERED** in Tampa, Florida, on August 8, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record