# **EXHIBIT A**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., | ) <br> ) Civil Action No. 22-CV-01660 <br> ) <br> ) **AFFIDAVIT OF MARK CARROLL IN** <br> ) **SUPPORT OF PLAINTIFF'S MOTION** <br> ) **FOR SUMMARY JUDGMENT ON LOST** <br> ) **PROFIT DAMAGES** <br> ) <br> ) <br> ) <br> ) |
| Plaintiff, | |
| v. | |
| WATERSTONE MORTGAGE CORPORATION, | |
| Defendant. | |

I, Mark Carroll, being duly sworn, deposes and affirms the truth of the following under penalties of perjury:

1. My name is Mark Carroll. I am a competent person over 18 years of age and authorized to make this Affidavit. I have personal knowledge of the facts and matters set forth below.

2. I serve as the Vice President, Senior Legal Counsel for Mutual of Omaha Mortgage, Inc. ("Mutual"). I have been in this position for 2 years.

3. Mutual is a residential mortgage lender headquartered in San Diego, California, which operates branches across the United States.

4. Mutual previously operated branches located in Tampa and Daytona, Florida, as well as Paramus, New Jersey.

5. From November 2018 until April 2022, Dwayne Hutto served as the

1

branch manager of Mutual's Daytona Branch.

6. From December 2018 until April 2022, Christopher Wolf served as the co-branch manager of Mutual's Daytona Branch.

7. From December 2018 until June 2022, Christopher Smith served as the branch manager of Mutual's Tampa and Paramus branches.

8. On July 24, 2023, Defendant, Waterstone Mortgage Corporation ("Defendant") produced four spreadsheets ("Spreadsheets") in response to Mutual's Third Set of Requests for Production. *See* Ex. 1, Waterstone Mortgage Corporation's Responses to Mutual of Omaha Mortgage, Inc.'s Third Set of Requests for Production.

9. Defendant produced those Spreadsheets in response to the following requests:

> **Request No. 1.** All reports showing the credit inquiries of Waterstone's Ormond Beach and Winter Park branches from the period of March 1, 2022 to April 26, 2022.
>
> **Request No. 2**. All Documents showing the loans where a credit inquiry was initiated prior to a Departed Employee's commencement of employment, which was transferred to a Departed Employee after s/he commenced employment with Waterstone.
>
> **Request No. 3.** All Documents showing the loans where a credit inquiry was initiated prior to a Departed Employee's commencement of employment, where a commission was paid to a Departed Employee after s/he commenced employment with Waterstone.

2

> **Request No. 4.** All reports showing credit inquiries of Waterstone's Ormond Beach branch from April 26, 2022 to June 15, 2022.
>
> **Request No. 5.** All reports showing the credit inquiries of Waterstone's Winter Park branch from June 15, 2022 to August 1, 2022.

10. Those Spreadsheets are located at WMC013773, WMC013774, WMC013775, WMC013892.

11. Upon receiving these Spreadsheets, Mutual then cross referenced the credit inquiries identified on the Spreadsheets with its own credit inquiries to identify duplicates of credit pulls that took place at Mutual prior to the departure of the Departed Employees.

12. Mutual then identified those duplicates.

13. In total, Mutual identified approximately 46 duplicate credit inquiries on its spreadsheet. This number suggests that approximately 46 loans had been diverted from Mutual to Defendant during the relevant time period.

14. Mutual is unable to identify the total profit on the diverted loans because this information is within Defendant's possession; however, Mutual suffered substantial harm through the diversion of the 46 loans from Mutual to Waterstone.

15. It is worth noting that the 46 number reflects only the credit inquiries that were actually pulled at Mutual and duplicated at Defendant. There may be more

3

than 46 diverted loans because the Departed Employees, at Defendant's direction, may have stolen the confidential information from Mutual and taken it to close at Defendant without pulling a credit inquiry at Mutual.

16. For all of the active branches that have been with Mutual for over twelve (12) months, the average time period that those branches have been with Mutual is approximately 51 months. Further, approximately 80% of the branches that have started with Mutual have remained with Mutual, to date.

17. These figures can be ascertained from publicly-available data on the Nationwide Mortgage Licensing System-Consumer Access, available at https://mortgage.nationwidelicensingsystem.org/about/Pages/NMLSConsumerAccess.aspx.

_____

SWORN TO AND SUBSCRIBED before me this 20th day of October, 2023.

My Commission Expires:

OFFICIAL SEAL
BRENDA WERNER
NOTARY PUBLIC, STATE OF ILLINOIS
KANE COUNTY
MY COMMISSION EXPIRES 04/10/2027

_____
NOTARY PUBLIC

(Print, Type or Stamp Commissioned Name of Notary Public)

Personally Known OR Produced Identification
Type of Identification Produced:

5

# **EXHIBIT 1**

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC.<br><br>　　　　Plaintiff,<br><br>v.<br><br>WATERSTONE MORTGAGE CORPORATION,<br><br>　　　　Defendant. | CASE NO. 8:22-cv-01660-TPB-JSS |

## WATERSTONE MORTGAGE CORPORATION'S RESPONSES TO MUTUAL OF OMAHA MORTGAGE, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION

TO:　Mutual of Omaha Mortgage, Inc.
　　　c/o John A. Schifino, Esq.
　　　Gunster, Yoakley & Stewart, P.A.
　　　401 East Jackson Street, Suite 1500
　　　Tampa, Florida 33602

　　　Ari Karen, Esq.
　　　Christopher L. McCall, Esq.
　　　Courtney E. Walter, Esq.
　　　1120 20th Street, NW, Suite 725
　　　Washington, DC 20036

　　Defendant Waterstone Mortgage Corporation ("Waterstone") submits the following Responses to Plaintiff Mutual of Omaha Mortgage, Inc.'s ("Mutual") Third Set of Requests for Production.

