IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC.<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WATERSTONE MORTGAGE CORPORATION,<br><br>　　　　　Defendant. | CASE NO. 8:22-cv-01660-TPB-JSS |

**DEFENDANT WATERSTONE MORTGAGE CORPORATION'S
MOTION TO STRIKE MARK C. CARROLL
AND PLAINTIFF'S UNDISCLOSED CREDIT INQUIRIES**

**I.　INTRODUCTION**

Mutual cannot rely on its in-house counsel, Mark Carroll, on summary judgment or at trial because Mutual never disclosed Carroll as a witness. In fact, quite the opposite, Mutual's corporate representative refused to provide testimony about the alleged analysis Carroll had done, never produced a privilege log as to Carroll's correspondence and documents, despite the Court granting Waterstone's motion to compel on that point. As such, Waterstone rightfully believed Mutual would not rely on Carroll and never deposed him or conducted other discovery targeting the evidence Mutual claimed to be privileged. The case is now scheduled for a jury trial in February and Mutual's reliance on Carroll and unproduced documents is prohibited by the federal rules, inherently prejudicial to Waterstone, and should not be countenanced.

1

## II.   BACKGROUND FACTS

Mutual submitted its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on October 21, 2022. (*See* Ex. 1, Mutual's Initial Disclosures.) Via these disclosures, Mutual identified Chris Leyden as the sole Mutual employee likely to have discoverable information related to this case. (*Id.* at 4.) To date, Mutual has not supplemented its initial disclosures.

Waterstone submitted its first set of discovery requests to Mutual on October 4, 2022. (*See* Ex. 2, Waterstone's First Request for Production of Documents; *see also* Ex. 3, Waterstone's First Set of Interrogatories). The requests asked Mutual to identify all loans it contended were diverted to Waterstone or originated by Departing Employees while at Mutual, (*see* Ex. 3 at Interrogatory No. 3) and to produce all documents supporting those contentions. (*See, e.g.*, Ex. 2 at Requests for Production Nos. 23-25.) At no point during discovery did Mutual disclose Carroll as an individual with discoverable knowledge related to this case or that it claims 46 loans were diverted from Mutual to Waterstone based on the credit inquiries Carroll now cites. (*See* Dkt. No. 100-1.)

## III.   ARGUMENT

Parties are required to provide the name of "individual[s] likely to have discoverable information," and they must provide "the subjects of that information." Fed. R. Civ. P. 26(a)(1)(A)(i). Additionally, parties have a "continuing duty to supplement [their] disclosure upon learning that a previous disclosure was incomplete

or incorrect." *Rigby v. Philip Morris USA Inc.*, 717 F. App'x 834, 835 (11th Cir. 2017). In addition, courts routinely exclude witness affidavits at the summary judgment stage when the witness or the subject of their testimony was not disclosed.[1]

Here, Mutual never named Carroll nor produced the documents referenced in his affidavit. In fact, when Waterstone asked whether Mutual was claiming damages based on diverted loans, Mutual's Rule 30(b)(6) corporate representative, Jeff Genneralli, said he was not aware of particular loans or the number of loans that closed at Waterstone, and had made no effort to calculate or estimate those damages. (Ex. 4, Deposition Transcript of Jeff Gennarelli at 25:14-26:10; 59:14-60:1.) While Gennarelli speculated that Mutual's counsel was aware of the exact number of loans that were diverted, he said he could not provide that information until trial. (*Id.*) Mutual's second Rule 30(b)(6) corporate representative, Katherine Theobald, testified she could not reveal whether particular loans were diverted to Waterstone because the information was part of Carroll's efforts and was privileged. (*See* Ex. 5, Deposition Transcript of Katherine Theobald at 25:1-25; 57:4-10; 68:1-69:10; 87:23-88:12; 122:12-19; 127:22-128:7.)

