IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC.<br><br>  Plaintiff,<br>v.<br><br>WATERSTONE MORTGAGE CORPORATION,<br><br>  Defendant. | CASE NO. 8:22-cv-01660-TPB-JSS |

**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MUTUAL OF OMAHA MORTGAGE, INC.**

TO:   Mutual of Omaha Mortgage, Inc.
      c/o John A. Schifino, Esq.
      Gunster, Yoakley & Stewart, P.A.
      401 East Jackson Street, Suite 1500
      Tampa, Florida 33602
      jschifino@gunster.com

      Christopher L. McCall, Esq.
      1120 20th Street, NW, Suite 725
      Washington, DC 20036
      cmccall@mitchellsandler.com

Defendant WaterStone Mortgage Corporation ("WaterStone") submits this First Set of Requests for Production to Plaintiff Mutual of Omaha Mortgage, Inc. ("Mutual of Omaha"). Pursuant to Fed. R. Civ. P. 34, all responsive documents are due within thirty (30) days to Maria L. Kreiter, Godfrey & Kahn, S.C., 833 East Michigan Street, Suite 1800, Milwaukee, WI 53202-5615, and Carolina Blanco, Hill Ward Henderson, 101 E. Kennedy Blvd., Suite 3700, Tampa, FL 33602.

**EXHIBIT 2**

## DEFINITIONS

1. <u>Correspondence.</u> "Correspondence" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). The term "correspondence" should be given the broadest possible interpretation consistent with English usage and the Federal Rules of Civil Procedure and should be taken to include, without limitation, emails, text messages, and instant messages.

2. <u>Departed Employee(s).</u> "Departed Employee(s)" refers to any former Mutual of Omaha employee who was employed at the Mutual of Omaha branches located in Tampa and Ormond Beach, Florida, and who resigned to work at WaterStone.

3. <u>Document</u>. "Document" and "documents" should be given the broadest possible interpretation consistent with English usage and the Federal Rules of Civil Procedure, and should be taken to include, without limitation, all letters, memoranda, statements and reports, records, emails, personal notes, project notes, notices, contracts and agreements, proposed drafts of contracts and agreements, statements, invoices, purchase orders, accounting records, computer printouts, financial records, ledger entries, computerized records (including information stored on a hard drive), generally all writings, graphs, charts, phonorecords, photographs and records of any kind and other data compilation from which information can be obtained, including drafts of any of the above.

4. <u>Identify</u>.

(i) With Respect to Persons. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(ii) With respect to Documents. When referring to a document, "to identify" means to give, to the extent known, the type of document, general subject matter, date of the document and author(s), addressee(s), and recipient(s).

5. <u>Mutual of Omaha</u>. "Mutual of Omaha" means Mutual of Omaha Mortgage, Inc., its subsidiaries, officers, directors, and/or other representatives.

6. <u>WaterStone</u>. "WaterStone" means WaterStone Mortgage Corporation, its subsidiaries, officers, directors, and/or other representatives.

7. <u>You and Your.</u> "You" or "your" means Plaintiff Mutual of Omaha Mortgage, Inc., its subsidiaries, officers, directors, and/or other representatives.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

<u>REQUEST FOR PRODUCTION NO. 1:</u>  Produce all documents that You referenced in responding to WaterStone's First Set of Interrogatories.

<u>REQUEST FOR PRODUCTION NO. 2:</u>  Produce any forensic image procured from any electronic device that was used by any of the Departed Employees during his or her employment with Mutual of Omaha.

REQUEST FOR PRODUCTION NO. 3: Produce any report or analysis of activity procured from any electronic device that was used by any of the Departed Employees during his or her employment with Mutual of Omaha.

REQUEST FOR PRODUCTION NO. 4: Produce all Correspondence cited in the Complaint involving the Departed Employees and/or WaterStone.

REQUEST FOR PRODUCTION NO. 5: Produce all documents and correspondence that reflect or discuss any of the Departed Employee's resignation from Mutual of Omaha, decision to join WaterStone, or transition from Mutual of Omaha to WaterStone.

REQUEST FOR PRODUCTION NO. 6: Produce all contracts between Mutual of Omaha and each of the Departed Employees, including, but not limited to, any contract containing restrictive covenants.

REQUEST FOR PRODUCTION NO. 7: Produce all "policies and procedures of Mutual Mortgage," all "Company policies, procedures, and requirements," and all "applicable duties and requirements of the Company" that You rely upon in this case, as alleged in Complaint ¶¶ 20-21.

REQUEST FOR PRODUCTION NO. 8: Produce the personnel file for each of the Departed Employees.

REQUEST FOR PRODUCTION NO. 9: Produce all compensation agreements and commission plans applicable to each of the Departed Employees at the time of his or her resignation, including, but not limited to, the "Loan Originator

Compensation Addendum" referenced in certain of the Departed Employee's employment agreements.

REQUEST FOR PRODUCTION NO. 10: Produce all Correspondence between You and any of Departed Employee following their resignation from Mutual of Omaha.

