IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC.<br>　　　　Plaintiff,<br>v.<br>WATERSTONE MORTGAGE CORPORATION,<br>　　　　Defendant. | CASE NO. 8:22-cv-01660-TPB-JSS |

**DECLARATION OF MARIA L. KREITER**

I, Maria L. Kreiter, declare as follows:

1. I am counsel for Defendant Waterstone Mortgage Corporation.

2. Waterstone first produced documents showing loans that it closed within two months of the employees' transitioning to Waterstone in October 2022.

3. On June 5, 2023, nearly two months before the close of discovery, and without being asked by Mutual, Waterstone made an additional production of documents showing nearly an entire year of its loan closings, along with a report prepared by its damages expert, Steven Oscher, who analyzed the loans in Mutual's pipeline compared to loans closed at Waterstone.

4. It was important to understand the damages Mutual was claiming and so the first Interrogatory Waterstone served upon Mutual on October 4, 2022 asks: "Itemize Your damages, including the formula used to calculate those damages." Mutual responded by indicating the response could be ascertained from documents, but never indicated what documents it had in mind. After a multiple meet and confer

1

**EXHIBIT 1**

discussions and written correspondence, Mutual disclosed that it seeks $4,440,002.42 (the Genneralli demand) but did not articulate a money demand with respect to the alleged diverted loan damages. As such, on February 6, 2023, Waterstone moved to compel as to Interrogatory 1 (DE42 at 4-5). The Court granted Waterstone's motion and ordered Mutual to supplement its response to include information related to the calculation of lost revenue and profits. (DE52 ¶ 3.)

5. To date, Mutual never supplemented its discovery responses to articulate damages based on diverted loans.

6. While Mutual now claims that branches it retained for over 12 months have, on average, been affiliated with Mutual for approximately 51 months (DE 100 at 25), that data supports Waterstone's position because the Tampa and Ormond Beach branches had been with Mutual longer than the 51-month average when the employees resigned. Specifically, Smith (and his Tampa branch) joined BBMC, Mutual's predecessor in March of 2016, which is approximately 75 months before he resigned on June 15, 2022. See NMLS consumer access lookup, employment history as to Smith, available at: https://www.nmlsconsumeraccess.org (accessed November 17, 2023). Similarly, Hutto (and his Ormond Beach branch) was with Mutual and/or its predecessor for approximately 59 months when he resigned in April of 2022. *See id*.

**I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.**

Executed this 17th day of November, 2023.

                 */s/ Maria L. Kreiter*
                 Maria Kreiter

30257860.1