IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC.<br><br>              Plaintiff,<br>v.<br><br>WATERSTONE MORTGAGE CORPORATION,<br><br>              Defendant. | CASE NO. 8:22-cv-01660-TPB-JSS |

### DECLARATION OF JOHN UTSCH

I, John Utsch, declare and state as follows:

1.    I am one of the managers of the Tampa branch of Waterstone Mortgage Corporation ("Waterstone"). The other Tampa branch manager is my longtime friend, Chris Smith.

2.    Smith and I had been talking since around February of 2021 about jointly resigning and affiliating with a different mortgage company. For example, we explored FCB Bank. If we had not gone to Waterstone, which was interested in us joining as the discussions progressed, we would have gone somewhere else. Under no circumstances would we have stayed with Mutual.

3.    My frustrations with Mutual included its frequent failure to timely close loans; lack of FDIC accreditation; lack of key loan products, including down payment assistance loan products that are in demand; a focus on refinance loans rather than purchase loans; and failure of the two regional managers, Brian Tomalak and Kiley

1

**EXHIBIT 10**

King to meaningfully engage or assist us with branch operations or vetting concerns to Mutual's decision makers. My concerns are detailed more fully in the simultaneously filed Declaration of Smith, who shared my concerns, and I incorporate those details here without repeating them. See Smith Decl. ¶¶ 2-8.

4. I did not solicit Smith, nor did he solicit me. We both wanted to leave Mutual and had been teaming together with respect to management of the Tampa branch for years, including over the course of multiple different employers: Proficio Mortgage Ventures, LLC; then Reliant Bank; then BBMC Mortgage, LLC, and then finally Mutual. While Mutual never attempted to retain me, any such efforts would have been unavailing. Rather, I would have moved with Smith, as I have done for more than a decade.

5. I also consider Smith my closest friend. He is my confidant, we attend each other's family functions, we travel together for business and pleasure, including several trips together to Ireland, our wives are close friends, we share season tickets to sporting events, and we have an array of common interests. There is rarely a day that goes by that does not involve me talking with Smith on both a professional and personal level. For those additional reasons, there was no occasion for me and Smith to solicit one another about our collective move to Waterstone.

6. Nor did I divert loans to Waterstone while still employed by Mutual or direct any Mutual employee to do so. In a similar vein, Waterstone never directed me to divert loans to it while still working for Mutual.

7. Further, I did not share any information with Waterstone that I thought was confidential information or a trade secret belonging to Mutual.

**I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.**

Executed this 17th day of November 2023.

*/s/ John Utsch*
John Utsch

30201681.5

3