## Page 1

```
         IN THE UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
            CASE NO.: 8:22-cv-01660-TPB-JSS

MUTUAL OF OMAHA
MORTGAGE, INC.,

     Plaintiff,

vs.

WATERSTONE MORTGAGE
CORPORATION,

     Defendant.
_____/


DEPOSITION OF:   KATHERINE THEOBALD, CORPORATE
                 REPRESENTATIVE OF MUTUAL OF OMAHA,
                 INC.

TAKEN:           Pursuant to Notice by
                 Counsel for Defendant

DATE:            May 26, 2023

TIME:            9:02 a.m. to 2:23 p.m.

LOCATION:        Hill Ward Henderson
                 101 East Kennedy Boulevard
                 Suite 3700
                 Tampa, Florida  33602

REPORTED BY:     Melanie Keefe, FPR
                 Notary Public
                 State of Florida at Large


        REGENCY REPORTING SERVICE, INC. (813)224-0224
```

## Page 2

```
APPEARANCES:    COURTNEY WALTER, ESQUIRE
                CHRIS McCALL, ESQUIRE (Zoom)
                Mitchell Sandler LLC
                1120 20th Street Northwest
                Suite 725
                Washington, DC  20036

                MARK CARROLL, ESQUIRE
                Mutual of Omaha Mortgage, Inc.
                100 West 22nd Street
                Suite 101
                Lombard, Illinois  60148

                    Attorneys for the Plaintiff

                MARIA L. KREITER, ESQUIRE
                Godfrey & Kahn, S.C.
                833 East Michigan Street
                Suite 1800
                Milwaukee, Wisconsin  53202

                CAROLINA Y. BLANCO, ESQUIRE (Zoom)
                Hill Ward Henderson
                101 East Kennedy Boulevard
                Suite 3700
                Tampa, Florida  33602

                STEPHANIE CATHERINE ZIEBELL, ESQUIRE (Zoom)
                Waterstone Mortgage Corporation
                N25W23255 Paul Road
                  Pewaukee, Wisconsin  53072

                    Attorneys for the Defendant


         REGENCY REPORTING SERVICE, INC. (813)224-0224
```

## Page 3

```
INDEX                              PAGE NUMBER

Examination by Ms. Kreiter              5

Read Letter                            144

Errata Sheet                           145

Reporter's Certificate                 146








         REGENCY REPORTING SERVICE, INC. (813)224-0224
```

## Page 4

```
(Exhibit numbers continued from the previous deposition.)

                    E X H I B I T S

Exhibit   Description                         Page
  18      First Amended Complaint, Demand for  20
          Jury Trial
  19      5/2/23 Letter, Subject: Second Meet  129
          and Confer







         REGENCY REPORTING SERVICE, INC. (813)224-0224
```

**EXHIBIT 22**

**57**

1  had any business dealings whatsoever with Waterstone?
2      MS. WALTER: Object to the form.
3      A. I don't have that information.
4      Q. With respect to any of the borrower information
5  that is cited in the complaint, does Mutual know either way
6  whether those borrowers closed loans with Waterstone?
7      MS. WALTER: Object to the form.
8      A. That was a part of Mark's discovery that I can't
9  speak to the specifics of individual loan follow-through at
10 Waterstone.
11     Q. Do you know, is Mutual seeking damages based on
12 the loans associated with the borrowers and the examples of
13 transmittal of confidential information that are cited in
14 the complaint?
15     A. Damages was not a part of the deposition that I
16 prepared for. My understanding is that was with Jeff.
17     MS. KREITER: If I could just have a five-minute
18 break.
19     MS. WALTER: Yeah.
20     (A recess was taken.)
21     Q. (By Ms. Kreiter) Ms. Theobald, with respect to
22 the nonsolicitation of employees provision, is it the three
23 managers, Mr. Hutto, Mr. Wolf, and Mr. Smith, who Mutual
24 contends breached their agreements?
25     MS. WALTER: Object to the form.

