# **EXHIBIT E**

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC.<br><br>Plaintiff,<br><br>v.<br><br>WATERSTONE MORTGAGE CORPORATION,<br><br>Defendant. | CASE NO. 8:22-cv-01660-TPB-JSS |

**DEFENDANT WATERSTONE MORTGAGE**
**CORPORATION'S INITIAL DISCLOSURES**

Defendant Waterstone Mortgage Corporation ("Waterstone") provides the

following initial disclosures to Plaintiff Mutual of Omaha Mortgage, Inc. ("Mutual

of Omaha") pursuant to Federal Rule of Civil Procedure 26(a)(1).

*(i) The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:*

1. **Mutual of Omaha Mortgage, Inc. ("Mutual of Omaha"),** c/o Plaintiff's counsel of record: Employees of Mutual of Omaha, including but not limited to, (i) Brian Tomalak, Senior Vice President of Sales; (ii) Kiley King, Senior Vice President of Sales; (iii) Jeff Gennarelli, President Forward Mortgage at Mutual of Omaha; (iv) Christine Leyden, Chief Operating Officer Forward Operations at Mutual of Omaha; and (v) Matthew Nyman, Senior Vice President, Capital Markets; are likely to have discoverable information regarding the employment and compensation agreements between Mutual of Omaha and the "Departed Employees," as defined in the Complaint, including any commission agreement; the enforceability of Mutual of Omaha's restrictive covenants; Mutual of Omaha's underwriting processes and loan products, including complaints lodged by the Departed Employees as to both; Mutual of Omaha's recruiting and onboarding processes, including, but not limited to, the processes used when the Departed Employees joined Mutual of Omaha; Mutual of Omaha's alleged confidential and trade secret

information, including facts relevant to whether the information satisfies the definition of a trade secret or is otherwise confidential; Mutual of Omaha's alleged damages; the Departed Employees' efforts to ensure Mutual of Omaha closed loans in its pipeline in an orderly fashion; Mutual of Omaha's failure to pay commissions due to the Departed Employees; Mutual of Omaha's continued requests for assistance in closing loans even after filing suit against Waterstone and refusing to pay commissions; Mutual of Omaha records produced in discovery; and all matters raised in the Complaint.

2. **Waterstone Mortgage Corporation,** c/o Waterstone's counsel of record: Waterstone employees, including, but not limited to the following: David Holbrook, Dustin Owen, and Michael Smalley, are likely to have discoverable information regarding Waterstone's lack of knowledge as to the alleged wrongdoing of the Departed Employees cited in the Complaint, Waterstone's response to the cease-and-desist letters received from Mutual of Omaha following the resignation of the Departed Employees from the Ormond Beach branch; industry practice when transitioning loan officers; and Waterstone's recruiting and onboarding efforts with respect to the Departed Employees.

    a. **Chris Smith, Branch Manager:** In addition to the topics above, Mr. Smith is likely to have particular information regarding the branch at issue located in Tampa.

    b. **Dwayne Hutto, Branch Manager:** In addition to the topics above, Mr. Hutto is likely to have particular information regarding the branch at issue located in Ormond Beach.

    c. **Chris Wolf, Branch Manager:** In addition to the topics above, Mr. Wolf is likely to have particular information regarding the branch at issue located in Ormond Beach.

    d. **The Departed Employees:** In addition to the topics above, the Departed Employees are likely to have particular knowledge regarding their employment and compensation agreements with Mutual of Omaha, including any commission agreement; facts relevant to the enforceability of Mutual of Omaha's restrictive covenants; Mutual of Omaha's underwriting processes and loan products, including complaints lodged as to both; Mutual of Omaha's recruiting and onboarding processes, including, but not limited to, the processes used when the Departed Employees joined Mutual of Omaha; Mutual of Omaha's alleged confidential and trade secret information, including facts relevant to whether the information satisfies the definition of a trade secret or is otherwise confidential; Mutual of Omaha's alleged damages; the Departed Employees' efforts to ensure Mutual of Omaha

closed loans in its pipeline in an orderly fashion; Mutual of Omaha's failure to pay commissions due to the Departed Employees; Mutual of Omaha's continued requests to the Departed Employees for assistance in closing loans even after filing suit against Waterstone and refusing to pay commissions; and all matters raised in the Complaint.

3. **Real Estate agents**. Real estate agents who work with the Departed Employees and represented borrowers in connection with loans upon which Mutual of Omaha may attempt to allege damages (which are not yet disclosed) are likely to have knowledge of their long-term professional relationship with the Departed Employees, loyalty to the Departed Employees, and the reasons for the borrower's decision to close the loans at issue with Waterstone.

4. **Borrowers**. Borrowers with loans upon which Mutual of Omaha may attempt to allege damages (Mutual has yet to disclose such borrowers) are likely to have knowledge of the reasons for the borrower's decision to close the loans at issue with Waterstone.

5. Any fact witness disclosed by Mutual of Omaha in its initial disclosures or discovery responses.

6. Any expert witness.

7. Record custodians necessary to establish the admissibility of exhibits.

8. Rebuttal witnesses.

*(ii) A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:*

1. The April 29, 2022 cease-and-desist letters received from Mutual of Omaha.

2. The correspondence exchanged with in-counsel for Mutual of Omaha following the cease-and-desist letters.

3. The certifications provided to Mutual of Omaha by Waterstone on June 3, 2022.

4. Documents and communications exchanged between Waterstone and the Departed Employees regarding their transition from Mutual of Omaha to Waterstone.

5. Documents and communications exchanged regarding loans closed at Waterstone upon which Mutual of Omaha will attempt to allege damages (Mutual has yet to disclose such loans).

*(iii) A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:*

Waterstone is not seeking monetary damages.

*(iv) For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:*

None.

Dated:  October 21, 2022.

Maria Kreiter (admitted pro hac vice)
Annie Eiden (admitted pro hac vice)
GODFREY KAHN S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 287-9466 (Telephone)
mkreiter@gklaw.com
aeiden@gklaw.com

Scott A. McLaren (FBN: 414816)
Carolina Y. Blanco (FBN: 0098878)
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
carolina.blanco@hwhlaw.com
scott.mclaren@hwhlaw.com

*Attorneys for Defendant Waterstone Mortgage Corporation*

28028127.3

4