# **EXHIBIT J**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., | ) <br> ) Civil Action No. 22-CV-01660 <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) **PLAINTIFF MUTUAL OF OMAHA** <br> ) **MORTGAGE, INC.'S THIRD SET OF** <br> ) **REQUESTS FOR PRODUCTION TO** |
| WATERSTONE MORTGAGE CORPORATION, | ) **DEFENDANT WATERSTONE** <br> ) **MORTGAGE CORPORATION** <br> ) |
| Defendant. | ) |

Pursuant to Federal Rules of Civil Procedure 26 and 34, plaintiff Mutual of Omaha Mortgage, Inc. ("Plaintiff" or "Mutual Mortgage"), by and through its undersigned counsel, hereby requests that defendant WaterStone Mortgage Corporation's ("Defendant" or "WaterStone") produce the documents requested below within thirty (30) days of service of these requests.

## DEFINITIONS

1. "Attachment" or "Attachments" means files or data that are physically or logically associated with or embedded into email and should be identified by mapping to their parent by the Document or Production number. If attachments and embedded files are combined with their parent documents, then "BeginAttach" and

"EndAttach" fields listing the unique beginning and end number for each attachment or embedded document must be included.

2. "Communication" or "Communications" means or refers to any written, verbal, or other transmission of information, facts, ideas, or opinion including, but not limited to, any utterance, notation, question, command, interjection, expression, gesture, discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, memorandum, e-mail message, instant messages, SMS text message, telegram, advertisement or other form of exchange of words, whether oral or written. The definition includes all written and unwritten but recorded communications, including non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, including memos, letters analog or digital recordings, voicemail, email, computer files, computer disks, or other correspondence or things sent or received by you to or from any entity.

3. "Complaint" means the Amended Complaint filed in this action.

4. "Date" means the exact year, month and date, if known, or, if not known, your best approximation thereof.

5. "Defendant" means defendant WaterStone Mortgage Corporation and any and all of its past and present officers, directors, employees, agents,

representatives, and any other persons acting on its behalf and its affiliates, subsidiaries, parents, assigns, predecessors- and successors-in-interest.

6. "Departed Employees" means the former employees of Plaintiff who are identified on Exhibit A hereto.

7. "Document" or "Documents" are used herein in their broadest sense. These words mean and include all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices, within your possession, custody, or control. Without limiting the foregoing, the terms "Document" and "Documents" shall include all agreements, contracts, communications, correspondence, facsimile, letters, opinion letters, telegrams, telefaxes, messages, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations or interviews, minutes, summaries, other records of meetings and conferences, statements obtained from witnesses, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, forecasts, progress reports, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, charts, tables, accounts, analytical records, consultants' and experts' reports, appraisals, bulletins, notes, notices, marginal notations, notebooks, telephone records, bills, statements, records of obligation and

3

expenditure, invoices, lists, journals, printouts, compilations, tabulations, analyses, studies, surveys, expense reports, microfilm, microfiche, tape or disc recordings, sound recordings, video recordings, film, tape, photographs, programs, electronic mail ("e-mail") and data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made. The words "Document" and "Documents" also include all copies of Documents by whatever means made, except that where a Document is produced, identical copies of it that do not contain any markings, additions, or deletions that are different from the original do not have to be separately produced.

8. "Duplicates" means exact duplicate ESI documents (based on MD5 or SHA-1 hash values) resident within a party's data set. Only documents where the main document and the attachments are exactly the same will be considered exact duplicates. ESI with differing file names but identical hash values shall not be considered duplicates. Exact duplicate shall mean bit-for-bit identicality with both document content and any associated metadata. Where any such documents have attachments, hash values must be identical for both the document-plus-attachment

(including associated metadata) as well as for any attachment (including associated metadata) standing alone.

9. "Electronically Stored Information" or "ESI" as used herein, means and refers to computer generated information or data, of any kind, stored on computers, file servers, disks, tape or other devices or media, or otherwise evidenced by recording on some storage media, whether real, virtual, or cloud based.

10. "Media" means an object or device, real or virtual, including but not limited to a disc, tape, computer or other device, on which data is or was stored.

11. "Metadata" means and refers to data about data, including without limitation, information embedded in a native file or other data that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file and which describes the characteristics, origins, usage and validity of the electronic file as well as information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system. "METADATA" includes file, application and system metadata. The following list identifies a non-exhaustive list of metadata fields:

    a. Document number or Production number (including the document start and document end numbers). This should use the standard Bates number in accordance with those used in previous productions.
    b. BeginAttach

5

    c. EndAttach

    d. Title/Subject

    e. Sent/Date and Time (for emails only)

    f. Last Modified Date and Time Created Date and Time (for E-docs)

    g. Received Date and Time (for emails only)

    h. Author

    i. Recipients

    j. cc:

    k. bcc:

    l. Source (custodian)

    m. Hash Value

    n. File Path

    o. Media (type of media that the document was stored on when it was collected)

    p. Page Count

    q. Original File Name

    r. Doc extension

    s. Full Text

    t. Accessed Date & Time

    u. Last Print Date

12. "Person" or "Persons" means or refers to any natural person, corporation, partnership, association, organization, joint venture, or other entity of any type or nature, including its directors, officers, employees, subsidiaries, affiliates, related entities, and agents.

13. "Plaintiff" means plaintiff Mutual of Omaha Mortgage, Inc. and any and all of its past and present officers, directors, employees, agents, representatives,

and any other persons acting on its behalf and its affiliates, subsidiaries, parents, assigns, predecessors- and successors-in-interest.

14. "Regarding," "Relate To," "Related To," "Relating To," Reflecting," and "Concerning" mean discussing, mentioning, addressing, referring to, analyzing, comprising, underlying, memorializing, describing, or showing the subject indicated.

