## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., | ) |
| | ) Civil Action No. 22-CV-01660 |
| | ) |
| Plaintiff, | ) **PLAINTIFF MUTUAL OF OMAHA** |
| | ) **MORTGAGE, INC.'S SUPPLEMENTAL** |
| v. | ) **BRIEF IN SUPPORT OF ITS MOTION** |
| | ) **FOR SUMMARY JUDGMENT ON LOST** |
| WATERSTONE MORTGAGE | ) **PROFIT DAMAGES** |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

Pursuant to the Court's Order at the December 13, 2023 Case Management Conference, Plaintiff Mutual of Omaha Mortgage, Inc. ("Plaintiff" or "Mutual") hereby submits this Supplemental Brief in Support of its Motion for Summary Judgment on Lost Profit Damages. In support thereof, Mutual states as follows:

### INTRODUCTION

The only pending dispositive motion before the Court is Mutual's Motion for Summary Judgment on Lost Profit Damages ("Motion"). In there, Mutual seeks summary judgment as to Mutual's entitlement to lost profit damages. Mutual further submits the determination of the exact amount of the damages award is a question for the jury. D.E. 100. Defendant does not have a dispositive motion nor motions in limine pending before the Court. Despite this, in opposing Mutual's Motion, Defendant requests that the Court exclude and/or limit the amount of damages that

1

Mutual may seek without providing any *legal* support whatsoever for imposing this limitation at the summary judgment stage.  D.E. 104 at 7-13.

At the December 13, 2023 Case Management Conference, the Court properly acknowledged that a "fundamental *legal* issue in the case" at this stage is whether the Court may—as a matter of law—restrict a plaintiff's amount of lost profit damages at summary judgment, or whether this determination is a question for the jury.  Dec. 13, 2023 Hearing Tr. at 21-23 (emphasis added).  The Court offered the Parties the opportunity to submit a supplemental brief as to the issues raised in Mutual's Motion.  In particular, the Court requested that the Parties look for cases across the country[1] in a "noncompete-type scenario where it's a two-year limit or one-year limit or five-year limit" and identify whether that "cut[s] off damages as a matter of law or not[.]"  *Id.* at 3:9-12.

As a threshold matter, it is Defendant, not Mutual, that is requesting the Court do exactly this at the summary judgment stage despite not filing its own dispositive

---

[1]    While Mutual understands the Court's rationale in requesting the Parties submit case law outside of Florida, state laws differ in their definitions and applications of the "reasonable certainty" standard.  *Compare, W.W. Gay Mech. Contractor, Inc. v. Wharfside Two Ltd.*, 545 So. 2d 1348, 1350-51 (Fla. 1989) (to recover lost profits, a plaintiff must prove that "(1) the defendant's action caused the damage, and (2) there is some standard by which the amount of damages may be adequately determined") *with Bobb Forest Prod., Inc. v. Morbark Indus., Inc.*, 151 Ohio App. 3d 63, 88 (Ohio App. Ct. 2002) (in lost-profits analysis, a "fact is 'reasonably certain' if it is probable or more likely than not") *and Pietrzak v. Eggen*, 295 N.W.2d 504, 507 (Minn. 1980) ("[T]he plaintiff must prove the reasonable certainty of future damages by a fair preponderance of the evidence.") *and Tex. Instruments, Inc. v. Teletron Energy Mgm't, Inc.*, 877 S.W.2d 276, 279 (Tex. 1994) ("Profits are not required to be exactly calculated; it is sufficient that there be data from which they may be ascertained with a reasonable degree of certainty and exactness.").

