UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MUTUAL OF OMAHA MORTGAGE, INC.,

    Plaintiff,

v.   Case No: 8:22-cv-1660-TPB-JSS

WATERSTONE MORTGAGE CORPORATION,

    Defendant.
_____/

### ORDER

Defendant moves to strike the affidavit of Mark Carroll from Plaintiff's Motion for Summary Judgment (Dkt. 100-1), preclude Plaintiff's use of Mr. Carroll at summary judgment or at trial, and preclude Plaintiff's use of information contained in Mr. Carroll's affidavit that Defendant claims was not disclosed in discovery. (Motion, Dkt. 105.) Plaintiff opposes the Motion. (Dkt. 115.) The court held a hearing on the Motion on January 23, 2024. Upon consideration and for the reasons stated during the hearing:

1. Defendant Waterstone Mortgage Corporation's Amended Motion to Strike Mark C. Carroll and Plaintiff's Undisclosed Credit Inquiries (Dkt. 105) is **GRANTED in part** and **DENIED in part**.

2. Defendant's Motion is granted to the extent that the Affidavit of Mark Carroll in Support of Plaintiff's Motion for Summary Judgment on Lost Profit Damages (Dkt. 100-1) is **STRICKEN** and may not be used by Plaintiff

in support of its motion for summary judgment (Dkt. 100).  *See, e.g.*, *Pete's Towing Co. v. City of Tampa, Fla.*, 378 F. App'x 917, 920 (11th Cir. 2010) (finding no abuse of discretion in excluding affidavit submitted in support of summary judgment and portions of a second affidavit where individuals were not disclosed as witnesses and information offered had not been included in prior discovery responses); *Rigby v. Philip Morris USA Inc.*, 717 F. App'x 834, 835 (11th Cir. 2017) (finding no abuse of discretion in excluding affidavits at summary judgment where party offering affidavits failed to timely disclose "the identities of the affiants and the subjects of the information they possessed").

3. Defendant's Motion is denied to the extent that it seeks to preclude the use of the information contained in Mr. Carroll's declaration at trial.[1]  Any harm from the untimely disclosure of that information may be remedied by the conducting of further discovery as to those topics raised in Mr. Carroll's affidavit.  *See* Fed. R. Civ. P. 37(c)(1) (a party may be precluded from using information at trial that it failed to timely disclose pursuant to Rule 26, "unless the failure was substantially justified or is harmless").

**ORDERED** in Tampa, Florida, on January 24, 2024.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff represented at the hearing that it does not intend to call Mr. Carroll as a witness at trial.

- 3 -

Copies furnished to:
Counsel of Record