## Page 1

```
         IN THE UNITED STATES DISTRICT CIRCUIT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
          CASE NO.: 8:22-cv-01660-TPB-JSS

MUTUAL OF OMAHA
MORTGAGE, INC.,

     Plaintiff,

vs.

WATERSTONE MORTGAGE
CORPORATION,

     Defendant.
_____/


DEPOSITION OF:   CHRISTINE LEYDEN

TAKEN:           Pursuant to Notice by
                 Counsel for Defendant

DATE:            June 22, 2023

TIME:            9:01 a.m. to 11:24 a.m. EST

LOCATION:        Hill Ward Henderson
                 101 East Kennedy Boulevard
                 Suite 3700
                 Tampa, Florida  33602

REPORTED BY:     Melanie Keefe, FPR
                 Notary Public
                 State of Florida at Large


          REGENCY REPORTING SERVICE, INC. (813)224-0224
```

## Page 2

```
APPEARANCES:     COURTNEY WALTER, ESQUIRE
                 Mitchell Sandler LLC
                 1120 20th Street Northwest
                 Suite 725
                 Washington, DC  20036

                 MARK M. CARROLL, ESQUIRE (Via Zoom)
                 Law Offices of Mark M. Carroll
                 1000 South Pine Island Road
                 Suite 420
                 Plantation, Florida  33324

                      Attorneys for the Plaintiff

                 MARIA L. KREITER, ESQUIRE
                 Godfrey & Kahn, S.C.
                 833 East Michigan Street
                 Suite 1800
                 Milwaukee, Wisconsin  53202

                      Attorney for the Defendant
```

## Page 3

| INDEX | PAGE NUMBER |
|---|---|
| Examination by Ms. Kreiter | 5 |
| Read Letter | 111 |
| Errata Sheet | 112 |
| Reporter's Certificate | 113 |

## Page 4

(Exhibit numbers continued from a prior deposition.)

E X H I B I T S

| Exhibit | Description | Page |
|---|---|---|
| 20 | LinkedIn for Christine Leyden | 19 |

**EXHIBIT 4**

73

1  loans, they would take those issues to Mr. Tomalak or to
2  their branch managers?
3        MS. WALTER: Object to the form.
4    A.  They would likely take it to the branch manager
5  who would then escalate it to Mr. Tomalak --
6    Q.  Are you aware of --
7    A.  -- if necessary.
8    Q.  -- any direct communications between any of the
9  Daytona or Tampa employees and either Mr. King or
10 Mr. Tomalak?
11   A.  Not that I'm aware of.
12   Q.  Do you have reason to think the employees at
13 either of the branches would have loyalty to Mr. King or
14 Mr. Tomalak over Mr. Hutto, Mr. Wolf, and Mr. Smith?
15       MS. WALTER: Object to the form.
16   A.  No knowledge of that.
17   Q.  What do you think? I mean, do you think that the
18 employees would have more loyalty to the branch managers or
19 the regional managers?
20       MS. WALTER: Object to the form.
21   A.  I don't know.
22   Q.  Do you have a general awareness in your role as
23 CEO and the years that you've been in the industry, do the
24 employees generally have more loyalty to their immediate
25 managers or the regional managers?

REGENCY REPORTING SERVICE, INC. (813)224-0224

74

1        MS. WALTER: COO. And object to the form.
2    A.  I think it just varies. It depends. Some people
3  don't have a great relationship with their branch manager
4  and have a better relationship with their regional manager,
5  so it varies.
6    Q.  But you don't know about the relationships with
7  respect to the Daytona and Tampa branches, whether that was
8  the case?
9    A.  I do not.
10   Q.  Were there efforts to keep any of the employees
11 in Daytona, Tampa, or New Jersey?
12       MS. WALTER: Asked and answered.
13   A.  Not that I'm aware of.
14   Q.  Are you aware of Mutual firing employees from
15 Tampa and Daytona who did not go to Waterstone?
16   A.  Not that I'm aware of.
17   Q.  You don't know either way?
18   A.  I don't know either way.
19   Q.  Do you have knowledge of the damages that are
20 sought by Mutual in this case?
21   A.  No.
22   Q.  The answer may very well be no to this question
23 but just to close out the category, take a look at what
24 we've previously marked as Deposition Exhibit No. 7,
25 please. The first page of Deposition Exhibit 7 is just a

REGENCY REPORTING SERVICE, INC. (813)224-0224

75

1  cover page. It has the Bates No. MOM-0003484 at the bottom,
2  and then the second page has the actual content. Have you
3  seen Exhibit 7 before?
4    A.  No.
5    Q.  You certainly played no role in putting together
6  Exhibit 7 or doing the analysis that's reflected in
7  Exhibit 7; correct?
8    A.  No.
9    Q.  Did Mr. Gennarelli ever have discussions with you
10 about the damages that Mutual is seeking from Waterstone?
11   A.  No.
12   Q.  What about Mr. Mayle?
13   A.  No.
14   Q.  Did anybody at Mutual have any discussions with
15 you about the damages it's seeking?
16   A.  Not that I recall.
17   Q.  Okay. You can put that aside.
18       Are you aware that Mutual is pursuing trade
19 secret misappropriation claims against Waterstone?
20   A.  Just from what I saw on the amended complaint.
21   Q.  In the amended complaint?
22   A.  Yeah.
23   Q.  Again, I just want to close out whether -- I want
24 to know who has knowledge about what. And if you do have
25 knowledge, then I will ask you questions and make sure that

REGENCY REPORTING SERVICE, INC. (813)224-0224

76

1  I exhaust it. But for example, did you have any role in
2  identifying the trade secrets that Mutual is relying on in
3  this case?
4    A.  No.
5    Q.  Did you have any role whatsoever in informing the
6  trade secret claims that are in the case?
7    A.  No.
8    Q.  Are you able to list any of the trade secrets
9  that Mutual has cited in support of its claims?
10   A.  No.
11   Q.  Are you aware of any evidence that Waterstone,
12 rather than the former employees, has misappropriated trade
13 secrets that belong to Mutual?
14   A.  No.
15   Q.  You just have no knowledge about the trade
16 secret --
17   A.  No.
18   Q.  -- claims in this case; correct?
19   A.  Yes. Correct.
20   Q.  That makes my job easier.
21       Before acquiring BBMC, did Mutual have any
22 branches in Florida?
23   A.  I don't know. I don't believe so, but I'm not
24 positive.
25   Q.  And do you know how long Mr. Hutto had been

REGENCY REPORTING SERVICE, INC. (813)224-0224