IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC. <br><br> Plaintiff, <br><br> v. <br><br> WATERSTONE MORTGAGE CORPORATION, <br><br> Defendant. | CASE NO. 8:22-cv-01660-TPB-UAM |

## WATERSTONE'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY FROM CANDICE ROSEVEAR IN MUTUAL'S CASE-IN-CHIEF

### I.  INTRODUCTION

Mutual's rebuttal expert cannot testify in its case-in-chief. Mutual disclosed Candice Rosevear as a rebuttal expert only long after its deadline to designate affirmative experts had passed. As such, Waterstone seeks a ruling confirming Mutual is not permitted to introduce Rosevear in its case-in-chief, and that if called as a rebuttal witness, Rosevear is limited to responding to Waterstone's damages expert, *if* Waterstone elects to present expert witness testimony as to the alleged damages.

### II.  RELEVANT BACKGROUND

Mutual's deadline to submit expert disclosures was March 1, 2023. (DE 34, ¶ 2.) Mutual made the strategic choice not to retain a damages expert to support any of its alleged damages. Instead, to support its lost profit damages, Mutual produced

an analysis prepared by Jeff Gennarelli, the President of its Forward Mortgage Division, and presented Gennarelli on May 25, 2023 as its Federal Rule 30(b)(6) witness on various topics including damages. Gennarelli's analysis is a single page spreadsheet that calculates future profits for the Tampa and Daytona branches as approximately $4.4 million over an 18-month period. (*See* DE 72-4.) Waterstone retained Steven Oscher as its damages expert to opine on Mutual's alleged damages, including the Gennarelli analysis, and disclosed Oscher's report on June 5, 2023. (DE 166-5.)

On July 14, 2023, Mutual disclosed Candice Rosevear as its purported "rebuttal" expert. (DE 166-6.) Waterstone moved to strike Rosevear and her report as improper rebuttal on July 26, 2023 because she introduced new, affirmative testimony on damages that was not responsive to Waterstone's damages expert. (DE 84.) The motion was denied by Judge Barber at a hearing the next day without full briefing. (DE 86.) At the same hearing, counsel for Waterstone previewed that Waterstone may seek an advanced ruling from the Court regarding the order of witnesses at trial if Mutual seeks to introduce Rosevear as an opening expert in its case-in-chief. (DE 101, July 27, 2023 Hearing Transcript.) Judge Barber did not rule on that issue. (*Id.*) On May 2, 2024, in connection with the parties' final pretrial meeting, Mutual indicated it may attempt to call Rosevear in its case-in-chief, prompting this motion.

## III. ARGUMENT

Rebuttal experts are not permitted in a plaintiff's case-in-chief. *See, e.g., Daggett v. United States*, No. 08-21026-CIV, 2010 WL 11553196, at *1 n.1 (S.D. Fla. Feb. 4, 2010) ("I will not allow the plaintiffs to rely on their rebuttal experts in their case-in-chief at trial"). *See also Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 71 F.4th 894, 908 (11th Cir. 2023) (holding that plaintiff could not present a rebuttal expert in its case in chief at trial and therefore, it did not have a legally sufficient case to present). "Rebuttal testimony is permitted only when it directly addresses an assertion raised by an opponent's experts." *In re Trasylol Prod. Liab. Litig.*, No. 1:08-MD-01928, 2010 WL 4065501, at *2 (S.D. Fla. Aug. 30, 2010) (citation omitted). Put differently, a plaintiff is not permitted to "offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief." *Timber Pines Plaza, LLC v. Kinsale Ins. Co.*, 192 F. Supp. 3d 1287, 1291 (M.D. Fla. 2016).

Further, if a defendant does not call an expert at trial there is no basis to present a rebuttal expert witness "because there is nobody to rebut." *Marjum Supply Co. of Florida, LLC v. Pliteq, Inc.*, 812 Fed. Appx. 803, 813 (11th Cir. 2020). In *Marjum Supply Co.*, the Eleventh Circuit affirmed the district court's decision to exclude the plaintiff's rebuttal expert after the defendant decided not to call its expert at trial. *Id.* The Plaintiff argued on appeal that defendant "gamed the system by removing their expert from the final witness list" so that its rebuttal expert could not testify. *Id.* The Eleventh Circuit rejected this argument, holding:

> "Though the testimony appears to have been crucial to [Plaintiff's] case-in-chief, [Plaintiff] has provided no explanation for failing to name Mr. Brooks as its own affirmative expert as opposed to a rebuttal expert. The District Court did not err here. [Plaintiff] made a strategic error in litigating its case, and its failure to name Mr. Brooks as an expert witness to prove its affirmative claims cannot be blamed on the District Court."

*Id.* Here, because Mutual disclosed Rosevear as a rebuttal expert only, she cannot testify in Mutual's case-in-chief. Her testimony may only be introduced at trial to the extent it contradicts or rebuts evidence presented by Waterstone's damages expert. And, if Waterstone makes the strategic decision at the close of Mutual's case-in-chief not to call Oscher, Mutual cannot call Rosevear in rebuttal because there will be nobody to rebut. *See Marjum Supply Co. of Florida, LLC*, 812 Fed. Appx. at 813.

## IV. CONCLUSION

For the reasons set forth above, Waterstone requests that the Court grant its motion *in limine* and confirm Mutual may not call Rosevear — its rebuttal expert — in Mutual's case-in-chief or call Rosevear at all if Waterstone elects not to call a damages expert.

Dated: May 2, 2024.

                                                */s/ Maria L. Kreiter*
Maria Kreiter (admitted pro hac vice)
Emma Jewell (admitted pro hac vice)
Xavier Jenkin (pro hac vice pending)
GODFREY KAHN S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 287-9466 (Telephone)
mkreiter@gklaw.com
ejewell@gklaw.com
xjenkins@gklaw.com

Scott A. McLaren (FBN: 414816)
Carolina Y. Blanco (FBN: 0098878)
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
carolina.blanco@hwhlaw.com
scott.mclaren@hwhlaw.com

*Attorneys for Defendant Waterstone Mortgage Corporation*

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Waterstone certifies they have conferred in good faith with opposing counsel concerning the issues presented in this Motion. Specifically, Waterstone's counsel spoke with Mutual's counsel on May 2, 2024 regarding the grounds for the Motion. Mutual indicated it does not agree to the relief sought in this Motion.

Dated: May 2, 2024.

    */s/ Maria L. Kreiter*
Maria Kreiter (admitted pro hac vice)
Emma Jewell (admitted pro hac vice)
Xavier Jenkin (pro hac vice pending)
GODFREY KAHN S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 287-9466 (Telephone)
mkreiter@gklaw.com
ejewell@gklaw.com
xjenkins@gklaw.com

Scott A. McLaren (FBN: 414816)
Carolina Y. Blanco (FBN: 0098878)
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700

Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
carolina.blanco@hwhlaw.com
scott.mclaren@hwhlaw.com

*Attorneys for Defendant Waterstone Mortgage Corporation*