## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC.<br><br>        Plaintiff,<br><br>v.<br><br>WATERSTONE MORTGAGE CORPORATION,<br><br>        Defendant. | CASE NO. 8:22-cv-01660-UAM |

### DEFENDANT WATERSTONE MORTGAGE CORPORATION'S PROPOSED SPECIAL VERDICT

Defendant Waterstone Mortgage Corporation, pursuant to the Court's Case Management and Scheduling Order (ECF No. 34) and Federal Rule of Civil Procedure 49, submits its proposed special verdict.

Dated: May 10, 2024.

s/Maria L. Kreiter
Maria Kreiter (admitted *pro hac vice*)
Emma Jewell (admitted *pro hac vice*)
Xavier O. Jenkins (admitted *pro hac vice*)
GODFREY KAHN S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 287-9466 (Telephone)
mkreiter@gklaw.com
ejewell@gklaw.com
xjenkins@gklaw.com

Scott A. McLaren (FBN: 414816)
Carolina Y. Blanco (FBN: 0098878)
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231

1

Tampa, Florida 33601
(813) 221-3900 (Telephone)
carolina.blanco@hwhlaw.com
scott.mclaren@hwhlaw.com

*Attorneys for Defendant Waterstone Mortgage*
*Corporation*

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

|  |  |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC. <br><br> Plaintiff, <br><br> v. <br><br> WATERSTONE MORTGAGE CORPORATION, <br><br> Defendant. | CASE NO. 8:22-cv-01660-UAM |

## DEFENDANT WATERSTONE MORTGAGE CORPORATION'S PROPOSED SPECIAL VERDICT FORM

We the jury, empaneled and sworn to try the issues in this action, being directed by the Court to answer the following questions submitted to us for verdict, find and answer as follows:

### MISAPPROPRIATION OF TRADE SECRETS[1]

QUESTION 1:

Has Mutual proven by a preponderance of the evidence that [name of trade secrets] is Mutual's property?

ANSWER: _____

(Yes or No)

*If you answered "No," this ends your deliberations on this claim, and you should go to Question 10. If you answered "Yes," go on to Question 2.*

---

[1] Waterstone proposes using the verdict form from the Eleventh Circuit's Pattern Jury Instructions on Mutual's misappropriation of trade secrets claims, with minor modifications to the form of the questions. *See* Eleventh Circuit Pattern Jury Instruction § 11.1 (2024), "Special Interrogatories to the Jury," attached as Exhibit 1 for ease of reference.

QUESTION 2:

Has Mutual proven by a preponderance of the evidence that [name of trade secrets] is not generally known to another person who can obtain economic value from the disclosure or use of the information?

ANSWER: _____

(Yes or No)

***If your answer is "No," this ends your deliberations on this claim, and you should go on to Question 10. If you answered "Yes," go on to Question 3.***

QUESTION 3:

Has Mutual proven by a preponderance of the evidence that [name of trade secrets] is not readily discoverable through proper means?

ANSWER: _____

(Yes or No)

***If your answer is "No," this ends your deliberations on this claim, and you should go on to Question 10. If you answered "Yes," go on to Question 4.***

QUESTION 4:

Has Mutual proven by a preponderance of the evidence that [name of trade secrets] derives independent economic value, actual or potential, from not being known to, and not readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information?

ANSWER: _____

(Yes or No)

***If your answer is "No," this ends your deliberations on this claim, and you should go on to Question 10. If you answered "Yes," go on to Question 5.***

QUESTION 5:

Has Mutual proven by a preponderance of the evidence that it took reasonable steps to keep [name of trade secrets] secret?

ANSWER: _____

(Yes or No)

***If your answer is "No," this ends your deliberations on this claim, and you should go on to Question 10. If you answered "Yes," go on to Question 6.***

QUESTION 6:

Has Mutual proven by a preponderance of the evidence that its [name of trade secrets] relate to a product or service used in, or intended for use in, interstate or foreign commerce?

