To qualify as a trade secret, [name of plaintiff], must prove the following by a preponderance of the evidence:

1: [Name of trade secret] is not generally known to another person who can obtain economic value from the disclosure or use of the information;

2: Another person cannot readily discover [name of trade secret] through proper means;

3: [Name of trade secret] derives independent economic value, actual or potential, from not being known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information; and

4: [Name of plaintiff] has taken reasonable steps to keep [name of trade secret] secret.

Interstate or Foreign Commerce. [Name of plaintiff] claims that [name of trade secret] relates to a product or service used in, or intended for use in, interstate or foreign commerce. Use or intended use of the product or service in interstate commerce means that the product or service involves travel, trade, transportation, or communication between a place in one state and a place in another state. Use of the product or service in foreign commerce means that the product or service involves travel, trade, transportation, or communication between a place in the United States and a place outside of the United States.

Misappropriation. [Name of plaintiff] claims that [name of defendant] acquired, disclosed, or used [name of trade secret] without the right to do so. This is called "misappropriation."

EXHIBIT 1

For [name of plaintiff] to prove that [name of defendant] misappropriated [name of trade secret], [name of plaintiff] must prove the following by a preponderance of the evidence:

1: [Name of defendant] acquired, disclosed, or used [name of trade secret] without [name of plaintiff]'s express or implied consent; and

2: [Name of defendant] knew or should have known that [name of trade secret]

   i. was derived from or through a third person who used improper means to acquire the trade secret;

   ii. was acquired under circumstances giving rise to a duty to maintain the secrecy of [name of trade secret] or limit the use of [name of trade secret], or

   iii. was derived from or through a third person who was under a duty to maintain the secrecy of or limit the use of [name of trade secret].

"Improper means" may include theft, bribery, misrepresentation, breach or inducement of a breach of duty to maintain secrecy, and espionage through electronic or other means.

Each act of acquiring, disclosing, or using [name of trade secret] may constitute a separate act of misappropriation.

"Express consent" is consent that is clearly and unmistakably stated. "Implied consent" is consent that is inferred from one's conduct rather than from one's direct expression.

**SPECIAL INTERROGATORIES TO THE JURY**

**Do you find by a preponderance of the evidence that:**

1. [Name of trade secret] is [name of plaintiff]'s property?

        Answer Yes or No     _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

2. [Name of trade secret] is not generally known to another person who can obtain economic value from the disclosure or use of the information?

        Answer Yes or No     _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

3. [Name of trade secret] is not readily discoverable through proper means?

        Answer Yes or No     _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

4. [Name of trade secret] derives independent economic value, actual or potential, from not being known to, and not readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information?

                Answer Yes or No        _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

5. [Name of plaintiff] has taken reasonable steps to keep [name of trade secret] secret?

                Answer Yes or No        _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

6. [Name of trade secret] relates to a product or service used in, or intended for use in, interstate or foreign commerce?

                Answer Yes or No        _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

7. <u>Acquired, Used or Disclosed Without Consent</u>:  [Name of defendant] acquired, used, or disclosed [name of trade secret] without express or implied consent?

     Answer Yes or No  _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

8. <u>Improper Means</u>:

 (a) [Name of defendant] acquired [name of trade secret] and knew or should have known that [name of trade secret] was acquired by improper means?

     Answer Yes or No  _____

 (b) [Name of defendant] knew or should have known [name of trade secret] was derived from or through a third person who used improper means to acquire [name of trade secret]?

     Answer Yes or No  _____

 (c) [Name of defendant] knew or should have known [he/she/it] had a duty to maintain the secrecy of the trade secret or limit use of [name of trade secret]?

     Answer Yes or No  _____

(d) [Name of defendant] knew or should have known [name of trade secret] was derived from or through a third person who had a duty to maintain the secrecy of [name of trade secret] or limit use of [name of trade secret]?

Answer Yes or No   _____

If your answer is "Yes" to any of the subparts of this question (8(a) – (d)), go to the next question. If your answer is "No" to all of the subparts of this question (8(a) – (d)), this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.

**ANNOTATIONS AND COMMENTS**

**Private Right of Action**. *See* 18 U.S.C. § 1836(b)(1).

**Owner**. The Defend Trade Secrets Act of 2016 defines "owner" as "the person or entity in whom or in which rightful legal or equitable title to, or license in, the trade secret is reposed." 18 U.S.C. § 1839(4). The court will need to give an appropriate instruction if the plaintiff claims a right to the trade secret other than through legal title.

