**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., | ) <br> ) Case No. 8:22-cv-01660-UAM <br> ) |
| Plaintiff, | ) **PLAINTIFF MUTUAL OF OMAHA** <br> ) **MORTGAGE, INC.'S RESPONSE IN** |
| v. | ) **OPPOSITION TO WATERSTONE** <br> ) **MORTGAGE CORPORATION'S MOTION** |
| WATERSTONE MORTGAGE CORPORATION, | ) *IN LIMINE* **TO EXCLUDE TESTIMONY** <br> ) **FROM CANDICE ROSEVEAR IN** <br> ) **MUTUAL'S CASE-IN-CHIEF** |
| Defendant. | ) |

Plaintiff Mutual of Omaha Mortgage, Inc. ("Plaintiff" or "Mutual") hereby files this Response in Opposition to Defendant Waterstone Mortgage Corporation's ("Defendant" or "Waterstone") Motion *in Limine* to Exclude Testimony from Candice Rosevear in Mutual's Case-in-Chief ("Motion") (ECF No. 170). In support thereof, Plaintiff states as follows:

### INTRODUCTION

Mutual's expert on damages, Candice Rosevear, has been in the case since July of last year. Since disclosure of her expert report in July 2023, Waterstone has deposed her, conducted additional discovery related to her opinions, and has been provided ample time to amend its expert's position. Moreover, Waterstone has filed several motions attempting to exclude Rosevear from testifying, acknowledging that she may be called by Mutual in its case-in-chief. Judge Barber cured any surprise by providing Waterstone with an opportunity to conduct additional written discovery, to review it,

1

and to request an additional deposition of Ms. Rosevear, who at the time of the request, had already been deposed for six hours. Thereafter, Judge Barber indicated "she's in the case," and appeared indifferent about the designation of Ms. Rosevear as a rebuttal expert. The designation of Ms. Rosevear as a rebuttal expert was harmless, considering the additional discovery permitted by the Court, and she should be permitted to testify in Mutual's case-in-chief.

## FACTS

Waterstone submitted the expert report of Steve Oscher on June 5, 2023. (ECF No. 166-5.) On or about July 14, 2023, Mutual produced the Expert Report of Candice Rosevear, providing a damages model that went up to 10 years. Expert Report dated July 14, 2023, (ECF No. 166-6.) On July 20, 2023, Waterstone deposed Ms. Rosevear. (*See* ECF No. 132-5 (excerpts), 84-6 (excerpts); *see also* full transcript of Rosevear deposition, attached as Exhibit 1. The deposition lasted six hours. (ECF No. 102 at 8:11-9:3.)

Six days later, on July 26, 2023, Waterstone filed a Motion to Strike Candice Rosevear. (ECF No. 84.) Waterstone argued that "Candice Rosevear . . . is not a rebuttal expert." (ECF No. 84 at 1, 8-9.) Waterstone requested to strike Ms. Rosevear under Federal Rule of Civil Procedure ("Rule") 37, as a belated disclosure under Rule 26. (*Id.* at 11-12.) The next day, the Court held a motion hearing on a different matter, but also addressed Waterstone's motion to strike Ms. Rosevear. Waterstone's counsel stated at the hearing, "I may want an advanced ruling from the Court on, you know, if plaintiffs are going to attempt to not bring the rebuttal expert as their opening expert,

I don't want that. And I want to be able to inform my client, you know, with the assurance that we're talking about rebuttal versus opening expert. So I maybe just preview that, because I anticipate further motion practice on the rebuttal expert." (ECF 101 at 55-56.) Over the allegations of prejudice alleged in Waterstone's motion and after raising the issue of Ms. Rosevear's designation, Judge Barber ruled that "this expert, [Ms. Rosevear], is in the case now." (ECF No. 101 at 56).

