UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> WATERSTONE MORTGAGE CORPORATION, <br><br> Defendant. | Case No. 8:22-cv-01660-UAM |

## PLAINTIFF MUTUAL OF OMAHA MORTGAGE, INC.'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE

Plaintiff Mutual of Omaha Mortgage, Inc. ("Mutual"), by undersigned counsel, respectfully moves the Court to enter an order, *in limine* to exclude: (1) testimony of former employees' job satisfaction while employed at Mutual; and (2) evidence of breach of contract by Mutual. In support thereof, Plaintiff states as follows:

### INTRODUCTION

Defendant Waterstone Mortgage Corp. ("Waterstone" or Defendant") intends on attempting to introduce evidence whose prejudicial effect far outweighs any potential probative value. First, Waterstone intends to have former employees testify as to every reason they did not like working at Mutual. Of course, this case is about how employees left Mutual – not why. This litigation concerns the legality and propriety of the actions taken by Waterstone in encouraging the improper lift-out of the Florida Mutual Operations. Thus, even if employees had legitimate reasons to

want to switch to Waterstone, it is not relevant. Additionally, the lack of any contemporaneous evidence of complaints, turnover, or other dissatisfaction of Mutual employees, essentially invites the perpetuation of character evidence testimony. Inviting employees to in effect bad-mouth their former employer for any number of unprovable reasons would simply allow prejudicial testimony. Even if true, the reasons would not justify or excuse the wrongful activities undertaken by Waterstone in connection with lifting away Mutual's Florida Operations.

    Secondly, Waterstone is going to attempt to introduce evidence of Mutual's actions – following the lift-out of the Florida Operations -- to justify an argument of anticipatory breach of contract. Though the lift-out of the Florida Operations had already occurred, Waterstone wants to argue that Mutual's subsequent reliance on the faithless servant doctrine to delay payment to certain employees, somehow justifies those employees' violations of the restrictive covenants at issue in this case. Again, whatever probative value might exist is outweighed by the prejudicial effect. Of course, any arguable breach associated with the non-payment of compensation that transpired after the lift-out of the Mutual Florida operations could never legally excuse the performance of the restrictive covenants, that were breached before the commission was allegedly due to be paid or allegedly withheld. Therefore, allowing the evidence of non-payment or delayed payment of commissions would simply act to prejudice the jury against Mutual and confuse the jury since any treatment of compensation due after the employees had already breached their restrictive covenants or violated their

2

fiduciary duties could not possibly excuse their previous wrongful conduct or that of Waterstone.

## LEGAL STANDARD

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial . . . [and] to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." *McHale v. Crown Equip. Corp.*, 2021 WL 4527509, at *1 (M.D. Fla. Oct. 1, 2021). This Court's authority to manage trials includes the power to exclude evidence pursuant to motions *in limine*. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion *in limine* is to exclude irrelevant and immaterial matters, or to exclude relevant evidence when its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 402 & 403; *see also Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1364 (11th Cir. 2002).

Moreover, a Court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *Ctr. Hill Courts Condo. Assn., Inc. v. Rockhill Ins. Co.*, 2020 WL 496065, at *2 (S.D. Fla. Jan. 30, 2020). "It is the province of the trial judge to weigh any materiality or relevance against any prejudice." *U.S. v. Stephenson*, 550 F. Supp. 3d 1246, 1251 (M.D. Fla. 2021). The "major function" of Rule 403 is to exclude "matter of scant or cumulative probative force, dragged in by

3

the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

## ARGUMENT

### I. Testimony Of Former Employees' Job Satisfaction While Employed at Mutual Should Be Excluded.

Permitting former employees, who now work for Mutual's competitor after being solicited, to create a hindsight laundry list of undocumented complaints would be highly prejudicial in comparison to the scant probative value. The jury is only tasked with deciding whether the way the employees left Mutual was problematic; there is little to no relevance to the reasons the employees chose to leave. The claims surround Waterstone's conduct in encouraging and assisting illegal activities. Why persons chose to participate in those activities is of little import. *Estate of Miller v. Ford Motor Co.*, No. 2:01-cv-545-FtM-29DNF, 2004 U.S. Dist. LEXIS 29846, at *11-12 (M.D. Fla. July 22, 2004) ("It is therefore entirely irrelevant whether the employees were supposedly unhappy at the time they chose to leave. [If] Ford is liable, it is liable based upon the defect relevant to this accident. Plaintiff will not be allowed to introduce evidence in her case-in-chief of other misconduct by Ford to show Ford is a 'bad' company[.] Whether Ford is a good or bad company, the only issues in this case are its liability for this one accident, and if liable, the extent of the damages."). Furthermore, there is no evidence in the record to support such testimony; Waterstone has not produced any evidence of the employees' job application submissions to alternate mortgage companies, complaints to Mutual, or other evidence that would support

4

such argument in the first place. Indeed, this testimony would amount to collateral character evidence[1] "dragged in by the heels for the sake of its prejudicial effect" to give former employees a mouthpiece to broadcast after-the-fact excuses for wrongful behavior, despite a complete lack of any contemporaneous evidence. *See Grant*, 256 F.3d at 1155.

