IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC.<br><br>        Plaintiff,<br><br>v.<br><br>WATERSTONE MORTGAGE CORPORATION,<br><br>        Defendant. | CASE NO. 8:22-cv-01660-UAM |

**WATERSTONE'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SOLICITATION BY DWAYNE HUTTO AND CHRIS SMITH**

**I.      INTRODUCTION**

Mutual cannot support its tortious interference claim (Claim III) with evidence that former branch managers Chris Smith or Dwayne Hutto improperly solicited branch employees because the Section 15.1 non-solicitation provision in the managers' Employment Agreements is unenforceable: Mutual selected California law as governing, and California law deems post-employment non-solicitation restrictions and no-hire provisions unenforceable. Section 15.1 contains both. And, Section 15.1 cannot be saved by severability and selective enforcement because it is not severable: it consists of a single sentence. California law does not permit blue penciling or reformation of a restrictive covenant. Thus, Mutual cannot enforce Section 15.1 against Hutto or Smith and its tortious interference claim depends on whether it can establish that the third branch manager alleged to have engaged in

2

wrongdoing, Chris Wolf, whose employment agreement is governed by Florida law, violated his employee non-solicit. The argument and evidence at trial, as well as the jury instructions and special verdict, should be in accord.

## II.    RELEVANT BACKGROUND

In 2018, Hutto, who managed Mutual's Daytona branch, and Smith, who managed Mutual's Tampa Branch, each signed an Employment Agreement with Mutual that included the following single sentence employee non-solicitation and no-hire provision:

> You agree not to recruit, hire, consult, or assist any other person or entity in identifying, contacting, recruiting, or hiring Company employees away from the Company or its affiliates to a competitor while employed by the Company and for a period of one year after your employment with the Company terminates.

(Exhibit 1 (Hutto Employment Agreement) at 4 ¶ 15.1; Exhibit 2 (Smith Employment Agreement) at 4 ¶ 15.1.) The Employment Agreements also contained identical governing law provisions that state "[t]he laws of the State of California will govern the formation, construction and performance of this Agreement without regard to its conflict of law principles." (Ex. 1 at 6 ¶ 19.1; Ex. 2 at 6 ¶ 19.1.)

Hutto and Smith, along with Daytona branch manager, Chris Wolf, have been the focus of Mutual's allegations. Specifically, Mutual argues the three then-Mutual managers conspired with Waterstone to unlawfully "steal the entirely of Mutual's Florida operations," in part by soliciting their branch employees to join Waterstone. (*See, e.g.*, Mutual Summ. J. Mot., DE 100, at 1.) Mutual has alleged no wrongdoing

3

on the part of a fourth former branch manager, John Utsch, who managed the Tampa branch with Chris Smith. (*See* DE 104-10; *see* Am. Compl., DE 32.)

In addition, the damages Mutual seeks are based on the departure of its Tampa and Daytona branches, which ties back to the allegations that the managers improperly solicited the branch employees. (*See* Mutual Summ. J. Mot., DE 100, at 24) ("[a]t worst, the [lost profit damages] time period may be limited to twelve months because Mutual's Employment Agreements include a twelve-month non-solicitation period during which the Departed Employees would not have otherwise been able to solicit the Mutual Florida branch employees…").

## III.  ARGUMENT

It is well-established that post-employment employee non-solicitation clauses violate California's Labor & Professional Code § 16600, which voids contracts that "restrain anyone from engaging in a lawful profession, trade, or business of any kind."  Employee non-solicits, such as Mutual's, "work[] as a restraint on any former employee by 'restricting who may work alongside them.'" *Parsable, Inc. v. Landreth*, Case No. 22-cv-01741-CRB, 2022 WL 19692034, *4 (N.D. Cal. Aug. 5, 2022) (quoting *Conversion Logic, Inc. v. Measured, Inc.*, Case No. 2:19-cv-05546-ODW (FFMx), 2019 WL 6828283, *4 (C.D. Cal. Dec. 13, 2019)).[1] Applying this principle,

---

[1] *See e.g.*, *Parsable*, 2022 WL 19692034 at *3–*4 (non-solicitation clause prohibiting former employee from "encourag[ing] or solicit[ing] any employee or consultant" to leave his former employer for one year post-termination was void under California law); *WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 851 (N.D. Cal. 2019) (finding that, at preliminary injunction stage, employer was unlikely to succeed on breach of contract claim because one-year employee non-solicitation clause was void under California law); *AMN Healthcare v. Aya Healthcare Servs., Inc.*, 239 Cal. Rptr. 3d 577, 589–90 (Cal. Ct. App. 2018) (one-year non-solicitation

*footnote continued on next page…*

courts in and outside California have held that post-employment non-solicitation clauses governed by California law are unenforceable. As such, Section 15.1, which contains a prohibition on soliciting employees for one year post-employment is unenforceable.

