UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MUTUAL OF OMAHA
MORTGAGE, INC,

    Plaintiff,

v.                                                  Case No. 8:22-cv-01660-UAM

WATERSTONE MORTGAGE
CORPORATION,

    Defendants.
_____/

## ORDER

This cause comes before the Court following this matter's May 17, 2024 motion hearing and pretrial conference. At the hearing, argument was heard as to the following pending matters: Plaintiff's Motion for Summary Judgment (Doc. 137), Plaintiff's Motion for Reconsideration (Doc. 164), Defendant's Motion in Limine to Exclude Evidence Related to Damages (Doc. 166), and Defendant's Motion in Limine to Exclude Testimony from Candice Rosevear in Plaintiff's Case-in-Chief (Doc. 170).

For the reasons stated at the hearing, it is hereby

**ORDERED:**

1.     Plaintiff's Motion for Summary Judgment (Doc. 137) is **DENIED WITHOUT PREJUDICE**. Based on the record before this Court, the undersigned finds that Plaintiff has established a genuine issue of material fact as to whether its

profit and loss statements were a trade secret misappropriated by Defendant and thus denies the motion. As indicated at the hearing, Plaintiff is directed to identify for Defendant by exhibit numbers the trade secrets at issue in Counts I and II of its Complaint by **Friday, May 24, 2024**.

2. Plaintiff's Motion for Reconsideration (Doc. 164) is **GRANTED** to the extent that the Court will allow damages regarding the loan volume attributable to branch managers to be considered if the evidence establishes the managers were unlawfully solicited by other employees. The Motion (Doc. 164) is **DENIED** in all other respects.

3. Defendant's Motion in Limine to Exclude Evidence Related to Damages (Doc. 166) is **DENIED**. Judge Barber previously addressed the issue of lost profit damages and did not prohibit such a showing but rather directed that Plaintiff would need to provide "some standard" for the calculation of the time duration component of its future lost profits damage models. (Doc. 146 at 10). Accordingly, in light of Judge Barber's ruling and Plaintiff's stipulation, Plaintiff is free to attempt to present lost profit damages up to thirty (30) months. The Court will not eliminate Plaintiff's future lost profits claim from the case at this time. However, as stated by Judge Barber: "if after presenting its case-in-chief, Plaintiff has not provided 'some standard' for the time duration component of its future lost profits damage models the Court will, pursuant to Fed. R. Civ. P. 50, eliminate this claim from the case and not permit Plaintiff to ask the jury for an award of future lost profits as a measure of damages. To reiterate, Florida law does not permit a

plaintiff to ask a jury for future lost profits without 'some standard' for the jury to determine the length of time over which future lost profits should be awarded." (Doc. 146 at 10-11).

4. Defendant's Motion in Limine to Exclude Testimony from Candice Rosevear in Plaintiff's Case-in-Chief (Doc. 170) is **DENIED**. Given that trial for this matter has been continued, any prejudice Defendant would face through the testimony of Ms. Rosevear in Plaintiff's case-in-chief is remedied through supplemental reporting and discovery. Plaintiff is directed to file a supplemental expert report as to its theory of lost profit damages for thirty months and identify any experts who will testify to same. Said individual(s) may be deposed by Defendant.

5. The parties are directed to meet and confer to determine a scheduling sequence for the remaining expert discovery and propose a new trial date.

DONE AND ORDERED in Tampa, Florida, on this 22nd day of May 2024.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

3