IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC.<br><br>　　　　Plaintiff,<br><br>v.<br><br>WATERSTONE MORTGAGE CORPORATION,<br><br>　　　　Defendant. | CASE NO. 8:22-cv-01660-UAM |

### WATERSTONE'S OBJECTION TO DISCLOSURE OF NEW, INCONSISTENT "FACTS" 11 MONTHS AFTER THE CLOSE OF DISCOVERY AND ON THE EVE OF TRIAL

After the final pretrial conference on May 17, 2024 at which the Court directed the parties to discuss re-scheduling of the jury trial previously set for June 3, 2024, Mutual disclosed **284 documents** as its alleged trade secrets, **hundreds** of which were ***never previously identified*** as trade secrets either in discovery or in response to the Court's March 1, 2023 Order that Mutual identify its trade secrets by bates-number. In addition, Mutual plans to disclose *new facts never disclosed in discovery* from a corporate representative in attempt to support its new *post-discovery* "amended expert report" alleging damages over a 30-month period.

Discovery closed on **July 31, 2023**. Waterstone already spent two days deposing Mutual's corporate representatives more than a year ago on May 25-26, 2023, where binding testimony concerning Mutual's alleged damages was elicited.

1

The Federal Rules must have meaning and be enforced. The Court should not allow this redo attempt by Mutual to render the entire discovery process and the Rules of Civil Procedure meaningless.

Waterstone informs the Court in advance of the June 4, 2024 hearing that the parties conferred on May 29, 2024 and June 3, 2024 regarding these issues and have not reached an agreement on dates to re-schedule the trial as the parties have widely divergent views on the scope of the Court's May 22, 2024 order, including whether Mutual is permitted to introduce new facts and evidence at this late stage or whether Mutual is bound by the record developed in discovery as the Federal Rules require.

Mutual's Alleged Trade Secrets

1. The Court ordered Mutual to identify the trade secrets that have been at issue in Counts I and II of its Complaint by Friday, May 24, 2024. (DE 197, ¶ 1.)

2. Mutual provided its list of alleged trade secrets on May 24, 2024. The disclosure lists 29 exhibits, but most exhibits consist of numerous documents. In total, includes 342 documents.

3. Mutual then provided an *amended list* of alleged trade secrets set forth in Exhibit 1 on *May 30, 2024*. The amended disclosure lists 22 exhibits, consisting of ***284 documents***.

4. Mutual has now identified two completely new lists of documents as its purported trade secrets that are not narrowed or comprehensible in any sense. These lists are different than the 186 documents identified as trade secrets before the July

31, 2023 close of discovery and in response to the Court's March 1, 2023 order that Mutual identify its trade secrets by bates-number. (DE 52.)

5. As shown on the annotated chart attached as Exhibit 2, **216** of the now 284 alleged trade secrets were *never identified* as trade secrets prior to the July 31, 2023 close of discovery.

6. Moreover, 89 of the 284 alleged trade secrets are brand new documents that were *never previously identified, period*.

7. In sum, Mutual's purported trade secrets have changed completely at least *five* times, including *four* times *since discovery closed*:

| Disclosure | Date | Number of Documents Identified as Trade Secrets |
|---|---|---|
| Mutual's Second Amended Responses and Objections to Waterstone's First Set of Interrogatories, following the Court's March 1, 2023 Order that Mutual identify its trade secrets by bates-number. (DE 52, 137-3.) | March 10, 2023 | 186 |
| *Discovery Close* | **July 31, 2023** | |
| Exhibit A to Mutual's Response in Opposition to Waterstone's Motion for Summary Judgment (DE 90) | April 1, 2024 | 639 |
| Mutual's Third Amended Responses and Objections to Waterstone's First Set of Interrogatories. (DE 159-1.) | April 4, 2024 | 39 |
| Plaintiff's Identification of Trade Secrets Pursuant to May 22, 2024 Order | May 24, 2024 | 342 (compiled in 29 exhibits) |
| Plaintiff's Revised Identification of Trade Secrets Pursuant to May 22, 2024 Order | May 30, 2024 | 284 (compiled in 22 exhibits) |

8. The Court's May 22, 2024 order granted Mutual a limited extension of time to identify its trade secrets and provide clarification.

9. Mutual's May 24, 2024 and May 30, 2024 disclosures go way beyond identification and attempt to inject a majority of the documents into the case as alleged trade secrets despite that Mutual never identified them as such in discovery.

