# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., | ) )  Case No. 8:22-cv-01660-UAM |
| Plaintiff, | ) ) **NOTICE OF DOCUMENTS AND** |
| v. | ) **CITATIONS TO BE USED AT JUNE 13,** ) **2024 HEARING REGARDING** |
| WATERSTONE MORTGAGE CORPORATION, | ) **PLAINTIFF'S GOOD CAUSE FOR** ) **IDENTIFICATION OF TRADE SECRETS** ) ) |
| Defendant. | ) |

In order to facilitate and provide opportunity for the Court and opposing counsel to review portions of the record that Mutual intends to rely on for its position regarding good cause for belated disclosure of trade secrets documents, Plaintiff Mutual of Omaha Mortgage ("Mutual") submits this notice.

At the last hearing on June 4, 2024, the Court requested an explanation for good cause as to why the documents Mutual relies on its April 1, 2024 supplement to discovery were not disclosed in response to Judge Sneed's order following Defendant Waterstone Mortgage Corporation's ("Waterstone") motion to compel discovery ("MTC").

Hearing on this issue is scheduled for June 13, 2024. Mutual is providing this explanation in advance of the hearing in order to be transparent about its position and because it requires an examination of the record and citations that would not be possible during oral presentation without the benefit of prior review. In addition, this

1

would allow the Court to formulate any questions it may have about the record prior to the hearing and would avoid Mutual presenting this explanation and citations live during oral argument on the Court and Waterstone, with no opportunity to prepare.

I. **The Context of the Motion to Compel Briefing and Motion Hearing Reflect an Honest Understanding that Mutual Would Amend Its Discovery Responses to Identify Documents It Produced**

The context of Waterstone's MTC, was the demand that Mutual identify each document by category corresponding to the document request to which the document was specifically produced. The parties were both operating under that context during the motions. For instance, Waterstone asked the Court to

> order Mutual to (i) identify by bates-number the documents *it was* referencing when it put in its written responses to Interrogatories 2-8 that *previously produced* documents reflect the information requested[.]

MTC, ECF No. 42 at 8 (emphasis added). Mutual's opposition to the MTC re-iterates this understanding of Waterstone's request:

> Defendant argues Plaintiff should be required to associate each document produced with the specific discovery request to which that document is being produced.

Opposition to MTC, ECF No. 45, at 8.

The hearing on the MTC was similarly focused on the identification of documents that Mutual produced *See* March 1, 2023 Hearing Tr., ECF No. 61 at 13:8-12 ("I do think it will be helpful for you to go ahead and provide those Bates numbers for all of the – that correspond to the -- the responses that you provided to the interrogatory requests, especially where you said 'look to the documents that *I produced* for the answer.'" (emphasis added); *see also id.* at 21:22-25 ("Okay. So it may be helpful

2

to go ahead and then specify the documents that *had been produced* that correspond to this request as well, particularly where you're referring to the forms and workflows." (emphasis added). At no point during the briefing or at the hearing on this motion does the record demonstrate that the intent was for Mutual to identify by Bates number every document produced by either side that it believed constituted a trade secret or was otherwise responsive to a discovery request.

II. **The MTC Order and Both Parties Responses Following the Order Confirm the Understanding that the Parties Amended Responses Would Only Identify Documents Produced by That Party**

Following the MTC hearing, Judge Sneed issued an Order that similarly referred Mutual to previously produced documents. Order, ECF No. 52 at ¶4 ("With respect to Defendant's Interrogatories Nos. 2–8, Plaintiff shall supplement its responses to include the bates numbers of those produced documents on which it relies as responsive to each interrogatory."). In addition, Judge Sneed ordered that the requirement to identify the produced documents that correspond to the interrogatory was to also apply to Waterstone. *Id.* at ¶ 11 ("As requested by Plaintiff's counsel at the hearing, Defendant is ordered to supplement its responses to Plaintiff's document requests to include the bates numbers of those produced documents on which it relies as responsive to each request.").

The conduct thereafter of both parties reflects that, consistent with the briefing and hearing, both parties understood that the requirement to associate the produced documents with the corresponding interrogatory only applied to documents produced

3

by the answering party. Consistent with that understanding, and in full transparency, Mutual amended its interrogatory responses to state:

> Plaintiff identifies the following trade secrets that are at issue in this case, which are described in paragraphs 3 and 37-42 of Plaintiff's First Amended Complaint, and for each such trade secret, *Plaintiff has provided the Bates numbers at which Plaintiff has produced documents regarding the trade secret*:

Mutual's Amended Responses to Waterstone's Interrogatories (dated March 10, 2023), attached as Ex. A (emphasis added).

In addition, Waterstone supplemented its discovery responses, and only identified documents produced by Waterstone:

> "WaterStone further responds that it has agreed to produce the information regarding loans closed at WaterStone involving the former Mutual employees as set forth in response to Request 5 (a listing of loans closed by the relevant branches within the first two months — regardless of any alleged tie to Mutual — along with the associated loan applications). *See* WMC000001-WMC000670; WMC000679- WMC000681").

Waterstone's Amended Responses to Mutual's Requests for production (dated March 9, 2023), attached as Ex. B. Notably, neither Waterstone nor Mutual identified documents produced by the other in supplementing their responses as ordered by the Court. Neither Waterstone nor Mutual objected to the extent their supplemental answers only identified the documents they had each respectively self-produced. This is particularly instructive as Mutual specifically explained its supplementation was limited to the documents it had produced.

Mutual's understanding that it was to amend its interrogatory responses to identify documents it produced is supported by the record, which Mutual requests that the Court examine in advance of the hearing. Mutual's conduct throughout the MTC process was in good faith, amending its responses based on its understanding of what the parties had discussed leading up to and with the Court during the MTC hearing. Mutual thanks the Court in advance for its consideration of the applicable portions of the record.

Dated:   Washington, D.C.
         May 30, 2024

                            MITCHELL SANDLER PLLC

                            By:  */s/ Ari Karen*

                            Ari Karen (admitted *pro hac vice*)
                            Arielle Stephenson (admitted *pro hac vice*)
                            Christopher L. McCall (admitted *pro hac vice*)
                            Courtney E. Walter
                            1120 20th Street NW, Suite 725
                            Washington, D.C. 20036
                            Email:
                            Email:  astephenson@mitchellsandler.com
                            Email:  cmccall@mitchellsandler.com
                            Email:  cwalter@mitchellsandler.com
                            Telephone: (202) 886-5292

                            GUNSTER, YOAKLEY & STEWART, P.A.

                            John A. Schifino
                            Florida Bar No. 0072321
                            Daniel P. Dietrich
                            Florida Bar No. 934461
                            Gregory L. Pierson
                            Florida Bar No. 123905
                            401 East Jackson Street, Suite 1500
                            Tampa, Florida 33602

jschifino@gunster.com
ddietrich@gunster.com
gpierson@gunster.com
Telephone: (813) 228-9080

*Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*

## CERTIFICATE OF SERVICE

I certify that on June 11, 2024, a true and correct copy of the foregoing was filed with the Court via CM/ECF which will send a notice of electronic filing to the parties of record.

*/s/ Ari Karen*
Ari Karen
