# **EXHIBIT B**

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC. <br><br> Plaintiff, <br><br> v. <br><br> WATERSTONE MORTGAGE CORPORATION, <br><br> Defendant. | CASE NO. 8:22-cv-01660-TPB-JSS |

**WATERSTONE MORTGAGE CORPORATION'S AMENDED RESPONSES TO MUTUAL OF OMAHA MORTGAGE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION**

TO:  Mutual of Omaha Mortgage, Inc.
c/o John A. Schifino, Esq.
Gunster, Yoakley & Stewart, P.A.
401 East Jackson Street, Suite 1500
Tampa, Florida 33602
jschifino@gunster.com

Christopher L. McCall, Esq.
1120 20th Street, NW, Suite 725
Washington, DC 20036
cmccall@mitchellsandler.com

Defendant WaterStone Mortgage Corporation ("WaterStone"), pursuant to the Court's March 1, 2023 Order, submits the following Amended Responses to Plaintiff Mutual of Omaha Mortgage, Inc.'s ("Mutual") First Set of Requests for Production. WaterStone has produced 11,950 pages of responsive documents

compared to Plaintiff's 3,483 pages of documents——*more than three times* the documents produced by Mutual.

## REQUESTS

1. All Communications between You and any one or more of the Departed Employees regarding their employment with Plaintiff.

**RESPONSE:** WaterStone objects to the extent Request 1 seeks privileged documents. Subject to that objection and without waiving it, WaterStone will produce responsive communications exchanged with the former Mutual employees from the branches at issue who joined WaterStone. WaterStone will also produce a privilege log describing withheld Communications responsive to this request.

WaterStone has searched its e-mail archive system for: (1) all e-mails and documents exchanged between any WaterStone employees and the former Mutual employees from the branches at issue who joined WaterStone prior to their employment with WaterStone; (2) all e-mails containing the terms "Mutual Mortgage of Omaha"; "Mutual of Omaha"; or "Omaha" from June 1, 2021 through June 16, 2022, and any documents attached to those e-mails; and (3) all e-mails and documents exchanged between the WaterStone employees directly involved in recruiting the two branches at issue and the branch managers (Chris Smith, John Utsch, and Dwayne Hutto) prior to those branches' transition to WaterStone. WaterStone has produced these communications and documents. *See* WMC000682–WMC009435.

2. All Communications regarding any one or more of the Departed Employees.

**RESPONSE:** WaterStone objects that Request 2 seeks irrelevant information, is overly broad, and unduly burdensome because it seeks all communications regarding the Departed Employees, without limitation as to time or the subject matter of the Complaint. Request 2 would include communications that do not bear on any potentially relevant issue, including communications in the ordinary course of WaterStone's business operations, across a nationwide footprint. WaterStone further objects to the extent Request 2 seeks privileged documents. Subject to those objections and without waiving them, WaterStone will produce communications regarding the recruiting of the former Mutual employees from the branches at issue who joined WaterStone. WaterStone will also produce a privilege log describing withheld Communications responsive to this request.

WaterStone has searched its e-mail archive system for: (1) all e-mails and documents exchanged between any WaterStone employees and the former Mutual employees from the branches at issue who joined WaterStone prior to their employment with WaterStone; (2) all e-mails containing the terms "Mutual Mortgage of Omaha"; "Mutual of Omaha"; or "Omaha" from June 1, 2021 through June 16, 2022, and any documents attached to those e-mails; and (3) all e-mails and documents exchanged between the WaterStone employees directly involved in recruiting the two branches at issue and the branch managers (Chris Smith, John Utsch, and Dwayne Hutto) prior to those branches' transition to WaterStone.

WaterStone has produced these communications and documents. *See* WMC000682–WMC009435.

