```
                IN THE UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION


MUTUAL OF OMAHA MORTGAGE, INC.,  )
                                 )
          Plaintiff,             )
                                 )
                                 ) Case No.
     vs.                         ) 8:22-CV-01660-UAM
                                 )
                                 )
WATERSTONE MORTGAGE CORPORATION, )
                                 )
          Defendant.             )
```
___

**STATUS CONFERENCE
BEFORE THE HONORABLE ANTHONY E. PORCELLI
UNITED STATES MAGISTRATE JUDGE

JULY 2, 2024
3:01 P.M.
TAMPA, FLORIDA**
___

    Proceedings transcribed via courtroom digital audio recording by transcriptionist using computer-aided transcription.
___

**DAVID J. COLLIER, RMR, CRR**
FEDERAL OFFICIAL COURT REPORTER
801 NORTH FLORIDA AVENUE, 7TH FLOOR
TAMPA, FLORIDA  33602

```
 1   APPEARANCES:

 2


 3   FOR THE PLAINTIFF:

 4          Ari Karen
            Arielle Stephenson
 5          Mitchell Sandler, PLLC
            1120 20th Street, NW
 6          Suite 725
            Washington, D.C.  20036
 7          (202) 886-5260

 8
            Daniel Paul Dietrich
 9          Gunster, Yoakley & Stewart, P.A.
            401 East Jackson Street
10          Suite 1500
            Tampa, Florida  33602
11          (813) 228-9080

12
            Mark Carroll, General Counsel
13          Mutual of Omaha Mortgage, Inc.

14

15   FOR THE DEFENDANT:

16          Marie L. Kreiter
            Emma J. Jewell
17          Godfrey & Kahn, S.C.
            833 East Michigan Street
18          Suite 1800
            Milwaukee, Wisconsin  53202-5615

19

20          Caroliina Yvonne Blanco
            Hill Ward Henderson, P.A.
21          101 East Kennedy Boulevard
            Suite 3700
22          P.O. Box 2231
            Tampa, Florida  33602-5195

23

24          Stephanie Ziebell, General Counsel
            Waterstone Mortgage Corporation
25
```

```
 1                    P R O C E E D I N G S
 2                       - - - o0o - - -
 3           THE COURT:  Okay.  Good afternoon, everyone.
 4           Let's call the case for the record, please.
 5           COURTROOM DEPUTY:  Certainly.  This is Mutual of
 6   Omaha Mortgage versus Waterstone Mortgage Corporation,
 7   Case Number 8:22-CV-1660-UAM.
 8           THE COURT:  Okay.  Good afternoon.  Let me have
 9   Counsel state your appearance for the record.
10           MR. KAREN:  Good afternoon, Your Honor.  Ari Karen on
11   behalf of the plaintiff, along with Arielle Stephenson.  Also
12   here is our General Counsel, Mark Carroll.
13           And, Dan, I'll allow you to introduce yourself.
14           MR. DIETRICH:  Good afternoon, Your Honor.
15   Dan Dietrich on behalf of the plaintiff as well.
16           THE COURT:  All right.  Thank you, Mr. Dietrich.
17           MS. KREITER:  Good afternoon, Your Honor.
18   Marie Kreiter and Emma Jewell from Godfrey & Kahn on behalf of
19   Waterstone.  I'm joined by Stephanie Ziebell, Waterstone's
20   General Counsel, along with Carolina Blanco from the Hill Ward
21   Henderson firm, on behalf of Waterstone.
22           THE COURT:  Good afternoon to you all.  Thank you.
23           Okay.  I set this as a follow-up to the Court's prior
24   ruling as proceeding in anticipation of some discovery issues
25   before trial, so let me just start with you, Mr. Karen.  From
```

