UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MUTUAL OF OMAHA
MORTGAGE, INC,

    Plaintiff,

v.                                                    Case No. 8:22-cv-01660-UAM

WATERSTONE MORTGAGE
CORPORATION,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon Defendant's Motion to Strike the Supplemental Expert Report of Candice Rosevear (Doc. 215) and Plaintiff's Response in Opposition (Doc. 217). In its Motion, Defendant argues that Ms. Rosevear's supplemental report, produced after the close of discovery at this Court's direction, impermissible interjects "an entirely new scope of engagement and opinion, supported by never previously utilized theories and data." (Doc. 215, at 1). Defendant thus asks this Court to strike the report and exclude any evidence that Plaintiff has suffered damages of a 30-month duration. (Doc. 215, at 13). A hearing on the matter was held on August 13, 2024. (Doc. 219). For the reasons stated at the hearing and those herein, Defendant's motion is GRANTED IN PART and DENIED IN PART.

Ms. Rosevear was originally identified by Plaintiff as a rebuttal expert. (Doc. 187, at 2). As part of her role, Ms. Rosevear prepared an expert report wherein she introduced a model of Plaintiff's damages spanning up to ten years. (Doc. 215-1). Upon information and belief that Plaintiff would attempt to call Ms. Rosevear in its case-in-chief, Defendant filed a motion to prevent this testimony, arguing that such conduct would be an impermissible use of a rebuttal witness. (Doc. 170). Following a hearing on the matter, this Court found that because trial had been continued any prejudice Defendant would face through the testimony of Ms. Rosevear in Plaintiff's case-in-chief could be remedied through supplemental reporting and discovery. (Doc. 197). Plaintiff was then directed to have Ms. Rosevear supplement her report as it related to Plaintiff's theory of lost profit damages for thirty months. On this topic, counsel for Plaintiff represented that Ms. Rosevear would merely be providing updated calculations:

> Just to be clear, our damage expert does calculations, but doesn't necessarily and certainly can't provide the factual underpinnings for those calculations. So what we had talked about last time was we were going to have her report be updated to reflect the Court's prior rulings with respect to the exclusion of certain information in those damages and inclusion of others, so we would just simply update it for that, update it to reflect the 30 months so it was very clear what that was.

(Doc. 205, at 28). In response, this Court specifically directed that the purpose of Ms. Rosevear's supplemental report was to

> find out exactly how she's coming to her opinion as to 30 months and what she is relying upon, and if there's nothing in the record that she relied upon, then that's the answer, but if she is asserting there's something that she relied upon to form that opinion you feel that was not previously disclosed, then I'll hear you as to that matter.

(Doc. 28 at 37). The Court was explicit that Ms. Rosevear's supplemental report was not opportunity to further develop the record stating emphatically "so to be clear, we're not going to reopen it to allow the opportunity to present additional facts for that purpose. It's either in the record or not." On June 28, 2024, Ms. Rosevear submitted her supplemental report which in addition to providing an updated thirty-month lost profit calculation also opines as to whether it would be reasonable Plaintiff's Tampa and Daytona branches would have remained operational for a period of thirty months absent Defendant's conduct. Ms. Rosevear based the latter analysis upon employee-specific Nationwide Multistate Licensing System & Registry (NMLS) Consumer Access data and a statistical analysis using Plaintiff's branch data from the NMLS Consumer Access database. Such analyses are beyond the scope of what was authorized by this Court as Ms. Rosevear did provide any opinions as to the expected longevity of Plaintiff's branches in her original report. This is the very type of new information that was prohibited by this Court. Accordingly, it is hereby

ORDERED:

1. Defendant's Motion to Strike the Supplemental Expert Report of Candice Rosevear (Doc. 215) is GRANTED IN PART and DENIED IN PART. Ms. Rosevear, in her expert capacity, may testify as to what Plaintiff's lost profit damages would be for a set duration. However, Ms. Rosevear is prohibited from offering any opinions as to the expected longevity of the subject branches.

DONE AND ORDERED in Tampa, Florida, on this 25th day of September 2024.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record

4