UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MUTUAL OF OMAHA
MORTGAGE, INC.,

    Plaintiff,

v.                                               Case No. 8:22-cv-01660-UAM

WATERSTONE MORTGAGE
CORPORATION,

    Defendant.
_____/

## ORDER

This cause comes before the Court upon Defendant's Motion *in Limine* to Exclude Evidence of Solicitation by Dwayne Hutto and Chris Smith. (Doc. 190). Defendant maintains that the employment agreements signed by Chris Smith and Dwayne Hutto, which contained a non-solicitation provision, are governed by California law per the agreements' choice of law provision. Accordingly, because non-solicitation agreements are unenforceable under California law, Defendant maintains that any evidence of solicitation by Dwayne Hutto and Chris Smith should be excluded from this matter. Based on the foregoing, and for the reasons stated at the hearing, Defendant's motion is denied.

Under Florida law, contracting parties' designated governing law will stand so long as it does not violate Florida public policy. *Coral Gables Imported Motorcars, Inc. v. Fiat Motors of North Am., Inc.*, 673 F.2d 1234, 1238 (11th Cir.1982). To make

this determination, courts look to whether the forum state's law is "harmonious in spirit" with Florida public policy. *Punzi v. Shaker Advertising Agency, Inc.*, 601 So.2d 599, 600 (Fla. 2d DCA 1992) (citing *Wilkinson v. Manpower, Inc.*, 531 F.2d 712 (5th Cir.1976)). Here, California law concerning restrictive covenants cannot be said to be "harmonious in spirit" with Florida public policy. Though California law largely prohibits post-employment non-solicitation, non-compete, and no-hire agreements, Florida law "favors the enforcement of reasonable covenants." *GFA Intl., Inc. v. Trillas*, 327 So. 3d 872, 878 (Fla. Dist. Ct. App. 2021). This is because the public "has a cognizable interest in the protection and enforcement of contractual rights. Enforcing these restrictive covenants serves the public interest because it demonstrates that courts will uphold agreements, and employers can rely on . . . [such] agreements to protect their legitimate business interests." *Id.* (internal citations and quotations omitted); *see also Foundever Operating Corp. v. Hahn*, No. 8:23-CV-1495-CEH-UAM, 2023 WL 7496150, at *20 (M.D. Fla. Nov. 13, 2023) (acknowledging that enforcing valid restrictive covenants serves Florida's public interest); *New Horizons Computer Learning Centers, Inc. v. Silicon Valley Training Partners, Inc.*, No. 2:02CV459FTM29SPC, 2003 WL 23654790, at *7 (M.D. Fla. Nov. 12, 2003) ("Under Florida law, the public has an interest in the enforcement of restrictive covenants."). Accordingly, it is hereby

ORDERED:

1. Defendant's Motion *in Limine* (Doc. 190) is DENIED.

DONE AND ORDERED in Tampa, Florida, on this 25th day of September 2024.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:    Counsel of Record