# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC.<br><br>        Plaintiff,<br><br>v.<br><br>WATERSTONE MORTGAGE CORPORATION,<br><br>        Defendant. | CASE NO. 8:22-cv-01660-TPB-JSS |

## AMENDED NOTICE OF FEDERAL RULE 30(B)(6) DEPOSITION OF PLAINTIFF MUTUAL OF OMAHA MORTGAGE, INC.

TO:   Mutual of Omaha Mortgage, Inc.
       c/o Christopher L. McCall, Esq.
       1120 20th Street, NW, Suite 725
       Washington, DC 20036
       cmccall@mitchellsandler.com

       John A. Schifino, Esq.
       Gunster, Yoakley & Stewart, P.A.
       401 East Jackson Street, Suite 1500
       Tampa, Florida 33602
       jschifino@gunster.com

PLEASE TAKE NOTICE that on May 25-26, 2023, beginning at 9:00 a.m., Waterstone Mortgage Corporation will take the deposition of the officers, agents, or other persons that Mutual of Omaha Mortgage, Inc. ("Mutual") designates pursuant to Federal Rule of Civil Procedure 30(b)(6) to testify as to all matters known or are reasonably available to it relating to the subject matters in Exhibit A. The deposition will take place at Hill Ward Henderson, 101 E. Kennedy Blvd., Suite 3700, Tampa,


EXHIBIT D

FL 33602, before a qualified notary public authorized to administer oaths and will continue from day to day until completed.

Dated: April 25, 2023.

_____
Maria Kreiter (admitted pro hac vice)
GODFREY KAHN S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 287-9466 (Telephone)
mkreiter@gklaw.com

Scott A. McLaren (FBN: 414816)
Carolina Y. Blanco (FBN: 0098878)
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
scott.mclaren@hwhlaw.com
carolina.blanco@hwhlaw.com

*Attorneys for Defendant Waterstone Mortgage Corporation*

# EXHIBIT A

## Damages

1. The damages sought by Mutual, including the calculation and basis of all such alleged damages.

2. The relationship between Mutual's alleged damages and the documents Mutual designated in its March 10, 2023 Amended Response to Interrogatory No. 1 (which states "Itemize Your damages, including the formula used to calculate those damages").

3. The analysis set forth in the "Summary of Corporate Earnings Contribution from Tampa and Daytona Branches" produced by Mutual as MOM-0003484.

4. The annual loan volume and revenue generated by Dwayne Hutto, Chris Wolf, and Chris Smith for 2019, 2020, 2021, and 2022 (until the time of their departure from Mutual in 2022).

5. The loans Mutual contends the "Departed Employees"[1] and/or Waterstone closed with WaterStone, for which Mutual seeks recourse, including the borrowers associated with the loans, the loan amount, the factual basis for Mutual's claims based on the loans, and the associated damages, if any.

6. All loans:

    a. originated by the Departed Employee(s) while still employed by Mutual of Omaha at its Ormond Beach branch, which closed with Mutual of Omaha on or after April 15, 2022.

    b. originated by Departed Employee(s) while still employed by Mutual of Omaha at its Tampa and Paramus branches, which closed with Mutual of Omaha on or after June 15, 2022.

7. Mutual's revenue and net income from 2019 through the present and its projected revenue and net income for 2023.

## Trade Secrets & Confidential Information

8. The alleged trade secrets Mutual relies upon and the grounds for Mutual's contention that such information is a trade secret.

---

[1] "Departed Employee" refers to any former Mutual of Omaha employee of the Tampa, Ormond Beach, or Paramus branches who resigned to work at Waterstone.

9. All evidence Mutual relies upon to contend Waterstone played a role in the Departed Employees' alleged taking or disclosure of confidential information and trade secrets. *See, e.g.,* Am. Compl. ¶¶ 35-42.

10. All evidence Mutual relies upon to contend Waterstone itself used Mutual's alleged trade secrets or confidential information.

11. All evidence Mutual will rely upon to contend it suffered damages from the misappropriation of its confidential information or trade secrets, as well as the amount of such alleged damages.

12. All evidence Mutual relies upon to contend Waterstone "willfully and maliciously" misappropriated its confidential information and trade secrets and is therefore liable for exemplary damages. *See e.g.* Am. Compl. ¶ 76.

**Breach of Employment Agreements**

13. All evidence Mutual will rely upon to contend Waterstone encouraged and assisted the Departed Employees to breach their employment agreements with Mutual. *See e.g.* Am. Compl. ¶¶ 17-34.

14. Mutual's allegations in the Amended Complaint that the Departed Employees diverted clients to Waterstone and that Waterstone encouraged and assisted in those efforts. *See, e.g.,* Am. Compl. ¶¶ 43-65.

15. The particular Departed Employees Mutual contends were solicited, the facts surrounding the solicitation (including manner and timing of the solicitation and the persons involved), and the basis for Mutual's claim that Waterstone was involved in any such solicitation.

16. The particular real estate agents and other referral sources Mutual contends were solicited, the facts surrounding the solicitation (including manner and timing of the solicitation and the persons involved), and the basis for Mutual's claim that Waterstone was involved in any such solicitation.

**Mutual's Practices and Commissions**

17. Mutual's practices and procedures for onboarding new loan officers, including practices and procedures regarding loans in process with a prior employer, contact with customers, and confidential information.

18. The circumstances surrounding Dwayne Hutto, Chris Wolf, and Chris Smith becoming employees of Mutual, including recruitment and onboarding.

19. Whether and when Mutual paid the Departed Employees commissions on all loans responsive to No. 6, above, and the amount of commission paid (or unpaid) with respect to each loan.

**Discovery Efforts**

20. Mutual's written responses to WaterStone's discovery and the completeness of Mutual's document production, including efforts to search for and collect responsive documents and information.

29221242.1