# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., | ) |
| | ) Civil Action No. 22-CV-01660 |
| | ) |
| Plaintiff, | ) **PLAINTIFF MUTUAL OF OMAHA** |
| | ) **MORTGAGE, INC.'S RESPONSES AND** |
| v. | ) **OBJECTIONS TO DEFENDANT** |
| | ) **WATERSTONE MORTGAGE** |
| WATERSTONE MORTGAGE | ) **CORPORATION'S FOURTH SET OF** |
| CORPORATION, | ) **INTERROGATORIES** |
| | ) |
| Defendant. | ) |

Pursuant to Federal Rules of Civil Procedure 26 and 33, plaintiff Mutual of Omaha Mortgage, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby responds and objects to defendant Waterstone Mortgage Corporation's ("Defendant") third set of interrogatories dated as of July 5, 2024 (each a "Interrogatory" and, collectively, the "Interrogatories").

The responses and objections set forth below are based upon information currently known and available to Plaintiff at the time these responses and objections are made. Plaintiff's ongoing discovery, analysis, and investigation may disclose the existence of additional facts, add meaning to known facts, support entirely new legal or factual contentions, and may lead to additions or modifications to these responses. Accordingly, Plaintiff reserves the right, at any time, to amend, revise,



correct, add to, supplement, modify, or clarify the specific responses and objections set forth below or the information divulged therein.  Plaintiff further reserves the right to make use of, or introduce in any hearing or at trial, information not known to exist at this time including, but not limited to, information obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure.  Except for explicit facts admitted herein, if any, no implied admissions are intended hereby. The fact that Plaintiff has responded or objected to any Interrogatory, or part thereof, should not be construed as an admission that Plaintiff accepts or admits the existence of any fact set forth or assumed by such Interrogatory or that such response or objection constitutes admissible evidence.

## **GENERAL OBJECTIONS**

1.    The following general objections ("General Objections") are incorporated into Plaintiff's responses to each and every Interrogatory.  No response is, or shall be deemed to be, a waiver of Plaintiff's General Objections.

2.    Plaintiff objects to the Interrogatories, including the Definitions, to the extent that they conflict with, are different from, or purport to expand upon, the obligations imposed or authorized by the Federal Rules of Civil Procedure or the Civil Local Rules of Practice for the United States District Court for the Middle District of Florida.

3.     Plaintiff objects to the Interrogatories as overly broad, unduly burdensome, and not reasonable to the extent that they are indefinite as to time or scope, or otherwise not limited to a time frame relevant to this litigation.

4.     Plaintiff objects to the Interrogatories to the extent they call for information and/or documents that are not relevant.

5.     Plaintiff objects to the Interrogatories to the extent they call for information that is not within Plaintiff's possession, custody, or control, or purport to require Plaintiff to seek documents in the possession, custody, or control of third parties.

6.     Plaintiff objects to the Interrogatories to the extent they are vague and ambiguous, overly broad, not reasonable, and/or unduly burdensome; are unreasonably cumulative and/or duplicative of other Interrogatories; are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; include assertions of purported fact that are inaccurate or are disputed by the parties; and/or incorporate any other purported definition that suffers from such defects.  Consistent with applicable law, and without waiver or limitation of any of its General or specific objections, Plaintiff has made a good faith effort to interpret the objectionable Definitions and terms in these Interrogatories.

7.    Plaintiff objects to the Interrogatories to the extent they seek information that is subject to confidentiality agreements or obligations, protective orders, or agreements with non-parties.

8.    Plaintiff objects to the Interrogatories to the extent they seek information in the possession, custody, or control of the Defendant.

9.    Plaintiff objects to the Interrogatories to the extent they seek information encompassed by the attorney-client privilege, the work-product doctrine, or any other judicially recognized privilege or protection.

10.    Plaintiff objects to the Interrogatories to the extent they seek legal conclusions or implicate the mental impressions of counsel.

11.    Plaintiff objects to the Interrogatories to the extent they seek electronically stored email communications on the grounds that searching, collecting, and reviewing such documents creates an undue burden where the parties have not agreed upon relevant custodians and narrowly tailored ESI search terms.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

INTERROGATORY NO. 24: For each Borrower, Identify the Mutual of Omaha underwriter(s) and other Mutual of Omaha employee(s) responsible for deciding to approve or deny the Borrower's loan.

