IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC. <br><br> Plaintiff, <br><br> v. <br><br> WATERSTONE MORTGAGE CORPORATION, <br><br> Defendant. | CASE NO. 8:22-cv-01660-UAM |

**WATERSTONE MORTGAGE CORPORATION'S MOTION *IN LIMINE* TO EXCLUDE THE GENNARELLI DAMAGES ANALYSIS**

**I.     INTRODUCTION**

Mutual claimed in discovery that it would seek damages based on the analysis prepared by Jeff Gennarelli but then changed course and indicated it would proceed based on the analysis prepared by its "rebuttal" expert, Candice Rosevear. Rosevear, over Waterstone's objection, will now testify in Mutual's case-in-chief. Waterstone is entitled to know which damages analysis Mutual will rely on at trial. The Gennarelli analysis should be excluded given that Mutual is proceeding instead with Rosevear's damages analysis.

**II.     RELEVANT BACKGROUND**

Mutual claimed damages of $4,440,002.42 based on profits the branches would have made if they had stayed affiliated with Mutual for 18 months, from June 30, 2022 to December 31, 2023, as set forth in an analysis prepared by Jeff

Gennarelli attached as <u>Exhibit 1</u> ("Gennarelli Analysis"). Waterstone retained a damages expert, Steve Oscher, to opine on the Gennarelli analysis. Thereafter, two weeks before the close of discovery, Mutual disclosed Candice Rosevear, a "rebuttal" expert, who asserted for the first time that Mutual's damages for lost profits are "approximately $28 million." Rosevear admitted her report has nothing to do with the Gennarelli Analysis, that she was unaware of the particulars of the Gennarelli Analysis, and that her analysis is markedly different:

- Rosevear did not compare her analysis to Gennarelli's (Rosevear Dep. Tr. (<u>Exhibit 2</u>) 7:21-8:2) or attempt to determine whether the Gennarelli estimate is accurate. (*Id*. at 23:4-7, 23:20-24:4.)

- Rosevear knew of the Gennarelli Analysis but never asked Mutual why she was not analyzing it (*id*. at 21:20-22:6) and stated "I didn't analyze that number or spend timing thinking about that number in particular, I did my own independent analysis." (*Id*. at 22:6-14.)

- Rosevear could not say whether she relied upon the same data as Gennarelli because she "didn't analyze [his spreadsheet] in depth." (*Id*. at 25:3-8.)

- Mutual retained Rosevear to independently calculate damages, not to support the Gennarelli model. (*Id*. at 27:7-9; 31:19-32:5.)

- Rosevear had no discussions with anyone at Mutual about why there was a multi-million-dollar difference between the Gennarelli Analysis and her $28 million estimate. (*Id.* at 29:22-30:11.)

- Rosevear projected damages out ten years, to 2031, whereas Gennarelli projected damages out 18 months (*id.* at 43:1-45:9), with Rosevear noting "I don't understand fully why 18 months is selected." (*Id.* at 45:8-9.)

- Rosevear did not know whether Gennarelli factored in the 2020-2021 COVID-19 anomalous time period that drew criticism from Oscher because she "didn't look closely at the underlying assumptions of that analysis." (*Id.* at 84:11-16.)

- When using the 18-month period Gennarelli used but applying Rosevear's methodology, the lost profits are $2.6 million—40% less than the prior $4,440,002.42 Gennarelli demand. (*Id.* at 99:11-103:10.)

- Rosevear's damages model is "very different" from the Gennarelli Analysis, as she used a forecasting model based off branches Mutual viewed as "peer" branches and MBA data, which was not relied upon in the Gennarelli Analysis. (*Id.* at 123:16-124:5.)

In sum, when asked if her analysis has nothing to do with the Gennarelli Analysis, Rosevear agreed, stating: "That's correct. My analysis is an independent analysis." (*Id.* at 124:17-20.) Rosevear further testified she had no obligation to understand how her model differed from Gennarelli's or discuss his assumptions and

considerations, as she was to "conduct an independent analysis, that's not influenced by prior models." (*Id*. at 175:19-176:1.)

When Mutual indicated it would present Rosevear in its case-in-chief, Waterstone filed a motion *in limine* to prevent Mutual from doing so on the grounds that Mutual disclosed Rosevear as a rebuttal expert. (D.E. 170). The Court denied Waterstone's motion. (D.E. 197)

### III. ARGUMENT

Mutual is not entitled to keep Waterstone in the dark about the damages and damages model it will rely upon at trial. Mutual indicated it prefers to present Rosevear's analysis and will call Rosevear in its case-in-chief. If so, the previously relied upon Gennarelli analysis needs to be excluded. Waterstone should be entitled to have its witnesses, including its damages expert Oscher, know which damages model is going to be presented to the jury so that Waterstone may prepare for trial. In addition, two competing damages models with different demands addressing Mutual's alleged lost profits would confuse the jury and should be excluded under Federal Rule of Evidence 403.

### IV. CONCLUSION

For all the reasons discussed, the Court should grant Waterstone's motion and exclude the Gennarelli Analysis.

Dated: February 12, 2025.

*s/ Maria L. Kreiter*
Maria Kreiter (admitted pro hac vice)
Emma Jewell (admitted pro hac vice)
Xavier Jenkins (admitted pro hac vice)
GODFREY KAHN S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 287-9466 (Telephone)
mkreiter@gklaw.com
ejewell@gklaw.com
xjenkins@gklaw.com

Scott A. McLaren (FBN: 414816)
Carolina Y. Blanco (FBN: 0098878)
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
carolina.blanco@hwhlaw.com
scott.mclaren@hwhlaw.com

*Attorneys for Defendant Waterstone Mortgage Corporation*

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Waterstone certifies they have conferred in good faith with opposing counsel concerning the issues presented in this Motion. Specifically, Waterstone's counsel spoke with Mutual's counsel by phone on February 12, 2025. Mutual's counsel indicated it will not consent to the relief sought.

Dated: February 12, 2025.

*s/Maria L. Kreiter*
Maria Kreiter (admitted pro hac vice)
Emma Jewell (admitted pro hac vice)
Xavier Jenkins (admitted pro hac vice)
GODFREY KAHN S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 287-9466 (Telephone)
mkreiter@gklaw.com
ejewell@gklaw.com
xjenkins@gklaw.com

Scott A. McLaren (FBN: 414816)
Carolina Y. Blanco (FBN: 0098878)
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
carolina.blanco@hwhlaw.com
scott.mclaren@hwhlaw.com

*Attorneys for Defendant Waterstone Mortgage Corporation*