**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., | ) )  Civil Action No. 22-CV-01660 |
| Plaintiff, | ) ) ) |
| v. | ) **PLAINTIFF MUTUAL OF OMAHA** ) **MORTGAGE, INC.'S FIRST AMENDED** ) **INITIAL DISCLOSURES** |
| WATERSTONE MORTGAGE CORPORATION, | ) ) ) |
| Defendant. | ) |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), plaintiff Mutual of Omaha Mortgage, Inc. ("Plaintiff" or "Mutual Mortgage"), by and through its undersigned counsel, hereby makes the following disclosures:

**Rule 26(a)(1)(A)(i)**: "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment"

Please see Attachment A.

**Rule 26(a)(1)(A)(ii)**: "a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the



disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment"

~~Please see Attachment B.~~

Limited discovery is still outstanding, which may result in additional documents not yet known at this time to Plaintiff. Plaintiff reserves the right to supplement these Initial Disclosures at a later date as authorized by Federal Rule of Civil Procedure 26(a)(1)(E). Plaintiff identifies the following information or documents in its possession that may be used to support its claims or defenses in this litigation:

1. The April 29, 2022 cease-and-desist letters sent to Departed Employees and Waterstone;

2. The certifications signed by Waterstone Employees;

3. Employment files of Departed Employees and Managers;

4. Documents identified by Mutual as its trade secrets in discovery and as Trade Secrets Exhibits in this litigation;

5. Communications regarding transferring of loans from Mutual to Waterstone;

6. All documents referenced and attached to a pleading, motion, or deposition; and

2

    7.    All documents relied on by any expert identified in this litigation; and

    8.    Communications from the Departed Employees and Managers upon leaving Waterstone for CMG Mortgage.

**Rule 26(a)(1)(A)(iii)**: "a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered"

~~Discovery in this case has not yet begun, and Plaintiff is continuing to investigate the facts and claims relevant to this lawsuit. Plaintiff's damages include, but are not limited to, lost revenue and profits from loans that were improperly diverted from Plaintiff to Defendant, and information regarding these loans is necessarily uniquely in the possession of Defendant. Without limiting the factual and legal claims stated in the complaint, at this preliminary stage of the case where discovery has not yet begun, Plaintiff is unable to quantify or calculate the damages that have resulted from Defendant's actions.~~ Plaintiff's damages include all lost revenue and profits due to the lift-out of the Florida Operations for a period of thirty months, as computed by Plaintiff's damages expert Candice Rosevear, and the computation is based on all documents and materials she relied upon in forming her opinions, which are listed in her July 14, 2023 expert report

3

<ins>and June 28, 2024 supplemental expert report at Appendix A - Documents Considered. In addition, Plaintiff's damages include punitive damages, attorney's fees, and/or exemplary damages under the Defend Trade Secrets Act, Florida Uniform Trade Secrets, and Florida law, as well as pre and post-judgment interest.</ins> Plaintiff reserves the right to supplement these Initial Disclosures at a later date as authorized by Federal Rule of Civil Procedure 26(a)(1)(E).

**Rule 26(a)(1)(A)(iv)**: "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment"

Plaintiff is unaware of any such insurance policy.

Dated:  Washington, D.C.
        January 31, 2025

| MITCHELL SANDLER PLLC | GUNSTER, YOAKLEY & STEWART, P.A. |
|---|---|
| By: */s/ Ari Karen*<br>Ari Karen (admitted *pro hac vice*)<br>Christopher McCall (admitted *pro hac vice*)<br>Courtney E. Walter, FL Bar No. 0106228<br>Arielle Stephenson (admitted *pro hac vice*)<br>1120 20th Street NW, Suite 725<br>Washington, D.C. 20036<br>akaren@mitchellsandler.com<br>cmccall@mitchellsandler.com<br>cwalter@mitchellsandler.com<br>astephenson@mitchellsandler.com<br>Telephone: (202) 886-5292 | John Schifino, FL Bar No. 0072321<br>Daniel Dietrich, FL Bar No. 934461<br>Gregory Pierson, FL Bar No. 123905<br>401 East Jackson Street, Suite 1500<br>Tampa, FL 33602<br>jschifino@gunster.com<br>ddietrich@gunster.com<br>gpierson@gunster.com<br>Telephone: (813) 228-9080 |

