UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> WATERSTONE MORTGAGE CORPORATION, <br><br> Defendant. | Case No. 8:22-cv-01660-AEP |

**PLAINTIFF MUTUAL OF OMAHA MORTGAGE, INC.'S
MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO AND EVIDENCE OF
ANY PURPORTED ABILITY OF MUTUAL TO MITIGATE DAMAGES AND ANY
PURPORTED FAILURE BY MUTUAL TO MITIGATE DAMAGES**

Plaintiff Mutual of Omaha Mortgage, Inc. ("Mutual"), by counsel, moves the Court to enter an order, *in limine*, excluding any reference to, and evidence of, any purported ability of Mutual to mitigate its damages and any purported failure by Mutual to mitigate its damages. In support, Mutual states as follows:

## INTRODUCTION

This action centers upon the brazen, unlawful, and coordinated scheme by Defendant Waterstone Mortgage Corporation ("Waterstone") to solicit and to hire approximately sixty Mutual employees. Doc. 37 at ¶ 1. The scheme included three of Mutual's branch managers conspiring with Waterstone to unlawfully "steal the entirety of Mutual's Florida operations." Doc. 100 at 1. Waterstone also encouraged and assisted Mutual's former employees in providing Mutual's confidential and trade-secret information to Waterstone, which has not

only damaged Mutual, but the entirety of the scheme caused Mutual to close three of its branches. Doc. 37 at ¶¶ 1–2.

Mutual has asserted claims against Waterstone for: (1) misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836; (2) misappropriation of trade secrets under the Florida Trade Secrets Act; (3) tortious interference with a contract; and (4) aiding and abetting breach of fiduciary duty. *Id.* at ¶¶66–97.

Waterstone purports to raise this affirmative defense: "The claims are barred, in whole or in part, by Mutual Mortgage's failure to mitigate its damages." Doc. 39 at 40. Waterstone has also indicated in its pretrial papers that it intends to argue that Mutual failed to mitigate its damages. However, as explained in more detail below, the record is devoid of any evidence of Mutual's ability to mitigate its damages or any failure by Mutual to do so.

## LEGAL STANDARD

The Court's authority to manage trials includes the power to exclude evidence pursuant to motions *in limine*. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial." *McHale v. Crown Equip. Corp.*, No. 8:19-cv-707-VMC-SPF, 2021 WL 4527509, at *1 (M.D. Fla. Oct. 1, 2021) (internal quotation marks omitted). The purpose of a motion *in limine* is to "give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." *Id.* (alterations in original) (internal quotation marks omitted). In other words, a motion *in limine* seeks "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce*, 469 U.S. at 462 n.2.

## ARGUMENT

### I. The Record Lacks Any Evidence of Mutual's Ability to Mitigate Its Damages or Any Failure By Mutual to Mitigate Its Damages

Waterstone has indicated that it may argue that Mutual failed to mitigate its damages during the trial of this action. But here is the problem: the record lacks any evidence of Mutual's ability to mitigate its damages or any evidence of a failure by Mutual to mitigate its damages. Instead, Waterstone has merely theorized, without providing any supporting evidence, that Mutual could have mitigated its damages.

For example, despite the absence of supporting evidence, Waterstone has hypothesized that Mutual could have prevented the mass exodus of employees—resulting from Waterstone's solicitation and encouragement—from occurring. Waterstone has even gone so far as to suggest that Mutual could have mitigated its damages *after* Waterstone unlawfully plucked all of the employees from Mutual's Florida Branches —a theory that entirely ignores that Mutual would never rehire employees after discovering that those employees had breached their agreements by forwarding confidential and trade secret information to Waterstone and proceeded to work at Waterstone. Nor could Mutual have "rehired" an entire branch that had *already* left. This type of guesswork is divorced from the record evidence, resides in speculation, and is improper. *See Sys. Components Corp. v. Fla. Dep't of Transp.*, 14 So. 3d 967, 982 (Fla. 2009) (stating that the doctrine of avoidable consequences, also known as the "duty to mitigate" damages, "does not permit damage reduction based on what 'could have been avoided' through Herculean efforts.").

Any attempt by Waterstone to argue that Mutual failed to mitigate its damages conflates the existence of record evidence supporting a failure to mitigate with nothing more than mere speculation. Stated differently, theories claiming that Mutual could have mitigated

any damages do not mean that the record supports such theories, because it does not. *See Holder v. Anderson*, No. 3:16-cv-1307-J-39JBT, 2018 WL 4956757, at *2 (M.D. Fla. May 30, 2018) (granting a motion to exclude references to the defendant as intoxicated or under the influence at the time of the subject accident because there was "no evidence or expert testimony that [the defendant] was impaired at the time of the accident[.]"); *See Sabil Trail Transmission, LLC v. 1.76 Acres of Land in Levy Cnty.*, No. 1:16cv73-MW/GRJ, 2018 WL 6318844, at *2 (N.D. Fla. Oct. 3, 2018) ("This Court agrees that Defendants may not argue or suggest collusion unless Defendants have a factual basis to support such argument or suggestion.").

Therefore, the Court should prevent Waterstone from arguing that Mutual had the ability to mitigate its damages and failed to mitigate its damages because the record lacks any supporting evidence.

## CONCLUSION

For the reasons explained above, Mutual requests that the Court enter an order, *in limine*, excluding any reference to, and evidence of, any purported failure by Mutual to mitigate its damages.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that Mutual's counsel has conferred with Waterstone's counsel, who has advised that Waterstone opposes the relief sought in this motion.

Dated: February 13, 2025

Respectfully submitted,

*/s/ Ari Karen*
Ari Karen (admitted *pro hac vice*)
Arielle Stephenson (admitted *pro hac vice*)
**MITCHELL SANDLER PLLC**
2020 K Street N.W., Suite 760
Washington, D.C. 20006
Email: akaren@mitchellsandler.com
Email: astephenson@mitchellsandler.com
Telephone: (202) 886-5292

Daniel P. Dietrich, FL Bar # 934461
Gregory L. Pierson, FL Bar # 123905
**GUNSTER, YOAKLEY & STEWART, P.A.**
401 East Jackson Street, Suite 1500
Tampa, Florida 33602
ddietrich@gunster.com
gpierson@gunster.com
Telephone: (813) 228-9080

*Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 13, 2025, a true and correct copy of the foregoing was filed with the Court via CM/ECF which will send a notice of electronic filing to the parties of record.

*/s/ Ari Karen*
Ari Karen