UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> WATERSTONE MORTGAGE CORPORATION, <br><br> Defendant. | Case No. 8:22-cv-01660-AEP |

**PLAINTIFF MUTUAL OF OMAHA MORTGAGE, INC.'S
MOTION *IN LIMINE* TO EXCLUDE JOHN BONE'S TESTIMONY THAT
TRADE SECRETS MISAPPROPRIATION MUST BE THE
<u>SOLE CAUSE OR BUT FOR CAUSE OF MUTUAL'S DAMAGES</u>**

Plaintiff Mutual of Omaha Mortgage, Inc. ("Mutual"), by counsel, moves the Court to enter an order, *in limine*, excluding testimony from Defendant's expert, John Bone, that in order for Mutual to prevail on its trade secret misappropriation claims, Mutual must prove that the misappropriation was the sole and exclusive cause of its damages. In support, Mutual states as follows:

<u>INTRODUCTION</u>

Waterstone's solicitation and ultimate hiring of approximately 60 Mutual employees was premised upon a plan to unlawfully "steal the entirety of Mutual's Florida operations" through a "seamless" transition Doc. 100 at 1; Doc. 37 at ¶ 1; Deposition Tr. of Chris Wolf, Exhibit A at 179:18-21 (Q. "And the reason you wanted to do that, tell me if I'm wrong, is you really wanted to try to create as much of a seamless transition as possible; correct? A Correct."). As part of this seamless transition, Waterstone encouraged and assisted Mutual's former employees to provide Mutual's confidential and trade-secret information to

Waterstone. This facilitated the transition by avoiding income loss, including by eliminating "ramp up" time, and enabled loan officers to transition without concern for the loss of business normally flowing from their database. In essence, Mutual will prove that without Mutual's data Waterstone could not have created a seamless transition which was critical to the lift-out of its Florida Operations. Doc. 37 at ¶¶ 1–2.

Mutual has asserted claims against Waterstone for: (1) misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836; (2) misappropriation of trade secrets under the Florida Trade Secrets Act; (3) tortious interference with a contract; and (4) aiding and abetting breach of fiduciary duty. *Id.* at ¶¶ 66–97.

Waterstone ultimately hired expert John Bone, a damages expert, who prepared a report in this matter. Bone Report, ¶7[1] (expertise is described as "determining the extent of damages"). His report opines that "Mutual Mortgage has not attempted to quantify damages resulting ***solely from*** the alleged misappropriation of trade secrets; and The evidence supports the conclusion that ***any damages caused solely by*** the alleged misappropriation of trade secrets is de minimis." Bone Report, p. 8, ¶ 12 (emphasis added). He further explains this opinion later in his report:

> [I]n order for Mutual Mortgage to establish that the Loss of Branch Damages were ***caused solely by*** the trade secret misappropriation, it will have to establish that the Departed Employees would not have departed Mutual Mortgage if they were unable to bring the alleged trade secrets along with them to Waterstone. In other words, Mutual Mortgage ***will have to show that but for the trade secret misappropriation alone***, the Departed employees would have remained at Mutual Mortgage.

Bone Report, ¶ 64 (emphasis added).

---

[1] To avoid the need to file this motion under seal, Mutual is attaching the cover page of Mr. Bone's report, along with the pages referenced in this motion with the quoted portion of the paragraphs cited unredacted. None of the unredacted portions provided reference confidential or other information that would be properly filed under seal.

Mr. Bone's testimony – which Mutual anticipates will be offered at trial – must be excluded because (1) it impinges on the Judge's province to instruct the jury as to the legal standard to apply in this case and (2) improperly states the legal standard.

## **LEGAL STANDARD**

The Court's authority to manage trials includes the power to exclude evidence pursuant to motions *in limine*. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial." *McHale v. Crown Equip. Corp.*, No. 8:19-cv-707-VMC-SPF, 2021 WL 4527509, at *1 (M.D. Fla. Oct. 1, 2021) (internal quotation marks omitted). The purpose of a motion *in limine* is to "give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." *Id.* (alterations in original) (internal quotation marks omitted). In other words, a motion *in limine* seeks "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce*, 469 U.S. at 462 n.2.

## **ARGUMENT**

**I.     Any Testimony Asserting that Mutual Must Prove the Misappropriation of Trade Secrets by Waterstone Was the Sole Cause of Mutual's Damages Improperly Impedes the Province of the Judge to Instruct the Jury**

The law is "properly considered and determined by the court whose function it is to instruct the jury on the law[.]" *See U.S. v. Oliveros*, 275 F.3d 1299, 1306-07 (11th Cir. 2001). Indeed, law "is not to be presented through testimony and argued to the jury as a question of fact." *See id.* (citations omitted). It is well established that "the court must be the jury's only source of law," not an expert witness. *See Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (citations omitted). "[E]xpert testimony proffered solely to establish the

meaning of a law is presumptively improper. Thus, an expert or nonexpert opinion that amounts to a conclusion of law cannot be properly received in evidence, because the determination of such questions is exclusively within the province of the court[.]" 31A AM.JUR.2D Expert and Opinion Evidence § 117 (2008).

