UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> WATERSTONE MORTGAGE CORPORATION, <br><br> Defendant. | Case No. 8:22-cv-01660-AEP |

### PLAINTIFF MUTUAL OF OMAHA MORTGAGE, INC.'S MOTION TO STRIKE WATERSTONE'S "RENEWED" MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS

Plaintiff Mutual of Omaha Mortgage, Inc. ("Mutual"), by counsel, moves the Court to strike Defendant Waterstone Mortgage Corporation's ("Waterstone" or "Defendant") renewed motion for summary judgment as to Mutual's trade secret claims ("Second Trade Secrets MSJ"). ECF No. 256. In support, Mutual states as follows:

### INTRODUCTION AND FACTUAL BACKGROUND

Waterstone filed the instant Motion without leave, raising the same arguments that the Court rejected in denying Waterstone's motion for summary judgment back in Summer of 2024. On February 29, 2024, Waterstone filed a motion for summary judgment as to Mutual's trade secrets. ECF No. 137 ("First Trade Secrets MSJ"). Waterstone's First Trade Secrets MSJ was the subject of multiple hearings taking place on May 17, 2024, June 4, 2024, and June 13, 2024, at which time the Court stated

"Ms. Kreiter, my ruling is going to stand […] I am going to deny your motion, but I'm going to give you the opportunity to cure whatever prejudice you think there is." June 13, 2024 Hearing Tr., ECF No. 211 at 57:15-58: 12. Thereafter, Waterstone conducted additional discovery on the trade secrets, including serving requests for production of documents, interrogatories, and taking a 30(b)(6) deposition.

On December 16, 2024, the Court set this case for trial beginning on March 10, 2025 following agreement of the parties. Without seeking leave from the Court, Waterstone filed the instant Second Trade Secrets MSJ, which cites July 26, 2024 Interrogatory responses from Mutual and an August 19, 2024 deposition transcript of Mutual's 30(b)(6) witness. The Second Trade Secrets MSJ, filed on February 10, 2025 – more than five months after the last deposition relevant to trade secrets – is untimely and would prejudice Mutual. Accordingly, the motion should be stricken.

## ARGUMENT

### I. Waterstone Impermissibly Filed a Successive Trade Secrets Motion for Summary Judgment Without Leave of Court

"The Middle District not only frowns on filing multiple summary judgment motions without leave, the Local Rules prohibit it." *Miller v. City of Fort Myers*, No. 2:18-cv-195-FtM-38NPM, 2019 U.S. Dist. LEXIS 175292 (M.D. Fla. Oct. 9, 2019) (citing M.D. Fla. R. 3.01(a); 3.01(d)). Multiple summary judgment motions are not a matter of right, which is why they require leave of court *before* filing them. *See e.g.*, *Fernandez v. Bankers Nat'l Life Ins.*, 906 F.2d 559, 569 (11th Cir. 1990); *McKenzie-Wharton v. United Airlines, Inc.*, No. 8:15-cv-114-17MAP, 2016 WL 5346948, at *7-8

(M.D. Fla. Sept. 23, 2016) ("a second motion for summary judgment is not permitted as of right.");[1] *Essex Ins. v. Foley*, 827 F. Supp. 2d 1326, 1329 n.2 (S.D. Ala. 2011) ("[N]o federal litigant has an absolute right to bring multiple, piecemeal motions for summary judgment; rather, a successive Rule 56 motion may be filed only with the district court's authorization.").

Waterstone's "renewed" motion for summary judgment was undisputedly filed without leave of court. Moreover, it was filed without any citation to a single case establishing that leave should be granted for a successive motion under the circumstances. Accordingly, the Court should strike the Second Trade Secrets MSJ because it is a successive motion for summary judgment filed without leave.

## II. Waterstone's Second Trade Secrets MSJ Is Untimely and Prejudicial

Aside from filing successive motions concerning topics already addressed by this Court, the Court should strike Waterstone's Second Trade Secrets MSJ because it is both untimely and would cause prejudice to Mutual.

### A. The Motion is Untimely.

Rule 56 dictates that summary judgment motions may be filed up and until 30 days after the close of discovery unless the local rules or a court order provide differently. Fed. R. Civ. P. 56 ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until

---

[1] In *McKenzie-Wharton*, the Court went even further, ruling that multiple motions for summary judgment are entirely prohibited. 2016 WL 5346948, at *7 ("this Court specifically prohibits multiple motions for summary judgment. That prohibition is unquestionably within this Court's inherent power. *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004).").