## REQUESTS

1. All reports showing the credit inquiries of Waterstone's Ormond Beach and Winter Park branches from the period of March 1, 2022 to April 26, 2022.

**RESPONSE:** Waterstone objects to this request to the extent it is duplicative of Request for Production No. 10 in Mutual's First Set of Requests for Production. Waterstone further objects to the production of "all reports," as there could be multiple means of running a responsive report. Subject to those objections and without waiving them, Waterstone will generate and produce a report responsive to this request.

2. All Documents showing the loans where a credit inquiry was initiated prior to a Departed Employee's commencement of employment, which was transferred to a Departed Employee after s/he commenced employment with Waterstone.

**RESPONSE:** Waterstone objects to this request to the extent it is duplicative of Request for Production No. 10 in Mutual's First Set of Requests for Production. Waterstone further objects to the production of "all Documents" responsive to the request, as there could be a wide variety of, and large volume of, technically responsive documents that are duplicative of information that can be disclosed through the generation of a report from Waterstone's systems. Subject to those objections and without waiving them, Waterstone will generate and produce reports responsive to this request.

3. All Documents showing the loans where a credit inquiry was initiated prior to a Departed Employee's commencement of employment, where a commission was

paid to a Departed Employee after s/he commenced employment with Waterstone.

**RESPONSE:** Waterstone objects to this request to the extent it is duplicative of Request for Production No. 10 in Mutual's First Set of Requests for Production. Waterstone further objects to the production of "all Documents" responsive to the request, as there could be a wide variety of, and large volume of, technically responsive documents that are duplicative of information that can be disclosed through the generation of a report from Waterstone's systems. Subject to those objections and without waiving them, Waterstone will generate and produce reports responsive to this request.

4. All reports showing the credit inquiries of Waterstone's Ormond Beach branch from April 26, 2022 to June 15, 2022.

**RESPONSE:** Waterstone objects to this request to the extent it is duplicative of Request for Production No. 10 in Mutual's First Set of Requests for Production. Waterstone further objects to the production of "all reports," as there could be multiple means of running a responsive report. Subject to those objections and without waiving them, Waterstone will generate and produce a report responsive to this request.

5. All reports showing the credit inquiries of Waterstone's Winter Park branch from June 15, 2022 to August 1, 2022.

**RESPONSE:** Waterstone objects to this request to the extent it is duplicative of Request for Production No. 10 in Mutual's First Set of Requests for Production. Waterstone further objects to the production of "all reports," as there could be

multiple means of running a responsive report. Subject to those objections and without waiving them, Waterstone will generate and produce a report responsive to this request.

    6.    All Documents reflecting the dates that background checks were ordered or initiated for each of the Departed Employees.

**RESPONSE:** Waterstone objects to this request to the extent individuals listed in Exhibit A to Mutual's Third Set of Requests for Production as "Departed Employees" were never hired by Waterstone. Waterstone further objects to the production of "all Documents" responsive to the request, as there could be a wide variety of, and large volume of, technically responsive documents that are duplicative of information that can be disclosed through the generation of a report from Waterstone's systems. Subject to that objection and without waiving it, Waterstone will generate and produce documents sufficient to show the dates background checks were ordered for each of the Departed Employees hired by Waterstone.

    7.    All Documents reflecting e-mails to/from the personal e-mail addresses of the Departed Employees between the period of March 25, 2022 through July 1, 2022.

**RESPONSE:** Waterstone objects to this request as vague and ambiguous as to the meaning of the phrase "all Documents reflecting emails." Waterstone also objects to this request to the extent it seeks documents outside of its possession, custody, or control, and solely in the possession of the Departed Employees. Waterstone further objects to this request as irrelevant and overly broad because it

seeks "all" documents reflecting e-mails to/from the personal e-mail addresses of the Departed Employees, including personal communications, without limitation as to the subject matter of the Complaint.

Subject to and without waiving those objections, Waterstone will produce responsive e-mails to/from the personal e-mail addresses of the Departed Employees in its possession.

Dated:  July 24, 2023.

Respectfully Submitted,

*s/Maria L. Kreiter*
Maria L, Kreiter (admitted *pro hac vice*)
GODFREY & KAHN, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 287-9466 (Telephone)
(414) 273-5198 (Facsimile)
mkreiter@gklaw.com

Scott A. McLaren (FBN: 414816)
Carolina Y. Blanco (FBN: 0098878)
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
carolina.blanco@hwhlaw.com
scott.mclaren@hwhlaw.com

*Attorneys for Defendant Waterstone Mortgage Corporation*

29546737.1