---

[1] *Rigby*, 717 F. App'x at 835-36 (holding that it was proper to strike an affidavit in support of summary judgment where a description of the witness's discoverable information was not provided); *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005) (affirming the District Court's striking of affidavits submitted in opposition to summary judgment when the deadline for discovery had passed and affiants were not listed on the plaintiffs' initial disclosures and there was no attempt to supplement disclosures); *Lawver v. Hillcrest Hospice, Inc.*, 300 F. App'x 768, 770 (11th Cir. 2008) (holding that a magistrate judge did not abuse discretion in striking a plaintiff's witness where the plaintiff had failed to amend her disclosures to identify the witness), *Zuniga v. Jacobs*, No. 18-22303, 2020 WL 168106 (S.D. Fla. Jan. 13, 2020) (Williams, J.) (striking an affidavit submitted in opposition to summary judgment where the witness had been previously identified but his knowledge on a newly asserted defense was not identified).

Waterstone specifically requested that Mutual produce all documentation relied upon to calculate its damages (Ex. 2 at Request for Production 23), but Mutual never produced the documents referenced in Carroll's affidavit, nor ever claimed 46 loans were diverted. Even now, Mutual does not indicate which loans Carroll has in mind.

Nor has Mutual produced any emails involving Carroll or produced a privilege log. The continued failure to produce a privilege log is particularly jarring given the parties' December 20, 2022 meet and confer, at which they agreed to produce privilege logs by January 6, 2023. (*See* DE 43 at ¶¶ 9, 14.) In response to Waterstone's motion to compel (DE 42) the Court ordered Mutual to include in its amended discovery responses a statement indicating that no documents were withheld on the basis of privilege, as Mutual had represented was the case. (*See* DE 52 at ¶ 10.) Though Mutual did attest that no document was withheld on the basis of privilege (*see* Ex. 6, Mutual's Second Amended Responses to Waterstone's First Requests for Production, at ¶ 9), Theobald could not confirm whether Mutual made any effort to gather Carroll's emails in the first place. (Theobald Dep. Tr. (Ex. 5) 112:20-113:15.) Ultimately, no email referencing or including Carroll has ever been produced.

Mutual cannot have it both ways: either Carroll is in the case and subject to the full gambit of discovery, which will need to be reopened and all documents and responsive e-mails involving Carroll produced, with Mutual waiving any claim of privilege, or Mutual cannot call Carroll as a witness and rely upon the documents he cites but does not reveal.

Dated this 17th day of November, 2023.

        Respectfully Submitted,

        s/*Maria L. Kreiter*
        Maria L. Kreiter (*Admitted PHV*)
        mkreiter@gklaw.com
        Emma J. Jewell (*Admitted PHV*)
        ejewell@gklaw.com
        GODFREY KAHN S.C.
        833 East Michigan Street, Suite 1800
        Milwaukee, WI 53202
        (414) 287-9466 (Telephone)

        Scott McLaren (FBN: 414816)
        Scott.mclaren@hwhlaw.com
        Carolina Y. Blanco (FBN: 0098878)
        Carolina.blanco@hwhlaw.com
        HILL, WARD & HENDERSON, P.A.
        101 East Kennedy Blvd., Suite 3700
        Post Office Box 2231
        Tampa, Florida 33601
        (813) 221-3900 (Telephone)

        *Attorneys for Defendant Waterstone Mortgage Corporation*

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Waterstone certifies they have conferred in good faith with opposing counsel concerning the issues presented in this Motion. Specifically, Waterstone's counsel contacted Mutual's counsel by e-mail on November 15, 2023 and the parties' conducted a telephone conference on November 17, 2023. Mutual indicated it does not agree to the relief sought in this Motion.

Dated this 17th day of November, 2023.

        *s/Maria L. Kreiter*
        Maria L. Kreiter (*Admitted PHV*)
        mkreiter@gklaw.com
        Emma J. Jewell (*Admitted PHV*)
        ejewell@gklaw.com
        GODFREY KAHN S.C.
        833 East Michigan Street, Suite 1800
        Milwaukee, WI 53202
        (414) 287-9466 (Telephone)

        Scott A. McLaren (FBN: 414816)
        Carolina Y. Blanco (FBN: 0098878)
        HILL, WARD & HENDERSON, P.A.
        101 East Kennedy Blvd., Suite 3700
        Post Office Box 2231
        Tampa, Florida 33601
        (813) 221-3900 (Telephone)
        scott.mclaren@hwhlaw.com
        carolina.blanco@hwhlaw.com

        *Attorneys for Defendant Waterstone Mortgage Corporation*

30201738.4