REQUEST FOR PRODUCTION NO. 11: Produce a listing of all loan products offered by Mutual of Omaha from January 1, 2022 through August 1, 2022 that would have been available to clients originated by the Departed Employees.

REQUEST FOR PRODUCTION NO. 12: Produce all documents and correspondence authored or circulated from August 1, 2020 to August 1, 2022 that reflect or discuss complaints lodged by the Departed Employees regarding Mutual of Omaha's scope of products or underwriting.

REQUEST FOR PRODUCTION NO. 13: Produce all documents and correspondence authored or circulated from August 1, 2020 to August 1, 2022 that reflect or discuss Mutual of Omaha declining a loan originated by any of the Departed Employees.

REQUEST FOR PRODUCTION NO. 14: Produce all documents and correspondence that support Your allegation in the Complaint that the Departed Employee(s) conferred with one another about joining WaterStone while employed at Mutual of Omaha.  (Complaint, ¶¶ 28-32.)

REQUEST FOR PRODUCTION NO. 15: Produce all documents and correspondence that support Your allegation in the Complaint that the Departed

Employee(s) sent "Confidential and Trade Secret Information" from their Mutual Mortgage email accounts to their personal emails and to WaterStone employees. (*Id.* ¶¶ 37-42.)

REQUEST FOR PRODUCTION NO. 16: Produce all documents and correspondence that support Your allegation that the Departed Employee(s) sent borrower and prospective borrower information to their personal email accounts. (*Id.* ¶¶ 49, 51, 58, 60, 64).

REQUEST FOR PRODUCTION NO. 17:  Produce all documents and correspondence that support Your allegations that the Departed Employees made misrepresentations to borrowers including, but not limited to, all documents and correspondence related to the allegations involving Lucas Van Dame and the borrower/loan referenced in ¶¶ 53-55.

REQUEST FOR PRODUCTION NO. 18:  Produce all documents and correspondence that support Your allegation in the Complaint that the Departed Employee(s) sent borrower and prospective borrower's information to "Mike Smalley" of WaterStone.  (*Id.* ¶¶ 48, 50).

REQUEST FOR PRODUCTION NO. 19: Produce all documents and correspondence that support Your allegation in the Complaint that the Departed Employee(s) discussed with one another plans to transfer loans to WaterStone.  (*Id.* ¶¶ 61, 62).

REQUEST FOR PRODUCTION NO. 20: Produce all documents and correspondence that support Your allegation in the Complaint that the Departed

Employee(s) communicated with one another post-resignation about borrower information.  (*Id.* ¶¶ 57, 59).

REQUEST FOR PRODUCTION NO. 21:  Produce all documents and correspondence that support Your allegation that WaterStone "regularly held video conferences with Mutual Mortgage employees on weekdays during business hours." (*Id.* ¶¶ 27, 33).

REQUEST FOR PRODUCTION NO. 22:  Produce all documents and correspondence that support Your allegation that Dwayne Hutto sent Confidential and Trade Secret Information to WaterStone.  (*Id.* ¶¶ 3, 37, 38.)

REQUEST FOR PRODUCTION NO. 23:  Produce all documents and correspondence that support, discuss, or reflect Your alleged damages.

REQUEST FOR PRODUCTION NO. 24:  Produce the loan file associated with any borrower/loan for which You seek damages.

REQUEST FOR PRODUCTION NO. 25:  Produce all correspondence with any borrower pursuing a loan for which You seek damages.

REQUEST FOR PRODUCTION NO. 26:  Produce all documents and correspondence that support Your allegation that Waterstone actively encouraged and assisted the Departed Employees in soliciting other Mutual Mortgage employees to terminate their employment with Mutual Mortgage and join Waterstone.  (See Compl. ¶ 27.)

REQUEST FOR PRODUCTION NO. 27:  Produce all documents and correspondence that support Your allegation that Waterstone encouraged and

facilitated Departed employees to make misrepresentations to consumers. (See Compl. ¶ 82.)

REQUEST FOR PRODUCTION NO. 28: For the time period of April 1, 2022 until the present, produce all documents and correspondence, including internal correspondence, that regard WaterStone, the Departed Employees, or the litigation.

REQUEST FOR PRODUCTION NO. 29: Produce all documents and correspondence, including internal correspondence, that announce the resignation of the Departed Employees or their decision to join WaterStone.

REQUEST FOR PRODUCTION NO. 30: Produce all documents and correspondence that Mutual of Omaha will rely upon in this case.

Dated: October 4, 2022.

_____
Maria Kreiter (admitted pro hac vice)
Annie Eiden (admitted pro hac vice)
GODFREY KAHN S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 287-9466 (Telephone)
mkreiter@gklaw.com
aeiden@gklaw.com

Scott A. McLaren (FBN: 414816)
Carolina Y. Blanco (FBN: 0098878)
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
carolina.blanco@hwhlaw.com
scott.mclaren@hwhlaw.com

*Attorneys for Defendant Waterstone Mortgage Corporation*

27987676.2