REGENCY REPORTING SERVICE, INC. (813)224-0224

**58**

1      A. So I can provide also the examples that I shared
2  earlier of after Krystin Friebis departed had been in
3  contact with active Mutual of Omaha Mortgage employees and
4  then, you know, Dwayne in active communication with Fred
5  Stalls. I don't -- you know, it's part of Mark's
6  determination ultimately of who specifically, you know, we
7  are indicating broke their nonsolicit, but I do have those
8  examples, you know, as well as Dwayne sharing employment
9  information with Waterstone and -- another one.
10     MS. KREITER: For the record, the witness was
11     interrupted by a fire alarm test notice. I don't think
12     we have to exit the building.
13     Q. Go ahead and continue your answer. I can have
14 the reporter read it back if that helps you.
15     A. So again, instances where it appears that there
16 was a breakaway from the nonsolicit were those two examples
17 of Krystin reaching out, of Dwayne being in contact with
18 active employees.
19     There's also some -- there was an e-mail with
20 Nicole Hutto as well, not in the act -- direct act of
21 recruitment but in communication with a Waterstone VP of
22 underwriting, Melissa Ferenc, who as early as early April
23 had been having communication about a trip, talking about an
24 itinerary of about an eight- -- you know, seven- or
25 eight-day trip to Costa Rica that seemed pretty evident that

REGENCY REPORTING SERVICE, INC. (813)224-0224

**59**

1  Waterstone was sponsoring for Nicole, not directly in the
2  e-mail, but there's some, you know, likeliness that that
3  trip would have also expanded to Dwayne Hutto through their
4  -- him and Nicole's relationship.
5      And so there's also some thought behind that, you
6  know, trip set up from Waterstone being kind of an abnormal
7  incentive for potentially recruiting and onboarding Dwayne
8  and Nicole, which neither of them being producers in -- and
9  also with Dwayne's sending of employment data prior to that
10 to Waterstone, that there is some thought that there was
11 some recruitment efforts or interest or potential that more
12 than just those two employees would be onboarding.
13     But as far as a specific list outside of those
14 examples that I just gave of who we are, you know, listing
15 as breaking their nonsolicit, you know, I just have to go
16 off the examples I have seen and have access to.
17     Q. So separate in your mind recruiting efforts by
18 Waterstone; Waterstone doesn't have any agreement with
19 Mutual not to solicit. It's free to solicit whoever it
20 pleases as a matter of fair competition.
21     Put Waterstone's solicitation efforts to the
22 side. I want to get a comprehensive, an exhaustive list of
23 which of the employees who have contractual nonsolicit
24 obligations allegedly, which of those employees does Mutual
25 contend breached their employee nonsolicit? I heard you say

REGENCY REPORTING SERVICE, INC. (813)224-0224

**60**

1  Krystin Friebis, Nicole Hutto, Dwayne Hutto, Chris Smith,
2  and Chris Wolf; is that accurate?
3      MS. WALTER: Object to the extent she's not going
4      to sit here and list all 60 employees that are
5      referenced in the amended complaint. That's -- it's
6      unreasonable, and she's -- should not be and cannot be
7      expected to know all of their names.
8      Q. Does Mutual contend that all 60 of the employees
9  breached their nonsolicitation of employee duty?
10     A. I would want to rely on my legal counsel to
11 confirm if all of these employees are falling under the
12 realm of breaking their agreement. All of -- again, I've
13 given the examples that I can share.
14     Q. Sure. But you're here on behalf of Mutual today.
15     A. I am.
16     Q. Are you prepared to testify which of the
17 allegedly 60 employees that came over breached their
18 nonsolicitation provisions?
19     A. I'm unable to name every individual that
20 potentially broke their solicitation.
21     Q. I need an exhaustive list of the ones you are
22 able to name. Are there any besides Krystin Friebis, Nicole
23 Hutto, Dwayne Hutto, Chris Smith, and Chris Wolf?
24     MS. WALTER: Object to form.
25     A. So I'm thinking. Not any other names that I feel

REGENCY REPORTING SERVICE, INC. (813)224-0224