15. "Relevant Time Period" means or refers to the time period between January 1, 2022 and the present.

16. "You," "Your," and "Defendant" means defendant WaterStone Mortgage Corporation and any and all of its past and present officers, directors, employees, agents, representatives, and any other persons acting on its behalf and its affiliates, subsidiaries, parents, assigns, predecessors- and successors-in-interest.

## INSTRUCTIONS

1. The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside its scope.

2. The terms "any" and "all" shall be construed to include "each" and "each and every" and vice versa so as to acquire the broadest meaning possible.

7

3. The terms "include" and "including" shall be construed to mean including, but not limited to.

4. The use of the singular form of any word includes the plural and vice versa.

5. If any of the requests herein are objected to, whether in whole or in part, on the grounds that the information sought is privileged, You are requested to produce those portions of such Documents and/or information as to which no privilege is claimed. With respect to each Document, portion of Document, or item of information for which a privilege is claimed:

    a. Identify the privileged Document or information;

    b. State the date, addressee or recipient(s) and author or initiator of such Documents or information; and

    c. State specifically the exact privilege claimed, together with such facts as will enable the court to determine the merit of the claim of privilege.

6. If any Document requested to be produced was in Your possession, but is no longer in Your possession or control or is no longer in existence, state whether it is:

    a. Missing or lost;

    b. Destroyed;

8

    c. Transferred voluntarily or involuntarily to others; and, if so, to whom; and

    d. Otherwise disposed of; and in each instance, explain the circumstances surrounding the authorization for such disposition thereof, and state the approximate date thereof.

7. The requests which follow are to be considered continuing, and You are requested to provide, by way of supplementary responses thereto, such additional Documents and information as You or any Persons acting on Your behalf may hereafter obtain which will supplement, augment, clarify or otherwise modify the answers given to these requests within the time limit proscribed by Rule 34 of the Federal Rules of Civil Procedure, and on a continuing basis throughout this action.

## **REQUESTS**

1. All reports showing the credit inquiries of Waterstone's Ormond Beach and Winter Park branches from the period of March 1, 2022 to April 26, 2022.

2. All Documents showing the loans where a credit inquiry was initiated prior to the commencement of employment of a Departed Employee were transferred to a Departed Employee after s/he commenced employment with Waterstone.

3. All Documents showing the loans where a credit inquiry was initiated prior to the employment of a Departed Employee, where commission was paid to a Departed Employee after they commenced employment with Waterstone.

4. All reports showing the credit inquiries of Waterstone's Ormond Beach branch from April 26, 2022 to June 15, 2022.

5. All reports showing the credit inquiries of Waterstone's Winter Park branch from June 15, 2022 to August 1, 2022.

6. All Documents reflecting the dates that background checks were ordered or initiated for each of the Departed Employees.

7. All Documents reflecting e-mails to/from the personal e-mail addresses of the Departed Employees between the period of March 25, 2022 through July 1, 2022.

10

Dated: Washington, D.C.
June 26, 2023

        MITCHELL SANDLER LLC

        By: */s/ Courtney E. Walter*_____

        Ari Karen (admitted *pro hac vice*)
        Christopher L. McCall (admitted *pro hac vice*)
        Courtney E. Walter
        1120 20th Street N.W., Suite 725
        Washington, D.C. 20036
        Email: cmccall@mitchellsandler.com
        Email: cwalter@mitchellsandler.com
        Telephone: (202) 886-5292


        GUNSTER, YOAKLEY & STEWART, P.A.
        John A. Schifino
        Florida Bar No. 0072321
        401 East Jackson Street, Suite 1500
        Tampa, Florida 33602
        Primary email: jschifino@gunster.com
        Secondary email: eservice@gunster.com
        Telephone: (813) 739-6962


        *Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*

# **EXHIBIT A**

Khalaf, Wadie
Walsh, Tyler
De Palma, Justin
Roden, Rebecca S
Bertolotti, Anthony W
Landgraff, Matthew R
Dahlin, Nathan
Ebelini, Jordan
Mueller, Eric A
Thornton, Timothy
Edwards, Nikki A
Brown, Hannah
Stalls, Frederick D
Van Dame, Lucas
Tully, Kiera
Nandwani, Kali
Bowe, Robert E
Smith, Julia L
Lamb, Kenton C
Negrich, Brittanie A
Nedelcheva, Neli S
Smith, Lauren
Utsch, John
Smith, Christopher C
Manley, Cynthia
Becerra, Karla J
Orlando, Lindsay M
Johnson, James
Altieri, Joseph
Santos, Manuel
Ross, Nija
Graves, Donzella
Nguyen, John

Irish, Michael
Holley, Cameron
Walker, Dawson

Zeeman, Daniel
Waterman, Zekiel L
Hutto, Melvin D
Hutto, Nicole
Gurley, Michael
Fleurio, Beatrice
Knight, John Thomas
Henry Jr, William G
Staudt, Sunshine
Friebis, Kyrstin
Johnson, Kristie
Hutchcraft, Lorri
Williams, Robin
Simmons, Susan J
Ali, Lisa M
Jacobs, Diana
Viscomi, Sandra
Giraldo, Tatiana
Wolf, Christopher
De Sevilla, Maria
Lowe, Jake

Michael Lynch
Brian Karwoski
Hector Hernandez
Ana Fermin
Ajradin Shajnoski
Javier Ferrer
Ingrid Ruiz
Juan Castello
Ryen Pezzolla
Michael Stefans
Andrew Basso
Gabriella Japaz
Franny Tavarez
Ricardo Medrano
Merita Karwoski
Patrick Japaz

13