2

motion.  It therefore follows that it is Defendant's burden to convince the Court that this is a legally proper vehicle for the Court to utilize.[2]

In its Opposition, Defendant essentially asks that this Court act as the finder of fact—on summary judgment—and determine whether a temporal limitation, whether that be a one-, three-, five-, or ten-year limitation (or otherwise), is legally appropriate.  There is no legal standard for this Court to apply to answer that question because answering the question on summary judgment requires the Court to weigh the evidence, directly invading the province of the jury.  *See Seubert v. FFE Transp. Servs., Inc.*, Case No. 4:11CV01651 AGF, 2013 WL 827547, at *2 (E.D. Miss. Mar. 6, 2013) (in refusing to reconsider its denial of summary judgment on lost profit damages, "[t]hat evidence may be slim and ultimately determined to lack a sufficient foundation but in order to grant summary judgment for Defendants at this juncture the Court would be required to invade the province of the jury and weigh the parties' evidence.  That is not the Court's proper function on a motion for summary judgment[.]").

To be clear, if a jury were to conclude that Mutual's three departed branches would have remained at Mutual for ten (10) years but for Defendant's wrongdoing, then Mutual should be awarded those lost profits assuming there is a "reasonable

---

[2]    Mutual respectfully requests the opportunity to consider case law offered by Defendant in its Supplemental Brief and provide a response.

basis" in the evidence for the amount awarded.[3]  *See Conner v. Atlas Aircraft Corp.*, 310 So. 2d 352, 354 (Fla. 3d DCA 1975) ("Inability to give the exact precise amount of damages does not preclude recovery so long as there is a reasonable basis in the evidence for the amount awarded.").  On the other hand, if a jury concludes that the Mutual branches would have remained at Mutual for only one year because the evidence did not support a longer time period, as Defendant argues, then so be it. Likewise, a jury could conclude that a reasonable time period is eighteen months, three years, or otherwise.  But the point is—this is a question for the finder of fact after having the opportunity to consider the evidence presented before it.

Finally, should the jury return a verdict for a certain amount based on a certain length of time, and Defendant disagrees that the evidence supports the verdict, then there are other ways Defendant may deal with that, including a motion for remittitur, following a jury trial.  *See Moses v. K-Mart Corp.*, 905 F. Supp. 1054, 1057 (S.D. Fla. 1995) (noting that "the standard for remittitur is . . . 'is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence.'").  Summary judgment, however, is not the appropriate vehicle by which this critical issue should be determined.

---

[3]     At the Case Management Conference, the Court emphasized that he was focused on the "legal issue" before him, not a "proof issue" as Defendant's counsel insisted on arguing.  Hearing Tr. 9:10-12.  Accordingly, Mutual's supplemental brief is focused on the legal analysis, not the evidence in support of its position.  Should this Court wish to further inquire into whether Mutual maintains sufficient evidence to support any lost profit damages, then Mutual respectfully request that it be provided an opportunity to brief this issue further.

For the reasons set forth in its Motion and herein, Mutual respectfully requests that this Court grant Plaintiff's Motion for Summary Judgment on Lost Profit Damages and deny Defendant's request to limit those damages at this stage.

## ARGUMENT

## I.    IT IS REVERSIBLE ERROR FOR A DISTRICT COURT TO LIMIT THE AMOUNT OF LOST PROFIT DAMAGES AT SUMMARY JUDGMENT WHERE THERE ARE FACTUAL DISPUTES.

Assuming for purposes of Mutual's Motion and this Supplemental Brief that Mutual has established liability and that Defendant's wrongdoing was a "substantial factor" in causing Mutual's lost profit damages, then the *sole* remaining issue is the amount of damages that Mutual may recover.

Though Defendant requests that the Court limit those damages at the summary judgment stage, case law across many jurisdictions demonstrates that doing so results in reversible error where there are outstanding factual questions for a jury to consider. *See, e.g., Advantor Sys. Corps. v. DRS Tech. Servs., Inc.*, 678 F. App'x 839, 852-53 (11th Cir. 2017) (holding the trial court erred in finding that the plaintiff did not have a "logical" theory of causation for lost profits because "fact questions remain"); *Anchor Sav. Bank, FSB v. U.S.*, 59 Fed. Cl. 126 (Fed. Cl. 2003) (finding summary judgment was not appropriate for resolving factual questions related to an expert witness's report on damages because the proper vehicle "is trial, where the finder of fact can hear testimony, consider exhibits, get explanations, and hear cross-