ANSWER: _____

(Yes or No)

*Go on to Question 7.[2]*

QUESTION 7:

Has Mutual proven by a preponderance of the evidence that Waterstone acquired, used, or disclosed [name of trade secret] without express or implied consent?

ANSWER: _____

(Yes or No)

*If your answer is "No," this ends your deliberations on this claim, and you should go on to Question 10. If you answered "Yes," go on to Question 8.*

QUESTION 8:  Improper Means:

(a) Has Mutual proven by a preponderance of the evidence that Waterstone acquired [name of trade secrets] and knew or should have known that [name of trade secrets] were acquired by improper means?

ANSWER: _____

(Yes or No)

(b) Has Mutual proven by a preponderance of the evidence that Waterstone knew or should have known [name of trade secrets] was derived from or through a third person who used improper means to acquire [name of trade secrets]?

ANSWER: _____

(Yes or No)

---

[2] Question 6 relates only to the Defend Trade Secrets Act Claim. The jury should proceed to the next question regardless of the answer to Question 6 in light of the Florida Trade Secrets Act Claim that does not depend on the answer to this question.

(c) Has Mutual proven by a preponderance of the evidence that Waterstone knew or should have known it had a duty to maintain the secrecy of the trade secret or limit use of [name of trade secrets]?

ANSWER: _____

(Yes or No)

(d) Has Mutual proven by a preponderance of the evidence that Waterstone knew or should have known [name of trade secrets] was derived from or through a third person who had a duty to maintain the secrecy of [name of trade secrets] or limit use of [name of trade secrets]?

ANSWER: _____

(Yes or No)

***If you answered "Yes" to any of the subparts of this Question (8(a) – (d)), go to the next question. If your answer is "No" to all of the subparts of this question (8(a) – (d)), this ends your deliberations on this claim, and you should go on to Question 10.***

QUESTION 9

To the extent that it is not duplicative (that is, double counting), you may award either (1) actual damages and unjust enrichment or (2) reasonable royalty:

　　1. Actual Damages and Unjust Enrichment

What, if anything, do you the Jury award in actual damages suffered by Mutual as a result of Waterstone's misappropriation of [name of trade secrets]? In considering Mutual's damages, you should also consider Waterstone's affirmative defense that Mutual failed to mitigate its damages.

_____

($)

What, if anything, do you the Jury award Mutual for Waterstone's unjust enrichment that is a result of Waterstone's misappropriation of [name of trade secret]? In considering Mutual's damages, also consider Waterstone's affirmative defense that Mutual failed to mitigate its damages.

_____

($)

　　2. Reasonable Royalty

**Instead** of awarding damages to Mutual for actual damages or unjust enrichment, you may award a reasonable royalty to Mutual for Defendant Waterstone's

6

unauthorized disclosure or use of [name of trade secrets]. What, if anything, do you the Jury award Mutual as a reasonable royalty against Waterstone? In considering Mutual's damages, you should also consider Waterstone's affirmative defense that Mutual failed to mitigate its damages.

_____

($)

## TORTIOUS INTERFERENCE WITH CONTRACTS[3]

QUESTION 10:

Has Mutual proven by the greater weight of the evidence that Waterstone intentionally interfered with Chris Wolf's agreement not to solicit Mutual's employees?

ANSWER: _____

(Yes or No)

*If your answer is "No," this ends your deliberations on this claim, and you should go on to Question 15. If you answered "Yes," go on to Question 11.*

QUESTION 11:

Has Mutual proven by the greater weight of the evidence that Waterstone acted unjustifiably in interfering with Chris Wolf's agreement not to solicit Mutual's employees?

ANSWER: _____

(Yes or No)

*If your answer is "No," this ends your deliberations on this claim, and you should go on to Question 15. If you answered "Yes," go on to Question 12.*

---

[3] The only damages Mutual seeks relate to the departure of its branches which, in turn, relates to the non-solicitation of employees provision in the former managers' employment agreements. As will be explained in Waterstone's motion in limine, the employment agreements of two of the three managers alleged to have solicited branch employees, Dwayne Hutto and Chris Smith, are governed by California law. As such, their non-solicitation provisions are unenforceable and Mutual's tortious interference claim can proceed based on only the employee non-solicit in the agreement of the third manager, Chris Wolf.