**Definition of Trade Secret**. Section 4 of the Defend Trade Secrets Act states that "trade secret ha[s] the meaning[] given . . . in section 1839 of title 18, United States Code," which defines trade secret as follows:

> all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if--
>
> **(A)** the owner thereof has taken reasonable measures to keep such information secret; and

>   **(B)** the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information;

18 U.S.C. § 1839(3).  The legislative history to the Defend Trade Secrets Act provides that the "definition of a trade secret [is not] meaningfully different from the scope of that definition as understood by courts in states that have adopted the [Uniform Trade Secrets Act]."  S. Rep. No. 114-220, at 10 (2016).  The legislative history also notes that a trade secret consists of three parts:  "(1) information that is non-public; (2) the reasonable measure taken to protect that information; and (3) the fact that the information derives independent economic value from not being publicly known."  H.R. Rep. No. 114-529, at 2 (2016).

**Interstate Commerce**.  *See* 18 U.S.C. § 1836(b)(1).  The legislative history notes that the "jurisdictional nexus to interstate or foreign commerce is identical to the existing language required for Federal jurisdiction over the criminal theft of a trade secret under § 1832(a)."  S. Rep. No. 114-220, at 5 (2016).

**Misappropriation**.  *See* 18 U.S.C. § 1839(5).

**Improper Means**.  *See* 18 U.S.C. § 1839(6).

**Consent**.  *See* 18 U.S.C. § 1839(5).

**11.4 Trade Secrets – Damages – Compensatory**

If [name of plaintiff] has not proved [his/her/its] claim for misappropriation of trade secrets, your verdict must be for [name of defendant] on this claim, and you do not consider damages.

If [name of plaintiff] has proved [his/her/its] claim for misappropriation of trade secrets, you must decide the issue of damages.

To the extent that it is not duplicative (that is, double counting), you may award either:

(1) the amount

(i) of [name of plaintiff]'s actual damages suffered as a result of [name of defendant]'s misappropriation of [name of trade secret]; and

(ii) [name of defendant]'s unjust enrichment that is a result of [his/her/its] misappropriation of [name of trade secret], even if that amount is more than the actual damages suffered by [name of plaintiff]

OR

(2) the amount of a reasonable royalty for [name of plaintiff]'s unauthorized disclosure or use of [name of trade secret].

If you choose to award [name of plaintiff] damages, you must choose to award damages based on either (1) actual damages plus unjust enrichment or (2) a reasonable royalty.

### SPECIAL INTERROGATORIES TO THE JURY

1. Actual Damages and Unjust Enrichment

What, if anything, do you the Jury award in actual damages suffered by [name of plaintiff] as a result of [name of defendant]'s misappropriation of [name of trade secret]?

$_____

What, if anything, do you the Jury award [name of plaintiff] for [name defendant]'s unjust enrichment that is a result of [name of defendant]'s misappropriation of [name of trade secret]?

$_____

2. Reasonable Royalty

Instead of awarding damages to [name of plaintiff] for actual damages or unjust enrichment, you may award a reasonable royalty to [name of plaintiff] for [name of defendant]'s unauthorized disclosure or use of [name of trade secret]. What, if anything, do you the Jury award [name of plaintiff] as a reasonable royalty against [name of defendant]?

$_____

**ANNOTATIONS AND COMMENTS**

The statute provides that a court may award:

(i)(I) damages for actual loss caused by the misappropriation of the trade secret; and
(II) damages for any unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss; or
(ii) in lieu of damages measured by any other methods, the damages caused by the misappropriation measured by imposition of liability for a reasonable royalty for the misappropriator's unauthorized disclosure or use of the trade secret.

18 U.S.C. § 1836(b)(3)(B).

The damages language in the Defend Trade Secrets Act is drawn directly from § 3 of the Uniform Trade Secrets Act. *See* S. Rep. No. 114-220, at 9 (2016); H.R. Rep. No. 114-529, at 13 (2016). The legislative history suggests that the remedy of a reasonable royalty is a remedy of last resort. *See* S. Rep. No. 114-220, at n.17 (2016); H.R. Rep. No. 114-529, at n. 13 (2016).

**11.5 Trade Secrets – Damages – Exemplary**

If you find that [name of defendant] has engaged in willful and malicious misappropriation of the trade secret, you may award "exemplary" damages, that is, damages meant to make an example of [name of defendant]. Exemplary damages may be awarded in an amount not more than two (2) times the amount awarded for compensatory damages (i.e. the amount awarded for either actual damages plus unjust enrichment or for a reasonable royalty).

### SPECIAL INTERROGATORIES TO THE JURY

1. Do you find that [name of defendant] willfully and maliciously misappropriated [name of plaintiff]'s [name of trade secret]?

    Answer Yes or No _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

How much, in addition to amount of damages you have already awarded, do you award [name of plaintiff] as exemplary damages?

    $_____

## **ANNOTATIONS AND COMMENTS**

*See* 18 U.S.C. § 1836(b)(3)(C).  The exemplary damages language in the Defend Trade Secrets Act is similar to § 3(b) of the Uniform Trade Secrets Act.  *See* S. Rep. No. 114-220, at 9 (2016); H.R. Rep. 114-529, at 13 (2016).

Exemplary damages (and attorneys' fees) are limited in certain circumstances.  *See* 18 U.S.C. § 1833(b)(3)(C).