A month later at the August 23, 2023 case management conference, the Court squarely addressed any prejudice to Waterstone by addressing Waterstone's deposition of Ms. Rosevear, permitting additional written discovery, and allowing Waterstone's counsel to review the discovery to determine whether an addition deposition of Ms. Rosevear was needed:

> **MS. KREITER:** […] I haven't had a chance to do any discovery as to the, quote, unquote, rebuttal expert, which is injecting $28 million into the case five times – I'd like to issue one set of discovery specific to the expert, if that's
> **THE COURT:** Sure. Sure. Do it.
> **MS. KREITER:** Great. Thank you.
> **THE COURT:** Take his depo too.
> **MS. KREITER:** I did take the deposition, but, frankly, I had three business days at the time of that deposition. I

3

>guess I'd like the start with discovery. That may be all I need.
>**THE COURT:** See. Take a look at it. How long was his depo?
>**MS. WALTER:** Six hours.
>**THE COURT:** Six hours?
>**MS. WALTER:** Yes, Your Honor.
>**THE COURT:** That's a long time.
>**MS. KREITER:** It was. I'm not saying I need another deposition. But I wouldn't feel like I'm doing justice to WaterStone without asking for discovery.
>…
>**THE COURT:** You can still negotiate it. It's fine. It's a big step to go from, you know, a -- stealing a couple customers for 60 grand or whatever to -- really, the case is about the value of the whole business. That's a big step. I think it's fair.

(ECF No.102 at 8:1-9:14.) Indeed, thereafter Waterstone took the requested discovery. At no point thereafter did Waterstone request further discovery, an additional deposition of Ms. Rosevear, nor amend or supplement the report of their expert, Mr. Steve Oscher.

## ARGUMENT

### I. ROSEVEAR SHOULD BE PERMITTED TO TESTIFY IN MUTUAL'S CASE-IN-CHIEF.

Rule 26 provides that "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), that party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Knight through Kerr v. Miami-Dade Cnty.*, 856

F.3d 795, 811–12 (11th Cir. 2017). "Failure to disclose is 'harmless' where there is no substantial prejudice to the party entitled to receive the disclosure."

Courts employ the following factors to determine whether a failure to sufficiently disclose is substantially justified or harmless: (1) the surprise to the party against whom the evidence would be offered; (2) that party's ability to cure the surprise; (3) the extent to which permitting the evidence would disrupt trial; (4) the evidence's importance; and (5) the nondisclosing party's explanation for its failure to disclose. *See, e.g.*, *United States ex rel. Bane v. Breathe Easy Pulmonary Servs, Inc.*, No. 8:06-cv-40-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009); *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250 (M.D. Fla. 2012), *aff'd*, 505 F. App'x 928 (11th Cir. 2013); *Northrup v. Werner Enter., Inc.*, No. 8:14-cv-1627-T-27JSS, 2015 WL 4756947, at *2 (M.D. Fla. Aug. 11, 2015); *Hiscox Dedicated Corp. Member, Ltd. v. Matrix Group Ltd., Inc.*, No. 8:09-cv-2465-T-33AEP, 2011 WL 13150170, at *2 (M.D. Fla. Aug. 26, 2011) (Porcelli, Mag.).

Where a party has been permitted to take discovery of an expert, a belated disclosure or redesignation of an expert from rebuttal to an affirmative expert is permitted. *Canales v. Am. Sec. Ins. Co.*, No. 8:09-cv-1335-T-33AEP, 2010 WL 11629030, at *1-2 (M.D. Fla. Apr. 28, 2010) (Porcelli, Mag.) (plaintiffs' late disclosures were harmless because the defendant deposed both witnesses.); *see also Charalambopoulos v. Grammer*, No. 3:14-CV-2424-D 2017 U.S. Dist. LEXIS 33488, at *15-16 (N.D. Tex. Mar. 8, 2017) (allowing a rebuttal witness to be redesignated as an affirmative expert so long as opposing party is allowed to take the expert's deposition).

5

Importantly, the improper designation of an expert should not be excluded, particularly where there is no prejudice to the opposing party:

> But the Court will not impose a draconian penalty of excluding Chief Blakemore's testimony altogether because plaintiffs may have reached an incorrect determination in the exercise of how to label [the expert] as a witness in this case. The rules governing expert disclosures are intended to shield litigants from unfair surprise, not to be used by opportunistic litigants as a sword to strike down witnesses whose identities and proposed testimony have been known to them from the outset of the lawsuit. There is not the slightest possibility of prejudice to defendants in these circumstances, and the Court cannot endorse defendants' use of Rule 26(a)(2) as a trap for the unwary.