Though Waterstone will likely argue that the evidence would be relevant to damages, any testimony about what employees might have done in the future would be inadmissible under Federal Rule of Evidence ("Rule") 701. Rule 701 provides that lay witness testimony in form of an opinion is limited to one that is "rationally based on the witness's perception." Fed. R. Evid. 701. "Opinions by lay witnesses must be derived from personal knowledge or experience." *Williams v. Mosaic Fertilizer, LLC*, 889 F.3d 1239, 1250 (11th Cir. 2018). Accordingly, a lay witness is prevented from testifying regarding "forward-looking speculation" and "conclusions reached with the benefit of hindsight." *Peronis v. United States*, No. 2:16-cv-01389-NBF, 2017 U.S. Dist. LEXIS 26273, at *5 (W.D. Pa. Feb. 17, 2017) (discussing scope of lay physician's permitted testimony); *see also Cont'l Materials Corp. v. Valco, Inc.*, Civil Action No. 1:14-cv-02510-JLK, 2019 U.S. Dist. LEXIS 242183, at *19 (D. Colo. Sep. 23, 2019)

---

[1] The use of an individual's character or character trait is prohibited if it is used to show that in a particular situation the individual acted in accordance with that trait. Fed R. Evid. 404(a)(1). Moreover, evidence of a crime, wrong, or act is inadmissible to prove an individual's character to show that in a particular situation the individual acted according to that character. Fed. R. Evid. 404(b)(1). Here, Waterstone would be offering such testimony to show that Mutual is a "bad" company before, therefore, Mutual acted consistent with that trait now.

5

(preventing CEO from testifying about what the company "would have done" if certain disclosures had been made because it is a "post hoc rationalization" and speculative.). Indeed, "the ability to answer hypothetical questions is the essential difference between expert and lay witnesses." *See United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005). Testifying about what a witness would have done almost two years ago is nothing more than a "conclusion[] reached with the benefit of hindsight." *Peronis*, 2017 U.S. Dist. LEXIS 26273, at *5. And asking a witness what they would have done had Waterstone not taken the actions complained of, is precisely a prohibited hypothetical question improper for a lay witness to answer. *See Henderson*, 409 F.3d at 1300. Accordingly, the Court, should exclude any testimony as to the job satisfaction of the former Mutual employees.

## II. Evidence Of Breach of Contract by Mutual Should Be Excluded.

Mutual also moves to exclude evidence of any failure by Mutual to compensate any of the Departed Employees under the relevant employment agreements after the lift-out of the Florida Operations. *See Crisostomo v. Kuhn Mgmt., Inc.*, No. 6:06-cv-1914-Orl-22UAM, 2008 WL 11336638, at *4 (M.D. Fla. Sept. 28, 2008) (explaining that motions *in limine* "serve important gatekeeping functions by allowing the trial judge to eliminate from consideration evidence that should not be presented to the jury").

Mutual expects Waterstone to attempt to inject evidence of Mutual's alleged failure to compensate the Departed Employees under Employment Agreements into

the trial of this action.[2] The Court should exclude that evidence because: (A) it constitutes irrelevant evidence, *see* Fed. R. Evid. 401; and (B) even if the Court deems the evidence relevant under Rule 401, its probative value is substantially outweighed by a danger of unfair prejudice and misleading the jury. *See* Fed. R. Evid. 403.