In addition, Section 15.1 includes unenforceable no-hire language. *See VL Sys., Inc. v. Unisen, Inc.*, 152 Cal. App. 4th 708, 718, 61 Cal. Rptr. 3d 818, 826 (2007) (no hire as to all employees is unenforceable, reasoning no-hires restrict employment opportunities without the employees knowledge or consent); *Silguero v. Creteguard, Inc.*, 187 Cal. App. 4th 60, 70, 113 Cal. Rptr. 3d 653, 661 (2010) (no-hire provisions are void and unenforceable under section 16600 because they unfairly limit the mobility of an employee and employers should not be allowed to indirectly accomplish a restriction on mobility they could not accomplish directly); *SriCom, Inc. v. EbisLogic, Inc.*, No. 12-CV-00904-LHK, 2012 WL 4051222, at *4 (N.D. Cal. Sept. 13, 2012) ("[N]o-hire agreements are generally void under [Section 16600]."); *Thomas Weisel Partners LLC v. BNP Paribas*, No. C 07-6198 MHP, 2010 WL 546497, at *6 (N.D. Cal. Feb. 10, 2010) (no-hire agreement would serve to restrain mobility

---

provision was void under Cal. Bus. & Prof. Code § 16600); *Barker v. Insight Global, LLC*, Case No. 16-cv-07186-BLF, 2019 WL 176260, *1 (N.D. Cal. Jan 1, 2019) (granting employee's motion for reconsideration of employee non-solicitation clause in light of *AMN Healthcare*); *Gen. Elec. Co. v. Uptake Techs., Inc.*, 394 F. Supp. 3d 815, 827 (N.D. Ill. 2019) (finding employee non-solicitation provision void under California law); *NuVasive, Inc. v. Miles*, C.A. No. 2017-0720-SG, 2019 WL 4010814, *7 (Del. Ch. Aug. 26, 2019) (one-year employee non-solicitation provision was a "restraint of trade in violation of California fundamental policy as expressed in Section 16600") (unpublished decision).

5

in much the same way as a covenant not to compete and is thus barred by Section 16600).

While California law permits enforcement of lawful restrictive covenants that are severable from unenforceable provisions, Mutual put its unenforceable no-hire language and its unenforceable post-employment non-solicit language in the same sentence as its prohibition on solicitation of employees during employment. As such, the entire non-solicitation provision is unenforceable as California law does not permit modification or "blue penciling" of unlawful restrictive covenants. *See, e.g.*, *Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 579, 102 Cal. Rptr. 3d 1, 12 (2009) ("We also reject [Defendant's] argument that the trial court failed to interpret the clauses in such a way as to make them lawful. Any attempt to construe the noncompete and nonsolicitation clauses in such a manner as to make them lawful would not be reforming the contract to correct a mistake of the parties but rather to save a statutorily proscribed and void provision.")

Based on the foregoing, the Court should exclude any purported evidence of solicitation by Hutto or Smith as grounds for the tortious interference claim because Section 15.1 is unenforceable as a matter of law. The jury should not be misled to think that Smith and Hutto were restricted by any contractual non-solicitation obligations owed to Mutual. While Mutual has yet to identify any specific evidence of alleged solicitation by Hutto or Smith, it should not be permitted to introduce any form of evidence supporting these allegations at trial because Hutto and Smith were free to solicit.

It follows that, because Hutto's and Smith's employee non-solicits are invalid, Mutual's tortious interference claim based on Hutto's and Smith's employment agreement are futile. Waterstone cannot be found to have tortiously interfered with a contract provision that is invalid and unenforceable. *See, e.g.*, *Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, No. 15-24363-CIV, 2018 WL 4932871, at *10 (S.D. Fla. Apr. 23, 2018) (quoting *Mariscotti v. Merco Group At Akoya, Inc.*, 917 So.2d 890, 892 (Fla. 3d DCA 2005) ("If, for example, a contract is unenforceable, then an element of a tortious interference with contract claim is absent.")).

As a result, and because Mutual has never alleged wrongdoing by John Utsch, Mutual's tortious interference claim can proceed based on only the employee non-solicit in the agreement of former branch manager, Chris Wolf.

## IV.   CONCLUSION

For the reasons set forth above, Waterstone requests that the Court grant its motion *in limine* and confirm that Mutual cannot present evidence of solicitation by Hutto or Smith at trial to support its tortious interference claim or otherwise.

Dated: May 16, 2024.

/s/ Maria L. Kreiter
Maria Kreiter (admitted pro hac vice)
Emma Jewell (admitted pro hac vice)
Xavier Jenkins (admitted pro hac vice)
GODFREY KAHN S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 287-9466 (Telephone)
mkreiter@gklaw.com
ejewell@gklaw.com
xjenkins@gklaw.com

Scott A. McLaren (FBN: 414816)
Carolina Y. Blanco (FBN: 0098878)
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
carolina.blanco@hwhlaw.com
scott.mclaren@hwhlaw.com

*Attorneys for Defendant Waterstone Mortgage Corporation*