10. Furthermore, before May 24, 2024, Mutual has *never* organized or identified its trade secrets by borrower. Mutual has consistently maintained the opposite position: it is not seeking damages based on allegedly diverted loans. Mutual even stipulated that it is not seeking any damages based on allegedly diverted loans on May 21, 2024. (DE 196.)

11. Waterstone already incurred unnecessarily high attorney and expert witness fees vetting the 186 alleged trade secrets Mutual disclosed in discovery. Mutual should not be permitted to "redo" its case at this stage. Mutual is bound by the facts and the record as set forth in discovery. *See* Fed. R. Civ. P. 37(c)(1); *Fox v. Safeco Ins. Co. of Illinois*, No. 8:16-CV-2665, 2017 WL 4102312, at *2 (M.D. Fla. Sept. 15, 2017) (explaining that "a case management and scheduling order must limit the time to complete discovery" and the "duty to supplement discovery does not allow [a party] to ignore the scheduled deadlines set by the Court"). *See also Goodman-Gable-Gould v. Tiara Condo. Ass'n, Inc.,* 595 F.3d 1203, 1209-12 (11th Cir. 2010) (affirming exclusion of evidence based on discovery violations and failure to make proper disclosures under Rule 26); *Brown v. Vivint Solar, Inc.*, No. 8:18-CV-2838, 2020 WL

4

5016898, at *2 (M.D. Fla. Aug. 25, 2020) (excluding evidence not disclosed in discovery). Any trade secrets purportedly identified by Mutual after that date should not be countenanced. *Id.*

12. As such, the Court should strike the 216 documents that were never identified in discovery from Mutual's May 30, 2024 list of alleged trade secrets, limiting Mutual's alleged trade secrets to the 68 documents that were identified in discovery and the subject of Waterstone's discovery efforts and all prior expert analysis.

<u>Mutual's New Theory of Damages</u>

13. Mutual also seeks to "redo" damages entirely. The Court directed a supplemental expert report as to Mutual's theory of lost profit damages for thirty months and ordered Mutual to identify any experts who will testify to the same. (DE 197.)

14. Mutual has now indicated that it is not only amending its expert report but also disclosing an entirely new theory of damages that requires factual support from one or more corporate representatives. Neither the Court's order, nor Judge Barber's decision on damages, permits Mutual to inject new facts and evidence in the case, which is exactly what Mutual seeks to do.

15. Mutual contends the corporate representative will testify that a thirty-month duration is sought based on data regarding the Mutual branch employees and the duration of their employment, as well as what is typical in the industry and for Mutual, similar to the analysis set forth *for the first time* in its response to

5

Waterstone's motion *in limine* to exclude evidence related to damages filed 10 months after the close of discovery. (Dkt. 176 at 10-11.)

16. Mutual has been making up its damages since the initial hearing when its counsel estimated Mutual's damages to Judge Barber as approximately $250,000. (October 12, 2022 Hrg. Tr., DE 40, Transcript at 12:11.)

17. Mutual does not get to redo the entire factual basis for its damages on the eve of trial, many months after the close of discovery. FED. R. CIV. P. 37(c)(1) (a party is not allowed to use information to supply evidence at trial that was not disclosed in discovery); *Goodman-Gable-Gould*, 595 F.3d at 1209-12 (11th Cir. 2010) (affirming exclusion of evidence based on discovery violations and failure to make proper disclosures under Rule 26); *Brown,* 2020 WL 5016898, at *2 (M.D. Fla. Aug. 25, 2020) (excluding evidence not disclosed in discovery).

18. If 30 months is the duration Mutual is allowed to present at trial, Mutual is bound by the facts and evidence already disclosed in discovery to support that damage duration. The Court's order is not to the contrary.

19. Waterstone asks that the Court reject Mutual's new fact theories on both trade secrets and damages.

| Dated: June 3rd, 2024. | *s/ Maria L. Kreiter* |
|---|---|
| | Maria Kreiter (admitted pro hac vice) |
| | Emma Jewell (admitted pro hac vice) |
| | Xavier Jenkins (admitted pro hac vice) |
| | GODFREY KAHN S.C. |
| | 833 East Michigan Street, Suite 1800 |
| | Milwaukee, WI 53202 |
| | (414) 287-9466 (Telephone) |
| | mkreiter@gklaw.com |

ejewell@gklaw.com
xjenkins@gklaw.com

Scott A. McLaren (FBN: 414816)
Carolina Y. Blanco (FBN: 0098878)
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
scott.mclaren@hwhlaw.com
carolina.blanco@hwhlaw.com

*Attorneys for Defendant Waterstone Mortgage Corporation*

7

31279518.3