    3.    All Communications between You and any one or more of the Departed Employees regarding their employment with You.

**RESPONSE:** WaterStone objects to the extent Request 3 seeks privileged documents. WaterStone further objects that the request is vague to the extent it seeks communications after the employees joined WaterStone, as communications "regarding their employment" could then include ordinary course business correspondence. Subject to those objections and without waiving them, WaterStone will produce responsive communications exchanged with the former Mutual employees who joined WaterStone prior to the start of each employee's employment with WaterStone. WaterStone will also produce a privilege log describing withheld Communications responsive to this request.

    WaterStone has searched its e-mail archive system for: (1) all e-mails and documents exchanged between any WaterStone employees and the former Mutual employees from the branches at issue who joined WaterStone prior to their employment with WaterStone; (2) all e-mails containing the terms "Mutual Mortgage of Omaha"; "Mutual of Omaha"; or "Omaha" from June 1, 2021 through June 16, 2022, and any documents attached to those e-mails; and (3) all e-mails and documents exchanged between the WaterStone employees directly involved in recruiting the two branches at issue and the branch managers (Chris Smith, John Utsch, and Dwayne Hutto) prior to those branches' transition to WaterStone.

WaterStone has produced these communications and documents. *See* WMC000682–WMC009435.

    4.    All contracts or agreements between You and the Departed Employees including, but not limited to, employee agreements, compensation agreements, and indemnification agreements.

**RESPONSE:** WaterStone will produce the responsive agreements.

*See* WMC009436-WMC011812.

    5.    All Communications and Documents regarding loans originated, or loan applications begun, while the Departed Employees were employed by Plaintiff.

**RESPONSE:** WaterStone objects that Request 5 seeks irrelevant information, is overly broad, and unduly burdensome because it is not limited to loans and applications involving the "Departed Employees." WaterStone was originating loans nationwide during the designated period through employees and branches that have nothing to do with the suit. WaterStone further objects that Request 5 is overly broad, unduly burdensome, and seeks irrelevant information because it seeks all communications and documents regarding loans and applications, which would include the entire loan file and a volume of personal and financial information of the borrowers that does not bear on any potentially relevant issue. WaterStone further objects that it lacks information sufficient to respond to Request 5 because loans closed with WaterStone were based on borrower applications submitted to WaterStone, not Mutual.

Subject to those objections and without waiving them, WaterStone will produce spreadsheets of its Ormond Beach closings from April 27, 2022 through June 27, 2022 and its Tampa and New Jersey closings from June 16, 2022 through August 15, 2022 (both periods representing approximately two months of closings after the employees transitioned), that show, among other information, the closing date, borrower, loan officer, loan amount, and loan type. *See* WMC000679-WMC000681. WaterStone will also produce the WaterStone loan applications associated with these loans. *See* WMC000001-WMC000670. WaterStone is willing to discuss further production of relevant information if Mutual can demonstrate certain of the loans disclosed involve a borrower with a pre-existing loan application at Mutual.

      6.    All Communications and Documents regarding onboarding any one or more of the Departed Employees.

**RESPONSE:** WaterStone objects to the extent Request 6 seeks privileged documents. WaterStone further objects to Request 6 to the extent it seeks irrelevant documents, such as benefits information, systems training, personnel documents, and other ordinary course onboarding materials. Subject to those objections and without waiving them, WaterStone will produce the offer letters applicable to the former Mutual employees. WaterStone will also produce a privilege log describing withheld Communications and Documents responsive to this request.

WaterStone has produced the offer letters and employment agreements applicable to the former Mutual employees. *See* WMC9436-WMC011812.

    7.    All Communications and Documents regarding Your efforts to solicit and hire any one or more of the Departed Employees.

**RESPONSE:** Waterstone will produce the responsive documents.

WaterStone has searched its e-mail archive system for: (1) all e-mails and documents exchanged between any WaterStone employees and the former Mutual employees from the branches at issue who joined WaterStone prior to their employment with WaterStone; (2) all e-mails containing the terms "Mutual Mortgage of Omaha"; "Mutual of Omaha"; or "Omaha" from June 1, 2021 through June 16, 2022, and any documents attached to those e-mails; and (3) all e-mails and documents exchanged between the WaterStone employees directly involved in recruiting the two branches at issue and the branch managers (Chris Smith, John Utsch, and Dwayne Hutto) prior to those branches' transition to WaterStone. WaterStone has produced these communications and documents. *See* WMC000682–WMC009435.