1  your standpoint, where are we at?
2          MR. KAREN:  Ms. Kreiter and I, Your Honor,
3  good afternoon, have conferred, and it's a little bit fluid on
4  these discussions, so I will do my best, but, Ms. Kreiter, feel
5  free to correct any of the dates that I get wrong.
6          I believe they are going to serve discovery, some
7  discovery that's going to pertain to the 17 loans at issue, on
8  us by July 5th.  If that discovery is consistent with what
9  I understand it to be, and, again, we haven't seen it yet, but
10 I believe it will, then we would respond with responsive
11 documents within three weeks.  We would then -- which would put
12 us to basically the end of July.  At that point we would allow
13 for a deposition of a Waterstone -- of a mutual employee or
14 employees that would be identified either through that
15 discovery or otherwise, that would occur within -- by, I
16 believe, August 7th; then Waterstone would amend its expert
17 report, I believe within two weeks of the -- that period of
18 time, so I think August 21st; and we would have approximately
19 two weeks to take any depositions of those experts if we so
20 desire, that being the plaintiff.
21         Ms. Kreiter, have I essentially got that correct up
22 to this point?
23         MS. KREITER:  Just a few clarifications.
24         The initial set of discovery that we plan to serve
25 this week, it may be a preliminary set of discovery, if

```
 1  follow-up is needed, the August 7th date is for a corporate
 2  rep, we may take other depositions, in which case we would
 3  finish those by September 6th.
 4          I will offer that we can put these dates -- we have
 5  them memorialized in an e-mail exchange.  If it's of aid to the
 6  Court, we can memorialize the e-mail exchange in a stipulated
 7  order for the Court that has these particulars.
 8          THE COURT:  Are the -- as far as, though -- how would
 9  the follow-up discovery play out within those dates, if you are
10  going to consider additional discovery?
11          MS. KREITER:  I mean, I -- I -- I will foreshadow
12  that we are talking about having a trial in October, so I think
13  if there was a need for an additional set of discovery and
14  I can discern that, I would promptly serve the discovery.
15          I will also say that Mr. Karen was talking about
16  discovery really derivative of the Court's holding as to the
17  trade secret issues and the expansion that we've seen.
18  In terms of the expert report and the damages issues, the
19  parties contemplate a Waterstone motion to strike as to that,
20  I just didn't want to lose sight of that.
21          THE COURT:  No.
22          MS. KREITER:  But I'm happy to --
23          THE COURT:  You made that clear last time, and
24  I would anticipate that.
25          MS. KREITER:  Okay.
```

```
 1              THE COURT:  No, there's no need to memorialize the
 2    dates.  I'm extending the purpose of discovery based on my
 3    prior ruling.  If there is an issue that comes up in the
 4    requested discovery then I just want to make sure I can timely
 5    respond to it if there's something the parties cannot agree
 6    upon.
 7              So give me the date again as far as the initial --
 8    Mr. Karen, when you think the initial production will occur
 9    based upon the discovery request.
10              MR. KAREN:  On or before, I believe, August 1st.
11              THE COURT:  Okay.
12              MR. KAREN:  I believe that is correct.
13              Is that Ms. -- is that correct, Ms. Kreiter?
14              MS. KREITER:  It was July 26th.  Yeah.  I think we
15    were trying to expedite, Your Honor, so that if I get discovery
16    out to him he'd have three weeks rather than the full 30 days
17    and just move it along in terms of the discovery.
18              THE COURT:  And the scheduling of the deposition --
19    the additional deposition?
20              MS. KREITER:  Oh.  Waterstone would depose the Mutual
21    corporate rep on trade secret issues by August 7th.  Waterstone
22    to issue an amended expert report or an additional expert
23    report, I may have --
24              THE COURT:  Hold on.  I'm sorry to interrupt.
25              MS. KREITER:  Sure.
```

```
 1                THE COURT:  So you're comfortable in receiving --
 2   I want to make sure I got the date right.  You're saying
 3   July -- the production -- the production for purposes of the
 4   deposition, when are you anticipating to get that, Ms. Kreiter?
 5                MS. KREITER:  By July 26th.
 6                THE COURT:  All right.  And, Mr. Karen, from your
 7   perspective, that will be feasible?
 8                MR. KAREN:  Yes.  I would put the only caveat, I have
 9   not seen any discovery requests yet, so obviously I'm doing
10   this based on some assumptions of what it will be.  You know,
11   I want to reserve my rights, but it is my expectation --
12                THE COURT:  Right.
13                MR. KAREN:  -- based on our conversations.
14                THE COURT:  All right.  So what I will do is schedule
15   another Zoom status on August 13th, that way, Ms. Kreiter, if
16   you think there's going to be additional discovery propounded,
17   I think you'll be in a position to better tell me then, then if
18   not then I think we would be in a better position to solidify
19   the remaining dates and get you back on the trial calendar.
20   And I will tell you right now, I know my month in October is
21   tight, but we will accommodate whatever dates as we get there
22   to make sure we can get you to trial.
23                Does that work for everyone?
24                MS. KREITER:  I think that makes sense, Your Honor.
25   And I will also say that if we're meeting again on the 13th,
```

```
 1  I expect that you'll have the benefit of our motion on the
 2  damage issues by then.
 3              THE COURT:  All right.  Mr. Karen, does that work for
 4  you?
 5              MR. KAREN:  It does, Your Honor.
 6              THE COURT:  All right.  Two o'clock work that day for
 7  everyone?
 8              MS. KREITER:  That's fine.
 9              MR. KAREN:  And we're saying 2:00 p.m. August 13th?
10              THE COURT:  Yes.
11              MR. KAREN:  Yes, that's fine.
12              THE COURT:  Okay.  We'll send out a notice then with
13  the Zoom link as well for another status conference at
14  2:00 p.m. and we'll address what needs to be attended to then.
15              Is there anything else we should take up today?
16  Mr. Karen?
17              MS. KREITER:  Not today, Your Honor.
18              MR. KAREN:  Not today, Your Honor.
19              THE COURT:  All right.
20              Thank you, Ms. Kreiter, for that.
21              Okay.  Thank you all for your time.  We'll be
22  adjourned.
23              MR. KAREN:  Thank you, Your Honor.
24              MS. KREITER:  Thank you.  Take care.
25                  (Proceedings concluded at 3:09 p.m.)
```

```
 1                        C E R T I F I C A T E

 2

 3         This is to certify that the foregoing transcript of

 4   proceedings taken in a status conference in the United States

 5   District Court is a true and accurate transcript of the

 6   proceedings taken by me in machine shorthand and transcribed by

 7   computer under my supervision, this the 29th day of July, 2024.

 8

 9

10                                   /S/ DAVID J. COLLIER

11

12                                   DAVID J. COLLIER

13                                   OFFICIAL COURT REPORTER
```