**Response:**

Subject to and without waiving the objections set forth herein, Plaintiff states that the following Mutual of Omaha underwriter(s) correspond to each Borrower:

| Borrower | Underwriter |
|----------|-------------|
| Brown | Not Applicable |
| Byers | Not Applicable |
| Calle | Not Applicable |
| Castaneda | Amber Turner |
| Columbis | Not Applicable |
| D'Ettore | Amber Turner |
| Gipson | Not Applicable |
| Hennessy | Not Applicable |
| Kemp | Claire Peterson |
| Kugelman | Not Applicable |
| Mcintosh | Not Applicable |
| Ryan | Amy Worth |
| A. Smith | Not Applicable |
| Tariq | Not Applicable |
| Thompson | Brett Joseph |
| Trejo | Not Applicable |
| Tyson | Not Applicable |

INTERROGATORY NO. 25: For each Borrower, Identify the loan officer(s) who originated each Borrower.

**Response:**

Subject to and without waiving the objections set forth herein, the following list reflects the loan officer(s) who show as the originating loan officer(s) in Encompass for each Borrower.

| Borrower | Loan Officer |
|---|---|
| Brown | Michael Irish |
| Byers | Dwayne Hutto (Loan Officer)<br>Kristie Johnson (Junior Loan Officer) |
| Calle | Brian Tomalak<br>Nathan Dahlin (Referring Loan Officer) |
| Castaneda | Dwayne Hutto (Loan Officer)<br>Kristie Johnson (Junior Loan Officer) |
| Columbis | Krystin Friebis |
| D'Ettore | Krystin Friebis |
| Gipson | Krystin Friebis |
| Hennessy | Dwayne Hutto |
| Kemp | Chris Wolf (Loan Officer)<br>Dawson Walker (Referring Loan Officer) |
| Kugelman | Fred Stalls |
| Mcintosh | Adam Wenner |
| Ryan | Krystin Friebis |
| A. Smith | Not applicable; lead provided to Fred Stalls but no loan was started. |
| Tariq | Dwayne Hutto (Loan Officer)<br>Kristie Johnson (Junior Loan Officer) |
| Thompson | Cherrie Smith |
| Trejo | Fred Stalls |
| Tyson | William Henry, Jr. (Loan Officer) |

INTERROGATORY NO. 26: For each loan officer(s) identified in response to Interrogatory No. 25, state the number of loans closed for Mutual by that loan officer for each of the following years: 2018, 2019, 2020, 2021, and 2022.

**Response:**

Subject to and without waiving the objections set forth herein, Plaintiff does not have any information for originations from 2018 since the loan officers were operating with a different entity at that time and therefore the information is not within Plaintiff's possession, custody, or control.

For the remaining information sought in the interrogatory, below is a chart reflecting the number of loans closed by loan officer identified in Interrogatory No. 25 in each year from 2019 to 2022.

| Loan Officer | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|
| Dwayne Hutto | 164 | 140 | 188 | 29 |
| Kristie Johnson | 0 | 0 | 0 | 0 |
| Brian Tomalak | 0 | 4 | 1 | 11 |
| Nathan Dahlin | 0 | 0 | 5 | 6 |
| Chris Wolf | 35 | 89 | 72 | 47 |
| Dawson Walker | 0 | 35 | 52 | 9 |
| Fred Stalls | 52 | 41 | 54 | 15 |
| Adam Wenner | 0 | 0 | 0 | 0 |
| Krystin Friebis | 0 | 0 | 18 | 10 |
| Cherrie Smith | 0 | 65 | 48 | 3 |
| William Henry Jr. | 0 | 0 | 11 | 8 |

INTERROGATORY NO. 28: For each Borrower, state whether You approved and/or offered a loan to the Borrower.

**Response:**

Subject to and without waiving the objections set forth herein, Plaintiff refers Defendant to the chart below reflecting whether a loan was approved or offered to

the Borrower.

| Borrower | Response |
|---|---|
| Brown | Not applicable, borrower did not complete application |
| Byers | Not applicable, borrower did not complete application |
| Calle | Not applicable - Withdrawn by borrower |
| Castaneda | Denied |
| Columbis | Preapproval Issued |
| D'Ettore | Approved |
| Gipson | Preapproval Issued |
| Hennessy | Not applicable, borrower did not complete application |
| Kemp | Denied |
| Kugelman | Not applicable, borrower did not complete application |
| Mcintosh | Not applicable - Withdrawn by borrower |
| Ryan | Denied |
| A. Smith | Not applicable, borrower did not complete application |
| Tariq | Not applicable, borrower did not complete application |
| Thompson | Approved |
| Trejo | Not applicable, borrower did not complete application |
| Tyson | Not applicable, borrower did not complete application |

INTERROGATORY NO. 29: Identify the number of loans closed for Mutual by the Tampa Branch in each of the following years: 2018, 2019, 2020, 2021, and 2022.