4

*__Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.__*

## ATTACHMENT A

~~Discovery has not yet begun in this case, and Plaintiff has not yet determined all individuals likely to have discoverable information that Plaintiff may use to support its claims or defenses.~~ Plaintiff reserves the right to supplement these Initial Disclosures at a later date as authorized by Federal Rule of Civil Procedure 26(a)(1)(E). At this ~~preliminary~~ stage of the case, Plaintiff has identified the following individuals likely to have discoverable information that Plaintiff may use to support its claims or defenses:

1. ~~Chris Leyden. Chris Leyden is~~**Individuals** Employed by ~~Plaintiff as its~~**Mutual of Omaha Mortgage:** Chris Leyden (Mutual's Chief Operating Officer ~~and is~~); Katherine Theobald (Mutual's Senior Human Resources Manager); Jeff Gennarelli (Mutual's Executive Vice President, Production); Kiley King (Co-Regional Sales Manager). Each of these individuals are likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire over sixty Mutual Mortgage employees (the "Departed Employees"), to encourage and assist the Departed Employees to solicit other employees to leave Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while

6

the Departed Employees were still licensed with and working for Mutual Mortgage. ~~Chris Leyden~~The employees can be contacted through Plaintiff's lead counsel of record (~~Christopher L. McCall~~Ari Karen, Mitchell Sandler LLC, ~~1120 20th~~2020 K Street ~~N.W.,~~NW, Suite ~~725~~760, Washington, D.C., 20036, (202) 886-~~5292~~5260, ~~cmccall~~akaren@mitchellsandler.com). 

~~2.    Dustin Owen.  Dustin Owen is employed by Defendant and is likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire over sixty Mutual Mortgage employees (the "Departed Employees"), to encourage and assist the Departed Employees to solicit other employees to leave Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while the Departed Employees were still licensed with and working for Mutual Mortgage.  As an employee of Defendant, Dustin Owen can be contacted through Defendant's counsel of record (Maria Kreiter, Godfrey Kahn S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin, 53202, (414) 287-9466, ).~~

~~3.~~2.    ~~Kevin Allen.  Kevin Allen is~~**Individuals Employed/Previously Employed by Waterstone:** Dustin Owen; Kevin Allen; Chris Smith; Chris Wolf; Dwayne Hutto; John Utsch; Scott Howard; Mike Smalley; Dawson Walker; and

7

Elizabeth Spragg; Melanie Ferrara; Ellie Briones; and Kyrstin Friebis. Each of these individuals is or was employed by Defendant and is likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire over sixty Mutual Mortgage employees (the "Departed Employees"), to encourage and assist the Departed Employees to solicit other employees to leave Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while the Departed Employees were still licensed with and working for Mutual Mortgage. ~~As an employee of Defendant, Kevin Allen~~The employees can be contacted through Defendant's counsel of record (Maria Kreiter, Godfrey Kahn S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin, 53202, (414) 287-9466, mkreiter@gklaw.com).

4.    ~~Chris Smith. Chris Smith~~**Departed Employees:** Set forth below is a list of the Departed Employees, who were formerly employed by Plaintiff, were then employed by Defendant, and ~~is~~now no longer employed by Defendant. The Departed Employees are likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire ~~over sixty Mutual Mortgage employees (the "Departed Employees")~~, to encourage and assist the Departed Employees to

8

solicit other employees to leave Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while the Departed Employees were still licensed with and working for Mutual Mortgage.  ~~As an employee of Defendant, Chris Smith can be contacted through Defendant's counsel of record (Maria Kreiter, Godfrey Kahn S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin, 53202, (414) 287-9466, ).~~

~~5.     Dwayne Hutto.  Dwayne Hutto is employed by Defendant and is likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire over sixty Mutual Mortgage employees (the "Departed Employees"), to encourage and assist the Departed Employees to solicit other employees to leave Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while the Departed Employees were still licensed with and working for Mutual Mortgage.  As an employee of Defendant, Dwayne Hutto can be contacted through Defendant's counsel of record (Maria~~

~~Kreiter, Godfrey Kahn S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin, 53202, (414) 287-9466, ).~~

~~6.   Lorri Hutchcraft. Lorri Hutchcraft is employed by Defendant and is likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire over sixty Mutual Mortgage employees (the "Departed Employees"), to encourage and assist the Departed Employees to solicit other employees to leave Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while the Departed Employees were still licensed with and working for Mutual Mortgage. As an employee of Defendant, Lorri Hutchcraft can be contacted through Defendant's counsel of record (Maria Kreiter, Godfrey Kahn S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin, 53202, (414) 287-9466, ).~~