Mr. Bone's proffered testimony entirely seeks to instruct the jury as to the law regarding causation and whether the misappropriation of trade secrets must be the *sole* cause of Mutual's damages. In fact, he injects multiple legal standards into the case regarding causation that are inconsistent with the pattern jury instructions. While the pattern instruction states that the misappropriation merely has to cause the resulting injury, Eleventh Circuit Pattern Jury Instruction § 11.4 (*See* Annotations and Comments). Mr. Bone injects the concept that it must be proven to be the sole and exclusive cause. *See* Bone Report, ¶ 64 (stating that damages must be "caused solely by the trade secret misappropriation[.]"). Bone further states that Mutual "will have to show that ***but for*** the trade secret misappropriation ***alone***, the Departed employees would have remained at Mutual Mortgage." Bone Report, ¶ 64. Putting aside the accuracy of such legal statements, the expert opinion amounts to a conclusion of law regarding the standard for causation in a trade secrets misappropriation claim. Mr. Bone is not a legal expert. Bone Report, ¶ 7 (expertise is described as "determining the extent of damages"). Therefore, the determination of any conclusions of law is solely within the Court's province, not Mr. Bone's. As a result, the testimony should be excluded. *See Oliveros*, 275 F.3d at 1306-07.

## II. The Testimony Must Be Excluded as Incorrect Statements of Law

"Where a jury is given an erroneous charge which will 'mislead the jury or leave the jury as to speculate as to an essential point of law,' the error is sufficiently fundamental to

warrant a new trial despite a party's failure to state a proper objection.'" *Pate v. Seaboard R.R., Inc.*, 819 F.2d 1074, 1083 (11th Cir. 1987).

Mr. Bone's statements as to the law concerning causation are inaccurate. Indeed, the Pattern Jury Instruction for a claim under the DTSA does not require that the misappropriation be the exclusive but-for cause of actual damages. Eleventh Circuit Pattern Jury Instruction § 11.4. Rather, the DTSA, consistent with the pattern instruction, permits an award of "damages for actual loss caused by the misappropriation of the trade secret[.]" 18 U.S.C. § 1836(3)(B)(i)(I). Nowhere in the DTSA is "sole cause" or "but for" cause referenced. *See id.*

Moreover, case law confirms that such a limited notion of exclusive but for causation is improper. *See, e.g.*, *ChromaDex, Inc. v. Elysium Health, Inc.*, 2019 WL 7166056, at *1 (C.D. Cal. 2019) (internal citation omitted) ("Damages are caused by trade secret theft if the trade secret theft was a 'substantial factor' in causing the damages."); *Univ. of Miss. Med. Ctr. v. Sullivan*, No. 3:19-CV-459-CWR-LGI, 2022 WL 304835, at *3 (S.D. Miss. Feb. 1, 2022) ("traditional tort principles" including "proximate cause" apply to DTSA misappropriation claims). Case law also confirms that "but for" causation is too limiting because it does not address situations involving independent or concurrent causes. *ChromaDex*, 2019 WL 7166056, at *1 (the "substantial factor standard generally produces the same results as does the but for rule of causation, but it also reaches beyond it to address other situations, such as those involving independent or concurrent causes in fact.") (internal citations and quotations omitted); *Advantor Sys. Corp. v. DRS Tech. Servs., Inc.*, 678 F. App'x 839, 853 (11th Cir. 2017) (finding that the "record contains sufficient evidence to enable a factfinder to conclude that,

but for [defendant's conduct], [plaintiff] would have been hired [...]" but not holding that but for causation is required in trade secrets misappropriation claims).

It is evident that Mr. Bone's testimony regarding causation would confuse an "essential point of law" that is within this Court's province to instruct to the jury. *Pate*, 819 F.2d at 1083. Such a statement of law is entirely contradictory to the available case law on DTSA's causation requirement. It is further misleading and inaccurate because it discusses two distinct legal standards – sole causes and but -for cause – neither of which are required by the DTSA or this Circuit's pattern instructions. Accordingly, Mr. Bone's testimony as to the applicable legal standard must be excluded.

## CONCLUSION

For the reasons explained above, Mutual requests that the Court enter an order, *in limine*, excluding Mr. Bone's testimony that, in order for Mutual to prevail on its trade secret misappropriation claims, Mutual must prove that the misappropriation was the sole and exclusive cause of its damages.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that Mutual's counsel has conferred with Waterstone's counsel who has advised that Waterstone does not consent to the relief sought in this motion.

Dated: February 13, 2025

        Respectfully submitted,

        */s/ Ari Karen*
        Ari Karen (admitted *pro hac vice*)
        Arielle Stephenson (admitted *pro hac vice*)
        **MITCHELL SANDLER PLLC**
        2020 K Street N.W., Suite 760
        Washington, D.C. 20006
        Email: akaren@mitchellsandler.com
        Email: astephenson@mitchellsandler.com
        Telephone: (202) 886-5292

        Daniel P. Dietrich, FL Bar # 934461
        Gregory L. Pierson, FL Bar # 123905
        **GUNSTER, YOAKLEY & STEWART, P.A.**
        401 East Jackson Street, Suite 1500
        Tampa, Florida 33602
        ddietrich@gunster.com
        gpierson@gunster.com
        Telephone: (813) 228-9080

        *Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 13, 2025, a true and correct copy of the foregoing was filed with the Court via CM/ECF which will send a notice of electronic filing to the parties of record.

        */s/ Ari Karen*
        Ari Karen