30 days after the close of all discovery."). The final piece of discovery regarding borrower trade secrets in this case occurred with the deposition of Mutual's 30(b)(6) witness.[2] Thus, at the absolute latest Waterstone should have filed its Second Motion for Summary Judgment by September 18, 2024. Instead, after agreeing to schedule trial for March 10, 2025, Waterstone chose to file its Second Trade Secrets MSJ on February 10, 2025. It made no effort to explain why it was filing a substantive dispositive motion 30 days before trial in this case and why such a motion could not have been addressed previously by the Court. The motion is therefore untimely and should be stricken or summarily denied on this basis alone.

### B. The Motion Is Prejudicial.

"Successive motions for summary judgment promote piecemeal adjudication and erode judicial economy." *McKenzie-Wharton*, 2016 WL 5346948, at *7 (citations omitted). Permitting another "bite at the apple" would only "waste court resources and delay resolution of this action." *Sanders v. York*, 2008 WL 1925232, *4 (E.D. Cal. Apr. 30, 2008); *McCabe v. Bailey*, 2008 WL 1818527, *1 (N.D. Iowa Apr. 4, 2008) (enforcing "one-summary-judgment-motion-per-party" rule "to conserve scarce judicial resources, prevent repetitive motions and forestall potential abuse".).

Waterstone filed its Motion on February 10, 2025. Pursuant to Local Rule 3.01(c), Mutual's response is due twenty-one days later, on March 3, 2025. Trial is set

---

[2] Waterstone served a Fifth Set of Interrogatories on September 30, 2024, however such Interrogatories pertained only to the Closed Loan Database trade secrets and not to any of the Borrower Document Compilations. Mutual responded on November 8, 2024 pursuant to agreement of the Parties.

to begin just seven days later, on March 10, 2025, which Waterstone and Mutual jointly proposed. Waterstone is now asking the Court to make a substantive, case altering ruling in the seven intervening days between March 3, 2025 (Mutual's response deadline) and March 10, 2025 (the first day of trial).[3] Practically, by the time Mutual's response is due, witness preparation will be largely completed, as well as witness lists and exhibit lists. There would be immense prejudice to Mutual to receive a substantive ruling concerning a significant portion of its case with one week left before trial is set to commence. Mutual is further prejudiced because at a time when it should only be preparing for trial, it will be forced to prepare a response to the dispositive and complex Motion that Waterstone should have filed in the time permitted by the rules.

## CONCLUSION

For the reasons explained above, Mutual requests that the Court strike or summarily deny Waterstone's Second Trade Secrets MSJ, ECF No. 256. Mutual reserves all rights to file a substantive opposition on the merits to the Second Trade Secrets MSJ in the event the Court has not granted relief prior to the deadline to respond.

---

[3] Waterstone is also permitted a reply brief under the local rules, which is due fourteen days after Mutual's response. Local Rule 3.01(d). That date is March 17, 2025, which is over halfway through the trial.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that Mutual's counsel has conferred with Waterstone's counsel on February 19, 2024 via email regarding the nature of the foregoing Motion. On February 19, 2024, Waterstone's counsel advised that Waterstone opposes the relief sought in this motion.

Dated:   February 19, 2025

        Respectfully submitted,

        */s/ Ari Karen*
        Ari Karen (admitted *pro hac vice*)
        Arielle Stephenson (admitted *pro hac vice*)
        **MITCHELL SANDLER PLLC**
        2020 K Street N.W., Suite 760
        Washington, D.C. 20006
        Email: akaren@mitchellsandler.com
        Email: astephenson@mitchellsandler.com
        Telephone: (202) 886-5292

        Daniel P. Dietrich, FL Bar # 934461
        Gregory L. Pierson, FL Bar # 123905
        **GUNSTER, YOAKLEY & STEWART, P.A.**
        401 East Jackson Street, Suite 1500
        Tampa, Florida 33602
        ddietrich@gunster.com
        gpierson@gunster.com
        Telephone: (813) 228-9080

        *Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on February 19, 2025, a true and correct copy of the foregoing was filed with the Court via CM/ECF which will send a notice of electronic filing to the parties of record.

*/s/ Ari Karen*
Ari Karen