5

examination"); *W. Pacific Electric Co. Corp. v. Dragados/Flatiron*, 534 F. Supp. 3d 1209, 1256 (E.D. Cal. 2021) ("Summary judgment on lost profits based on the insufficiency of evidence is appropriate only if the uncontradicted evidence demonstrates that the award is insufficient as a matter of law. If there is a dispute over the amount of net lost profits, that 'is a question of fact' for the jury to decide."); *VCA Cenvet, Inc. v. Chadwell Animal Hosp., LLC*, 552 F. App'x 217, 222 (4th Cir. 2014) (reversing the entry of summary judgment as to lost profits in favor of the defendant because plaintiff's evidence created a genuine dispute as to a proper damage calculation).

In *Cal. Fed. Bank, FSB v. U.S.*, 245 F.3d 1342, 1350 (Fed. Cir. 2001), the Federal Circuit Court of Appeals reversed the trial court's entry of summary judgment against the plaintiff for lost profit damages. The Court determined that "not permitting [the plaintiff] to present its evidence at a trial based on its legal conclusion that the proof would be too speculative" was reversible error because:

> [b]oth the existence of lost profits and their quantum are factual matters that should not be decided on summary judgment if material facts are in dispute. Cal Fed submitted considerable evidence, including documents and expert testimony, that more than sufficed to create a genuine issue of material fact as to the existence and quantum of lost profits.

*Id.* at 1350; *see also Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.*, 862 F.2d 597, 606 (6th Cir. 1988) ("The determination of the amount of damages to be awarded is left to the discretion and good judgment of the fact finder as guided by the facts of

6

the particular case. Questions raised concerning damages are essentially questions of fact . . . The amount of damages is for the jury to decide, with guidance from the trial judge[.]").

Further, in *Cargill, Inc. v. Syngenta Seeds, Inc.*, 355 So. 3d 103, 114 (La. App. 5 Cir. 12/7/22), the Louisiana appellate court reversed a trial court's order entering partial summary judgment in favor of the defendant, limiting the plaintiff's lost profits damages. The appellate court noted that "lost profits damages are inherently speculative in nature" and that "[r]uling on summary judgment on this issue requires weighing of much evidence and the evaluation of witnesses' opinions and credibility, which are not allowed on summary judgment." *Id.* In reversing the trial court, the court stated that "[t]he trial court's ruling also denie[d the plaintiff] the 'broad latitude' afforded to litigants attempting to prove lost profits damages." *Id.*

In its Opposition and throughout various pleadings filed with the Court, Defendant complains that Mutual's damages should be limited for the following reasons:

- Mutual's designated 30(b)(6) corporate representative, Jeff Gennarelli, provided speculative testimony during his deposition (D.E. 104 at 7-8);

- Mutual's expert witness, Candice Rosevear, failed to exclude the four departed branch managers and the Paramus branch financials from her damage models, and therefore, her models are not "reasonably reliable" (D.E. 104 at 8);

- Both Mr. Gennarelli's and Ms. Rosevear's testimony should be

7

excluded because their testimony "ignore[s] reality" (D.E. 104 at 9-10); and

- The non-solicitation clause at issue is only for a 12-month period of time, and therefore, Mutual should be barred from seeking any period of time beyond those damages (D.E. 104 at 11).

Mutual has addressed each of these complaints in prior filings and submitted evidence in support of its position. *See, e.g.,* D.E. 77 at 14-16 and D.E. 114 at 6-7. At bottom, these issues are factual disputes that touch on witness credibility and the weight of the evidence. Whether the jury believes Mr. Gennarelli or Ms. Rosevear, or both, or neither, and whether the jury believes that the Mutual Florida operations would continue for one year or ten years, or none, or otherwise, are issues that are expressly in dispute and should be considered by the finder of fact. *See Thompson & Wallace of Memphis, Inc. v. Falconwood Corp.*, 100 F.3d 429, 435 (5th Cir. 1996) (finding the plaintiffs met their burden of proof in establishing lost profits because most of the evidence was in the form of the plaintiffs' own corporate officers testifying about the business's history and the jury was allowed to make credibility judgments).