QUESTION 12:

Has Mutual proven by the greater weight of the evidence that Waterstone's interference with Chris Wolf's agreement not to solicit Mutual employees caused Mutual to lose profits?

ANSWER: _____
(Yes or No)

***If you answered "No," this ends your deliberations on this claim, and you should go on to Question 15. If you answered "Yes," go on to Question 13.***

QUESTION 13:

Has Mutual established the amount of its lost profits with reasonable certainty?

ANSWER: _____
(Yes or No)

***If you answered "No," this ends your deliberations on this claim, and you should go on to Question 15. If you answered "Yes," go on to Question 14.***

QUESTION 14:

What amount of lost profits did Mutual Mortgage prove, to a reasonable degree of certainty, were caused by Waterstone's tortious interference? In considering Mutual's damages, also consider Waterstone's affirmative defense that Mutual failed to mitigate its damages.

ANSWER: _____
($)

**AIDING AND ABETTING BREACH OF FIDUCIARY DUTY**

QUESTION 15:

Has Mutual proven by the greater weight of the evidence that its former branch managers, Dwayne Hutto, Chris Smith, and Chris Wolf, owed fiduciary duties to Mutual?

ANSWER: _____
(Yes or No)

***If your answer is "No," this ends your deliberations, and you will not answer any more questions. If you answered "Yes," go on to Question 16.***

QUESTION 16:

Has Mutual proven by the greater weight of the evidence that its former branch managers, Dwayne Hutto, Chris Smith, and Chris Wolf, breached their fiduciary duties to Mutual? In considering this question, you should consider whether Mutual's former managers were engaged in permissible preparatory measures.

ANSWER: _____

(Yes or No)

*If your answer is "No," this ends your deliberations, and you will not answer any more questions. If you answered "Yes," go on to Question 17.*

QUESTION 17:

Has Mutual proven by the greater weight of the evidence that Waterstone had actual knowledge of its former  branch managers, Dwayne Hutto, Chris Smith, and Chris Wolf's, breach of their fiduciary duties? In considering this question, you should consider whether Mutual Mortgage's former managers were engaged in permissible preparatory measures.

ANSWER: _____

(Yes or No)

*If your answer is "No," this ends your deliberations, and you will not answer any more questions. If you answered "Yes," go on to Question 18.*

QUESTION 18:

Has Mutual proven by the greater weight of the evidence that Waterstone substantially assisted the former branch managers, Dwayne Hutto, Chris Smith, and Chris Wolf, in breaching their fiduciary duties to Mutual? In considering this question, consider whether Mutual's former managers were engaged in permissible preparatory measures.

ANSWER: _____

(Yes or No)

*If your answer is "No," this ends your deliberations, and you will not answer any more questions. If you answered "Yes," go on to Question 19.*

QUESTION 19:

Has Mutual proven that Waterstone's aiding and abetting a breach of fiduciary duty caused it to suffer lost profits?

ANSWER: _____
(Yes or No)

*If your answer is "No," this ends your deliberations, and you will not answer any more questions. If you answered "Yes," go on to Question 20.*

QUESTION 20:

Has Mutual established the amount of its lost profits with reasonable certainty?

ANSWER: _____
(Yes or No)

*If your answer is "No," this ends your deliberations, and you will not answer any more questions. If you answered "Yes," go on to Question 29.*

QUESTION 21:

What amount of lost profits did Mutual prove, to a reasonable degree of certainty, were caused by Waterstone's aiding and abetting Mutual's former managers in breaching their fiduciary duties? In considering Mutual's damages also consider Waterstone's affirmative defense that Mutual failed to mitigate its damages.

ANSWER: _____
($)

*End.*

*Please sign and date the verdict form below.*


_____        _____
**Jury Foreperson**                                      **Date**