*Battle v. Allstate Indem. Co.*, No. 2:20-cv-901-CWB, 2023 WL 3457912, at *2 (M.D. Ala. Mar. 10, 2023) (citations omitted).

Here, the failure to disclose Ms. Rosevear as an expert rather than a rebuttal expert has resulted in no prejudice to Waterstone and was harmless. Regarding the first factor, there is no surprise to Waterstone, who has reiterated throughout the record that it believed the designation was improper and that Ms. Rosevear would be called in the case-in-chief. (ECF No. 84 at 1, 8-9; ECF No. 101 at 55-56.) Indeed, the Court permitted Defendant to take additional written discovery specifically based upon that argument. Mutual obliged without objection. (ECF No. 102 at 8:1-9:14.) The Court also cured any surprise by ensuring that after Waterstone had already deposed Ms. Rosevear for "a long time" (6 hours), it could review the written discovery and see whether another deposition was needed—again, something Waterstone admitted that it did not require. (*Id.*). Indeed, Waterstone was able to discuss the opinions in Ms. Rosevear's report with great detail. (*See e.g.*, ECF No. 84-

6

7.) Even before permitting additional discovery, Judge Barber was indifferent to the argument regarding whether Ms. Rosevear was properly designated. (ECF No. 101 at 55:22-56:11). Thus, any surprise was already cured. In addition, permitting the testimony of Ms. Rosevear would not disrupt trial, as Defendant has had the opportunity to prepare for this possibility for at least a year. It initially raised the concern last summer in July of 2023. (ECF No. 84). Such is ample time to minimize any disruption, particularly given the Court's willingness to provide Waterstone whatever discovery it wanted with no objection from Mutual.

Moreover, the evidence is certainly important, as it provides expert testimony as to Mutual's lost profits using a proven economic damages model. Though Mutual's counsel did not ascertain the need for expert testimony before Waterstone disclosed an expert, even if that decision was erroneous, it would not support exclusion of Ms. Rosevear from Mutual's case in chief.[1] In short, the factors weigh in favor of finding that any failure to disclose was harmless. Waterstone has not been prejudiced and has fully apprehended that Ms. Rosevear was in the case and could be called in Mutual's case-in-chief.

---

[1] In the Eleventh Circuit, "[a] party should not be punished for his attorney's mistake absent a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Ford v. Fogarty Van Lines, Inc.*, 780 F.2d 1582, 1583 (11th Cir. 1986)); *see also Square at Key Biscayne Condo. Ass'n, Inc. v. Scottsdale Ins. Co.*, 13-24222-CIV, 2014 WL 11946881, at *3 (S.D. Fla. Oct. 23, 2014) (citing *Ford v. Fogarty Van Lines, Inc.* in context of belated disclosure of expert report and concluding error was harmless.)

## **CONCLUSION**

For the reasons set forth above, the Court should deny the Motion in its entirety.

Dated:  Washington, D.C.
        May 14, 2024

MITCHELL SANDLER PLLC

By: */s/ Ari Karen*

Ari Karen (admitted *pro hac vice*)
Arielle Stephenson (admitted *pro hac vice*)
Christopher L. McCall (admitted *pro hac vice*)
Courtney E. Walter
1120 20th Street NW, Suite 725
Washington, D.C. 20036
Email: akaren@mitchellsandler.com
Email: astephenson@mitchellsandler.com
Email: cmccall@mitchellsandler.com
Email: cwalter@mitchellsandler.com
Telephone: (202) 886-5292

GUNSTER, YOAKLEY & STEWART, P.A.

John A. Schifino
Florida Bar No. 0072321
Daniel P. Dietrich
Florida Bar No. 934461
Gregory L. Pierson
Florida Bar No. 123905
401 East Jackson Street, Suite 1500
Tampa, Florida 33602
jschifino@gunster.com
ddietrich@gunster.com
gpierson@gunster.com
Telephone: (813) 228-9080

*Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*

## CERTIFICATE OF SERVICE

I certify that on May 14, 2024, a true and correct copy of the foregoing was filed with the Court via CM/ECF which will send a notice of electronic filing to the parties of record.

                                                */s/ Ari Karen*
                                                Ari Karen