Florida law underscores that any evidence of a failure by Mutual to compensate any of the Departed Employees is irrelevant. Under Florida law, a material breach of an agreement permits the non-breaching party to treat the breach as a discharge of its contractual liability. *Branch Banking & Tr. Co. v. S&S Dev., Inc.*, No. 8:13-cv-2776-T-33MAP, 2015 WL 12683834, at *3 (M.D. Fla. June 30, 2015) (quoting *Colucci v. Kar Kare Auto. Grp., Inc.*, 918 So. 2d 431, 437 (Fla. 4th DCA 2006)). But, a breach could only excuse subsequent performance. *See*, *e.g.*, *Mattocks v. Black Ent. Television LLC*, 43 F. Supp. 3d 1311, 1320 (S.D. Fla. 2014) (holding that the plaintiff materially breached the agreement and could not maintain a breach-of-contract claim against the defendant based on conduct of the defendant that occurred after the plaintiff's material breach); *Hirsch v. Jupiter Golf Club LLC*, 232 F. Supp. 3d 1243, 1256–57 (S.D. Fla. 2017) (reciting the principle that a contracting party's material breach excuses the other party's material breach and concluding that "Defendant's denial of club access and

---

[2] Because Waterstone's affirmative defense concerning Mutual's "material breach of the employment agreements" identifies Mutual's "failure to compensate the former employees" as the only purported material breach by Mutual, Mutual focuses its analysis on the failure to compensate any of the Departed Employees. To the extent that Waterstone intends to introduce other evidence of a purported material breach of the Employment Agreements by Mutual, its affirmative defense lacks that information, and Mutual moves to exclude that evidence for the same reasons stated herein.

consequent recall of their membership excused Class Members' payments of any further dues, mandatory minimum charges, or fees"); *In re Jeffrey L. Miller Invs., Inc.*, 610 B.R. 692. 706 (Bankr. M.D. Fla. 2019) ("If the Debtor materially breached the sale contract, Premier would, of course, be excused from paying the purchase price and closing on the sale.").

Here, Waterstone acted, encouraged, or assisted the Departed Employees to breach the Employment Agreements in June of 2022 or in the months before. (*See* Compl., ECF No. 37 at ¶53-55.) Importantly, those breaches predate any failure by Mutual to compensate any of the Departed Employees, which occurred in the months that followed their resignations. Thus, the Departed Employees cannot rely upon any alleged nonpayment of commissions following their resignation to excuse their prior breach of their fiduciary duties and restrictive covenants.

Introducing evidence to the jury about any failure by Mutual to compensate its employees—well after Waterstone's wrongful conduct—would create a significant danger of blurring the central focus of this action and leading the jurors astray by inviting them to focus instead on *Mutual's* conduct, rather than Waterstone's conduct. Particularly given the nature of this testimony – the alleged nonpayment of commissions – the danger of prejudice is particularly great in light of the analysis above about the Departed Employees' breaches excusing Mutual's post-breach conduct. The introduction of such evidence could lead to a mini trial on whether any failure to

8

compensate the Departed Employees was excused. Thus, the Court should exclude the evidence under Rule 403.[3]

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that communication regarding this Motion was made with opposing counsel via telephone and that Defendant does not consent to the relief sought herein.

Dated:   May 15, 2024

Respectfully submitted,

*/s/ Ari Karen*
Ari Karen (admitted *pro hac vice*)
Chris McCall (admitted *pro hac vice*)
Courtney E. Walter
Arielle Stephenson (admitted *pro hac vice*)
**MITCHELL SANDLER PLLC**
1120 20th Street N.W., Suite 725
Washington, D.C.  20036
Email:  akaren@mitchellsandler.com
Email:  cmccall@mitchellsandler.com
Email:  cwalter@mitchellsandler.com
Email:  astephenson@mitchellsandler.com
Telephone:  (202) 886-5292

John A. Schifino
Florida Bar No. 0072321
Daniel P. Dietrich

---

[3] Further, Waterstone has not brought any counterclaim and, in any event, this affirmative defense would belong to the Departed Employees, not Waterstone. Indeed, Waterstone, as neither a party nor a third-party beneficiary to the Employment Agreements, may not raise this defense about Mutual's alleged breach of the Employment Agreements. *See De Soleil S. Beach Residential Condo. Ass'n, Inc. v. De Soleil S. Beach Ass'n, Inc.*, 315 So. 3d 58, 61–62 (Fla. 3d DCA 2020) (collecting cases for the proposition that "a non-party to a contract generally cannot raise, as a defense, the violation of the terms of that contract").

9

Florida Bar No. 934461
Gregory L. Pierson
Florida Bar No. 123905
**GUNSTER, YOAKLEY & STEWART, P.A.**
401 East Jackson Street, Suite 1500
Tampa, Florida 33602
jschifino@gunster.com
ddietrich@gunster.com
gpierson@gunster.com
Telephone: (813) 228-9080

*Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on May 15, 2024, a true and correct copy of the foregoing was filed with the Court via CM/ECF which will send a notice of electronic filing to the parties of record.

*/s/ Ari Karen*
Ari Karen