    8.    All Communications and Documents regarding confidential, sensitive, or trade secret information provided to You by any one or more of the Departed Employees, including, but not limited to, the Communications described in paragraphs 3, 37, 38, 48, 50, and 59 of the Complaint.

**RESPONSE:** WaterStone objects that the phrase "confidential, sensitive, or trade secret" information is vague, as WaterStone is unaware of the documents Mutual will contend are confidential, sensitive, or a trade secret beyond the documents in the Complaint paragraphs cited. Subject to that objection and without waiving it, WaterStone will produce the documents referenced in Complaint ¶¶ 3,

37, 38, 48, 50, and 59, and any related correspondence. *See* WMC002498; WMC002505; WMC002495; WMC002497; WMC008647; WMC009087.

9. All Communications and Documents regarding the preservation of Communications and Documents located in the personal email accounts of any one or more of the Departed Employees.

**RESPONSE:** WaterStone objects that Request 9 is improper and irrelevant in that it seeks discovery regarding WaterStone's preservation efforts, which is unwarranted at this stage of the proceedings and without a showing of WaterStone failing to adhere to legal preservation obligations. WaterStone further objects to the extent Request 9 seeks privileged information.

10. All Communications and Documents regarding credit pulls by You for all loans originated by any one or more of the Departed Employees within the first 90 days of their employment with You.

**RESPONSE:** WaterStone objects that Request 10 seeks irrelevant information, is overly broad, and is unduly burdensome, because the credit worthiness of WaterStone borrowers, and related Communications, does not bear on any issue raised in the Complaint. Subject to that objection and without waiving it, WaterStone further responds that it has agreed to produce the information regarding loans closed at WaterStone involving the former Mutual employees as set forth in response to Request 5 (a listing of loans closed by the relevant branches within the first two months — regardless of any alleged tie to Mutual — along with the associated loan applications). *See* WMC000001-WMC000670; WMC000679-WMC000681.

11. All Communications and Documents regarding Your compensation of any one or more of the Departed Employees, including, but not limited to, salaries, commissions, bonuses, and any other payments.

**RESPONSE:** WaterStone objects that Request 11 seeks irrelevant competitively sensitive information, as WaterStone's compensation of each of the Departed Employees does not bear on any issue raised in the Complaint, particularly given that Mutual contends WaterStone hired over 60 Mutual employees (*see* Am. Compl. ¶ 1).

12. All Communications and Documents regarding Your actual or potential indemnification of any one or more of the Departed Employees.

**RESPONSE:** None.

13. All Communications between You and any third party regarding this action.

**RESPONSE:** WaterStone objects to the extent Request 13 seeks privileged documents. Subject to that objection and without waiving it, the only non-privileged communications are between WaterStone and Mutual's counsel, which are already in Mutual's possession.

14. All Communications and Documents that You may rely upon as a defense in this action.

**RESPONSE:** WaterStone objects that Request 14 is premature. Subject to that objection and without waiving it, WaterStone will produce responsive documents as it becomes aware that it will rely upon the documents in defense of this action.

Dated: March 10, 2022.

Respectfully Submitted,

Maria Kreiter (admitted *pro hac vice*)
Annie Eiden (admitted *pro hac vice*)
GODFREY KAHN S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 287-9466 (Telephone)
(414) 273-5198 (Facsimile)
mkreiter@gklaw.com
aeiden@gklaw.com

Scott A. McLaren (FBN: 414816)
Carolina Y. Blanco (FBN: 0098878)
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
carolina.blanco@hwhlaw.com
scott.mclaren@hwhlaw.com

*Attorneys for Defendant Waterstone Mortgage Corporation*

28923867.3