**Response:**

Subject to and without waiving the objections set forth herein, Plaintiff does not have any information for originations from 2018 since the Tampa Branch was operating with a different entity at that time and therefore the information is not within Plaintiff's possession, custody, or control.

For the remaining information sought in the interrogatory, below is a chart

reflecting the number of loans closed by the Tampa Branch in each year from 2019 to 2022.

| Tampa Branch | | | |
|---|---|---|---|
| **Loans Closed 2019** | **Loans Closed 2020** | **Loans Closed 2021** | **Loans Closed 2022** |
| 469 | 679 | 690 | 235 |

INTERROGATORY NO. 30: Identify the revenue generated for Mutual by the Tampa Branch in each of the following years: 2018, 2019, 2020, 2021, and 2022.

**Response:**

Subject to and without waiving the objections set forth herein, Plaintiff does not have any information for originations from 2018 since the Tampa Branch was operating with a different entity at that time and therefore the information is not within Plaintiff's possession, custody, or control.

For the remaining information sought in the interrogatory, below is a chart reflecting the revenue of the Tampa Branch in each year from 2019 to 2022.

| Tampa Branch | | | |
|---|---|---|---|
| **Revenue ($) 2019** | **Revenue ($) 2020** | **Revenue ($) 2021** | **Revenue ($) 2022** |
| 5,597,548 | 9,508,027 | $7,761,853 | 1,123,492 |

INTERROGATORY NO. 31: Identify the number of loans closed for Mutual by the Ormond Beach Branch in each of the following years: 2018, 2019, 2020, 2021, and 2022.

**Response:**

Subject to and without waiving the objections set forth herein, Plaintiff does not have any information for originations from 2018 since the Ormond Beach Branch was operating with a different entity at that time and therefore the information is not within Plaintiff's possession, custody, or control.

For the remaining information sought in the interrogatory, below is a chart reflecting the number of loans closed by the Ormond Beach Branch in each year from 2019 to 2022.

| Ormond Beach Branch | | | |
|---|---|---|---|
| **Loans Closed 2019** | **Loans Closed 2020** | **Loans Closed 2021** | **Loans Closed 2022** |
| 419 | 540 | 622 | 189 |

INTERROGATORY NO. 32: Identify the revenue generated for Mutual by the Ormond Beach Branch in each of the following years: 2018, 2019, 2020, 2021, and 2022.

**Response:**

Subject to and without waiving the objections set forth herein, Plaintiff does

not have any information for originations from 2018 since the Ormond Beach Branch was operating with a different entity at that time and therefore the information is not within Plaintiff's possession, custody, or control.

For the remaining information sought in the interrogatory, below is a chart reflecting the revenue of the Ormond Beach Branch in each year from 2019 to 2022.

| Ormond Beach Branch | | | |
| --- | --- | --- | --- |
| Revenue ($) 2019 | Revenue ($) 2020 | Revenue ($) 2021 | Revenue ($) 2022 |
| 3,946,745 | 6,425,954 | 7,225,350 | 1,047,334 |

INTERROGATORY NO. 33: Identify the author of WMC001451 and WMC001452 (within Trade Secret Exhibit 18).

**Response:**

Plaintiff objects to this interrogatory to the extent it seeks information note kept in the regular course of business and outside of Mutual's possession, custody and control. Plaintiff further objects to this interrogatory on the grounds that in previously producing the identified documents, Plaintiff produced metadata that would permit Waterstone to review the Author information. Thus, the information is equally accessible to Defendant. Plaintiff further objects to this interrogatory on the grounds that the documents, WMC001451 and WMC001452 were produced by Waterstone, thus this information is equally accessible to Defendant and Defendant possesses the full and complete metadata information.

11

Subject to and without waiving the foregoing objections, Plaintiff states that it does not keep or have access to information regarding the "author" of a particular document. Based on the metadata available through Plaintiff's e-discovery vendor, Plaintiff states the following authors are noted in the "Author" field:

Document Bates labeled WMC001451, the author is identified as "Chris Wolf".

Document Bates labeled WMC001452, the author is identified as "Rose Ann".

INTERROGATORY NO. 34: Identify the author of MOM-0001177, MOM-0001178, MOM-0001187, MOM-0001188, MOM-0001189, MOM-001191, MOM-001192, MOM-0001193, MOM-0001194, MOM-0001195, MOM-0001196, MOM-0001199, MOM-001204 and MOM-001206 (within Trade Secret Exhibit 20).