~~7.   Fred Stalls. Fred Stalls is employed by Defendant and is likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire over sixty Mutual Mortgage employees (the "Departed Employees"), to encourage and assist the Departed Employees to solicit other employees to leave Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees~~

10

~~to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while the Departed Employees were still licensed with and working for Mutual Mortgage. As an employee of Defendant, Fred Stalls can be contacted through Defendant's counsel of record (Maria Kreiter, Godfrey Kahn S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin, 53202, (414) 287-9466, ).~~

~~**8.** Cody Lamb. Cody Lamb is employed by Defendant and is likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire over sixty Mutual Mortgage employees (the "Departed Employees"), to encourage and assist the Departed Employees to solicit other employees to leave Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while the Departed Employees were still licensed with and working for Mutual Mortgage. As an employee of Defendant, Cody Lamb can be contacted through Defendant's counsel of record (Maria Kreiter, Godfrey Kahn S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin, 53202, (414) 287-9466, ).~~

11

9. ~~Zeke Waterman. Zeke Waterman is employed by Defendant and is likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire over sixty Mutual Mortgage employees (the "Departed Employees"), to encourage and assist the Departed Employees to solicit other employees to leave Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while the Departed Employees were still licensed with and working for Mutual Mortgage. As an employee of Defendant, Zeke Waterman can be contacted through Defendant's counsel of record (Maria Kreiter, Godfrey Kahn S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin, 53202, (414) 287-9466, ).~~

10. ~~Chris Wolf. Chris Wolf is employed by Defendant and is likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire over sixty Mutual Mortgage employees (the "Departed Employees"), to encourage and assist the Departed Employees to solicit other employees to leave Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their~~

12

~~fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while the Departed Employees were still licensed with and working for Mutual Mortgage. As an employee of Defendant, Chris Wolf can be contacted through Defendant's counsel of record (Maria Kreiter, Godfrey Kahn S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin, 53202, (414) 287-9466, ).~~

~~11. Mike Smalley. Mike Smalley is employed by Defendant and is likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire over sixty Mutual Mortgage employees (the "Departed Employees"), to encourage and assist the Departed Employees to solicit other employees to leave Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while the Departed Employees were still licensed with and working for Mutual Mortgage. As an employee of Defendant, Mike Smalley can be contacted through Defendant's counsel of record (Maria Kreiter, Godfrey Kahn S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin, 53202, (414) 287-9466, ).~~

~~12. Lucas Van Dame. Lucas Van Dame is employed by Defendant and is likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire over sixty Mutual Mortgage employees (the "Departed~~

13

~~Employees"), to encourage and assist the Departed Employees to solicit other employees to leave Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while the Departed Employees were still licensed with and working for Mutual Mortgage.  As an employee of Defendant, Lucas Van Dame can be contacted through Defendant's counsel of record (Maria Kreiter, Godfrey Kahn S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin, 53202, (414) 287-9466, ).~~

~~**13.** Cynthia Manley.~~ ~~Cynthia Manley is employed by Defendant and is likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire over sixty Mutual Mortgage employees (the "Departed Employees"), to encourage and assist the Departed Employees to solicit other employees to leave Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while the Departed Employees were still licensed with and working for Mutual Mortgage.  As an employee of Defendant,~~

14

~~Cynthia Manley can be contacted through Defendant's counsel of record (Maria Kreiter, Godfrey Kahn S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin, 53202, (414) 287-9466, ).~~

~~**14.** Justin DePalma. Justin DePalma is employed by Defendant and is likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire over sixty Mutual Mortgage employees (the "Departed Employees"), to encourage and assist the Departed Employees to solicit other employees to leave Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while the Departed Employees were still licensed with and working for Mutual Mortgage. As an employee of Defendant, Justin DePalma can be contacted through Defendant's counsel of record (Maria Kreiter, Godfrey Kahn S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin, 53202, (414) 287-9466, ).~~

~~**15.** John Utsch. John Utsch is employed by Defendant and is likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire over sixty Mutual Mortgage employees (the "Departed Employees"), to encourage and assist the Departed Employees to solicit other employees to leave~~