In essence, Defendant wants this Court to adopt its theory of the case at the summary judgment stage—namely, that the Departed Employees were at-will employees who were free to leave Mutual at any point in time. Defendant insists that once the non-solicitation clause expired, the Departed Employees were free to do what they wanted. But that is at odds with Mutual's theory, which is that

Defendant engaged in a coordinated scheme to upend the entirely of Mutual's Florida operations. This case is not about individual employees. It is not solely about the solicitation of individual employees. It is about Defendant's efforts to abscond the entirety of Mutual's Florida presence—from the building itself to the customer lists to trade secrets. Those operations ceased to exist after Defendant's wrongdoing, and under established case law, Mutual should be permitted to present that evidence to a jury and recover its lost profit damages. *See Mortgage Now, Inc. v. Stone*, No. 3:09cv80/MCR/MD, 2012 WL 4478950, at *16 (N.D. Fla. Sept. 20, 2012). The competing theories, and the evidence supporting those theories, inherently create the disputed facts that must be submitted to a jury for resolution as to a proper damage amount.

## II. IF THE DEFENDANT BELIEVES THAT THE JURY ARRIVED AT AN AMOUNT OF DAMAGES THAT IS NOT SUPPORTED BY EVIDENCE, DEFENDANT CAN PURSUE POST-TRIAL ACTIONS.

If, after the trial concludes, Defendant or this Court believe that a jury verdict is not supported by evidence, then Defendant may consider whether it desires to undertake post-trial action. "If a district court finds that a verdict is excessive, it may order a new trial, a new trial limited to damages, or under the practice of remittitur, may condition a denial of a motion for a new trial on the plaintiff's accepting damages in a reduced amount—which should be the maximum award that would not be excessive." *Tingley Sys. Inc. v. Norse Sys., Inc.*, 49 F.3d 93, 96 (2d

Cir. 1995); *see also Cambridge Plating Co., Inc. v. Napco, Inc.*, 85 F.3d 752 (1st Cir. 1996) (finding there was sufficient evidence of causation to support an award of lost profits but granted remittitur to eliminate damages occurring after a certain time period because of the evidence adduced at trial).  But the entry of summary judgment against Mutual, limiting Mutual's allowable damages prior to trial, is not the appropriate means by which the Court should address this issue.

## CONCLUSION

For the reasons set forth herein and in Plaintiff's Motion for Summary Judgment on Lost Profit Damages (D.E. 100), Mutual of Omaha Mortgage, Inc., requests that this Court enter summary judgment against Defendant, Waterstone Mortgage Corporation for Mutual's damages, and requests such further relief as the Court deems necessary.

Dated:    Washington, D.C.
          January 16, 2023

                    MITCHELL SANDLER LLC

                    By: */s/ Ari Karen*

                    Ari Karen (admitted *pro hac vice*)
                    Christopher L. McCall (admitted *pro hac vice*)
                    Courtney E. Walter
                    1120 20th Street N.W., Suite 725
                    Washington, D.C.  20036
                    Email:  akaren@mitchellsandler.com
                    Email:  cmccall@mitchellsandler.com
                    Email:  cwalter@mitchellsandler.com
                    Telephone:  (202) 886-5292

                    GUNSTER, YOAKLEY & STEWART, P.A.

                    John A. Schifino
                    Florida Bar No. 0072321
                    401 East Jackson Street, Suite 1500
                    Tampa, Florida  33602
                    Primary email:  jschifino@gunster.com
                    Secondary email: eservice@gunster.com
                    Telephone:  (813) 739-6962

                    *Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*

11