**Response:**

Mutual objects to the interrogatory to the extent it seeks information note kept in the regular course of business and outside of Mutual's possession, custody and control. Plaintiff further objects on the grounds that in previously producing the identified documents, Plaintiff produced metadata that would permit Waterstone to review the Author information. Thus, the information is equally accessible to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff states that it does not keep or have access to information regarding the "author" of a particular document. Based on the metadata available through Plaintiff's e-discovery vendor, Plaintiff states the following authors are noted in the "Author" field:

Document Bates labeled MOM-0001177, the author is identified as "Chris Smith".

Document Bates labeled MOM-0001178, the author is identified as "ABT".

Document Bates labeled MOM-0001187, the author is identified as "Vanessa Hiles, Advancial Federal Credit Union".

Document Bates labeled MOM-0001188, the author is identified as "Mel Freyre".

Document Bates labeled MOM-0001189, the author is identified as "ABT".

Document Bates labeled MOM-0001191, the author is identified as "Ashley.Foreman".

Document Bates labeled MOM-0001192, the author is identified as "ABT".

Document Bates labeled MOM-0001193, the author is identified as "ABT".

Document Bates labeled MOM-0001194, the author is identified as "ABT".

Document Bates labeled MOM-0001195, the author is identified as "ABT".

Document Bates labeled MOM-0001196, the author is identified as "Chris Smith".

Document Bates labeled MOM-0001199, the author is identified as "Jeff".

Document Bates labeled MOM-0001204, the author is identified as "Russ".

Document Bates labeled MOM-0001206, the author is identified as "sheree".

<u>INTERROGATORY NO. 35</u>: Identify all Departed Employee(s) you contend misappropriated the Trade Secrets or aided Waterstone's misappropriation of the Trade Secrets.

**<u>Response:</u>**

Mutual identifies the following Departed Employees who misappropriated the Trade Secrets or aided Waterstone's misappropriation of the Trade Secrets:

1. Robert Bowe

2. Nathan Dahlin

3. Christopher Wolf

4. Christopher Smith

5. Dwayne Hutto

6. Kyrstin Friebis

7. Michael Irish

8. Tatiana Giraldo

9. Dawson Walker

10. Kristie Johnson

11. Cameron Holley

12. Fred Stalls

13. Cody Lamb

14. John Utsch

INTERROGATORY NO. 36: For each Departed Employee identified in response to Interrogatory No. 35, state the number of loans closed for Mutual by that Departed Employee for each of the following years: 2018, 2019, 2020, 2021, and 2022.

**Response:**

Subject to and without waiving the objections set forth herein, Plaintiff does not have any information for originations from 2018 since the Tampa and Ormond Beach Branches were operating with a different entity at that time and therefore the information is not within Plaintiff's possession, custody, or control.

For the remaining information sought in the interrogatory, below is a chart reflecting the number of loans closed for Mutual by Departed Employee identified in Interrogatory No. 35.

| Loan Officer | Loans Closed 2019 | Loans Closed 2020 | Loans Closed 2021 | Loans Closed 2022 |
|---|---|---|---|---|
| Robert Bowe | 0 | 0 | 0 | 0 |
| Nathan Dahlin | 0 | 0 | 5 | 6 |
| Christopher Wolf | 35 | 89 | 72 | 47 |
| Christopher Smith | 53 | 155 | 235 | 58 |
| Dwayne Hutto | 164 | 140 | 188 | 29 |
| Krystin Friebis | | | 18 | 10 |
| Michael Irish | 0 | 0 | 3 | 7 |

| Tatiana Giraldo | 14 | 62 | 50 | 14 |
| Dawson Walker | | 35 | 52 | 9 |
| Kristie Johnson | 0 | 0 | 0 | 0 |
| Cameron Holley | 0 | 23 | 26 | 2 |
| Fred Stalls | 52 | 41 | 54 | 15 |
| Cody Lamb | 0 | 0 | 0 | 0 |
| John Utsch | 14 | 116 | 51 | 21 |

INTERROGATORY NO. 37: For each Departed Employee identified in response to Interrogatory No. 35, state the revenue generated for Mutual by that Departed Employee for each of the following years: 2018, 2019, 2020, 2021, and 2022.

**Response:**

Subject to and without waiving the objections set forth herein, Plaintiff does not have any information for originations from 2018 since the Tampa and Ormond Beach Branches were operating with a different entity at that time and therefore the information is not within Plaintiff's possession, custody, or control.