15

~~Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while the Departed Employees were still licensed with and working for Mutual Mortgage. As an employee of Defendant, John Utsch can be contacted through Defendant's counsel of record (Maria Kreiter, Godfrey Kahn S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin, 53202, (414) 287-9466, ).~~

~~**16.** Jordan Ebelini. Jordan Ebelini is employed by Defendant and is likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire over sixty Mutual Mortgage employees (the "Departed Employees"), to encourage and assist the Departed Employees to solicit other employees to leave Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while the Departed Employees were still licensed with and working for Mutual Mortgage. As an employee of Defendant, Jordan Ebelini can be contacted through Defendant's counsel of record (Maria Kreiter, Godfrey Kahn S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin, 53202, (414) 287-9466, ).~~

**17.3.** ~~Departed Employees. Set forth below is a list of the Departed Employees, who were formerly employed by Plaintiff but now employed by Defendant. The Departed Employees are likely to have information regarding Defendant's brazen and unlawful scheme to solicit and hire the Departed Employees, to encourage and assist the Departed Employees to solicit other employees to leave Mutual Mortgage for WaterStone, to encourage and assist the Departed Employees to provide confidential and trade secret information belonging to Mutual Mortgage to WaterStone, and to encourage and assist the Departed Employees to breach their fiduciary duties to Mutual Mortgage by diverting customers to WaterStone while the Departed Employees were still licensed with and working for Mutual Mortgage. As employees of Defendant,~~ The Departed Employees can be contacted through Defendant's counsel of record (Maria Kreiter, Godfrey Kahn S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin, 53202, (414) 287-9466, mkreiter@gklaw.com).

        Khalaf, Wadie
        Walsh, Tyler
        De Palma, Justin
        Roden, Rebecca S
        Bertolotti, Anthony W
        Landgraff, Matthew R
        Dahlin, Nathan
        Ebelini, Jordan
        Mueller, Eric A
        Thornton, Timothy
        Edwards, Nikki A

Brown, Hannah
Stalls, Frederick D
Van Dame, Lucas
Tully, Kiera
Nandwani, Kali
Bowe, Robert E
Smith, Julia L
Lamb, Kenton C
Negrich, Brittanie A
Nedelcheva, Neli S
Smith, Lauren
Utsch, John
Smith, Christopher C
Manley, Cynthia
Becerra, Karla J
Orlando, Lindsay M
Johnson, James
Altieri, Joseph
Santos, Manuel
Ross, Nija
Graves, Donzella
Nguyen, John

Irish, Michael
Holley, Cameron
Walker, Dawson
Zeeman, Daniel
Waterman, Zekiel L
Hutto, Melvin D
Hutto, Nicole
Gurley, Michael
Fleurio, Beatrice
Knight, John Thomas
Henry Jr, William G
Staudt, Sunshine
Friebis, Kyrstin
Johnson, Kristie
Hutchcraft, Lorri
Williams, Robin
Simmons, Susan J

18

Ali, Lisa M
Jacobs, Diana
Viscomi, Sandra
Giraldo, Tatiana
Wolf, Christopher
De Sevilla, Maria
Lowe, Jake

Michael Lynch
Brian Karwoski
Hector Hernandez
Ana Fermin
Ajradin Shajnoski
Javier Ferrer
Ingrid Ruiz
Juan Castello
Ryen Pezzolla
Michael Stefans
Andrew Basso
Gabriella Japaz
Franny Tavarez
Ricardo Medrano
Merita Karwoski
Patrick Japaz

## **ATTACHMENT B**

~~Discovery in this case has not yet begun, and Plaintiff is continuing to investigate the facts and claims relevant to this lawsuit. Plaintiff reserves the right to supplement these Initial Disclosures at a later date as authorized by Federal Rule of Civil Procedure 26(a)(1)(E). At this preliminary stage in the case, Plaintiff identifies the following information or documents in its possession that may be used to support its claims or defenses in this litigation:~~

1. ~~Employment agreements~~

2. ~~Electronic documents such as emails and calendar entries~~

    ~~Employment files~~

**4.** Any witness disclosed by Waterstone in its initial disclosures or discovery responses, or at trial.

**5.** All expert witnesses disclosed by either party, including: Candice Rosevear, Jim Deitch, Jim Bone, Steve Oscher, Brett Creasy.

**6.** Record custodians necessary to establish the admissibility of exhibits.

**7.** Rebuttal witnesses.

20