For the remaining information sought in the interrogatory, below is a chart reflecting the revenue generated for Mutual by Departed Employee identified in Interrogatory No. 35.

| Loan Officer | Revenue ($) 2019 | Revenue ($) 2020 | Revenue ($) 2021 | Revenue ($) 2022 |
|---|---|---|---|---|
| Robert Bowe | - | - | - | - |
| Nathan Dahlin | - | - | 42,497.27 | 3,825.70 |
| Christopher Wolf | 315,958.14 | 954,305.59 | 827,398.38 | 224,543.69 |
| Christopher Smith | 648,563.26 | 2,202,039.93 | 1,608,042.88 | 248,901.47 |

16

| | | | |
|---|---|---|---|
| Dwayne Hutto | 1,515,984.51 | 1,820,986.93 | 2,131,600.90 | 103,682.65 |
| Krystin Friebis | - | - | 210,236.77 | 75,596.66 |
| Michael Irish | - | - | 22,203.33 | 56,004.46 |
| Tatiana Giraldo | 116,289.82 | 727,606.29 | 620,636.07 | 37,491.52 |
| Dawson Walker | - | 352,302.96 | 592,341.10 | 59,704.83 |
| Kristie Johnson | - | - | - | - |
| Cameron Holley | - | 283,986.54 | 268,039.37 | 10,825.43 |
| Fred Stalls | 468,853.27 | 486,532.87 | 565,802.67 | 18,584.26 |
| Cody Lamb | - | - | - | - |
| John Utsch | 166,919.47 | 1,780,120.29 | 603,453.79 | 102,170.53 |

INTERROGATORY NO. 38: If denied Requests for Admissions 2, 3, or 4, in whole or in part, provide a full explanation for your denial.

Plaintiff denied Request 2 on the grounds that at least one of the Borrowers possessed a driver's license in a state other than Florida.

Plaintiff denied Request 3 on the grounds that at least one of the Borrowers sought a loan for a property located outside of Florida.

Plaintiff denied Request 4 on the grounds that the Trade Secrets at issue in the case, including the Borrower Identities, Profit and Loss Statements, and Customer Lists each relate to a mortgage real estate transaction and the services connected with the transaction, which are used in interstate commerce. Moreover, Plaintiff is headquartered in California, and sends wire transfers from across state lines and sells these loans to federal and state-chartered banks and other financial institutions located in other states Plaintiff processes loan applications using the services of entities located in other states and uses the instrumentalities of interstate

17

communications to process and close these applications. Plaintiff is a national business, licensed in fifty (50) jurisdictions in the United States, conducting in the hundreds of thousands of real estate mortgage transactions every year in and across states, such that the identities of its borrowers, customer lists, and profit and loss statements relate to a service that inherently involves interstate commerce. *See Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1334 (S.D. Fla. 2006) ("It is highly improbable that any real estate or mortgage broker, […] would never receive or place an out-of-state telephone call, receive or send mail out of state, or make a deposit in a nationally chartered bank [to affect interstate commerce].").

Dated:    Washington, D.C.
          July 26, 2024


                    MITCHELL SANDLER PLLC

                    By: */s/ Ari Karen*
                    Ari Karen (admitted *pro hac vice*)
                    Christopher L. McCall (admitted *pro hac vice*)
                    Courtney E. Walter
                    Arielle Stephenson (admitted *pro hac vice*)
                    1120 20th Street N.W., Suite 725
                    Washington, D.C. 20036
                    Email: akaren@mitchellsandler.com
                    Email: cmccall@mitchellsandler.com
                    Email: cwalter@mitchellsandler.com
                    Email: astephenson@mitchellsandler.com
                    Telephone: (202) 886-5292

                    GUNSTER, YOAKLEY & STEWART, P.A.

                    John A. Schifino

Florida Bar No. 0072321
Daniel P. Dietrich
Florida Bar No. 934461
Gregory L. Pierson
Florida Bar No. 123905
401 East Jackson Street, Suite 1500
Tampa, Florida 33602
jschifino@gunster.com
ddietrich@gunster.com
gpierson@gunster.com
Telephone:  (813) 228-9080


*Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 26, 2024, a true and correct copy of PLAINTIFF MUTUAL OF OMAHA MORTGAGE, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT WATERSTONE MORTGAGE CORPORATION'S FOURTH SET OF INTERROGATORIES was served on all counsel of record, via email, on July 26, 2024.

*/s/ Arielle Stephenson*
Arielle Stephenson

## **VERIFICATION**

STATE OF ILLINOIS,      )
                            )
                            )
COUNTY OF DUPAGE     )

I, Mark J. Carroll, hereby declare as follows:

1.     I have reviewed the following document on behalf of plaintiff Mutual of Omaha Mortgage, Inc.:

> PLAINTIFF MUTUAL OF OMAHA MORTGAGE, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT WATERSTONE MORTGAGE CORPORATION'S FOURTH SET OF INTERROGATORIES

2.     The facts contained in the document are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 26, 2024

_____
Mark J. Carroll