# **EXHIBIT C**

```
                                                                    1
 1              IN THE UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
 2                       TAMPA DIVISION
                 CASE NO.: 8:22-cv-01660-TPB-JSS
 3
      MUTUAL OF OMAHA
 4    MORTGAGE, INC.,

 5          Plaintiff,

 6    vs.

 7    WATERSTONE MORTGAGE
      CORPORATION,
 8
            Defendant.
 9    _____/

10

11

12
      DEPOSITION OF:      **KATHERINE THEOBALD, CORPORATE**
13                        **REPRESENTATIVE OF MUTUAL OF OMAHA,**
                          **INC.**
14
      TAKEN:              Pursuant to Notice by
15                        Counsel for Defendant

16    DATE:               May 26, 2023

17    TIME:               9:02 a.m. to 2:23 p.m.

18    LOCATION:           Hill Ward Henderson
                          101 East Kennedy Boulevard
19                        Suite 3700
                          Tampa, Florida  33602
20
      REPORTED BY:        Melanie Keefe, FPR
21                        Notary Public
                          State of Florida at Large
22

23

24

25

                 REGENCY REPORTING SERVICE, INC. (813)224-0224
```

7

1    that's fine.  Just give me a heads-up.  I will just say that
2    if there's a question that's pending to you, I'll ask that
3    you answer that question before the break and then we'll
4    proceed.  Agreed?
5         A.   Agreed.
6         Q.   You understand that you're testifying here at the
7    deposition today not in your personal capacity but rather as
8    a representative of the plaintiff, Mutual of Omaha; correct?
9         A.   I do understand that.
10        Q.   I'm going to show you what we marked yesterday
11   during the first day of the corporate representative
12   deposition as Deposition Exhibit No. 1.  Take a look at
13   that, please.  Exhibit 1 lists the topics that my client,
14   Waterstone, has identified that it wants the witnesses here
15   on behalf of the company to be prepared to talk about at the
16   deposition.  Yesterday Mr. Gennarelli testified as to
17   Topics 1 through 13.  My understanding is that you're going
18   to be speaking to the remaining topics; is that correct?
19        A.   That is correct.
20        Q.   So since this is a corporate deposition and not
21   one of you in your personal capacity, I may ask you what is
22   Mutual's position?  Or I may ask you what is your position?
23   If I say "you" or "your," just understand that I mean Mutual
24   because you're here in your capacity as a corporate
25   representative.  Understood?

33

1    A.    I'm just trying to think through the examples
2    that I do have of the recruitment efforts in an attempt to
3    confirm if they are those names specifically.  I would say
4    not that I'm aware of.
5    Q.    I want to go back to the complaint that's in
6    front of you marked as Deposition Exhibit No. 18.  If you
7    would turn to paragraph 60, it's on page 22 of the
8    complaint.
9    A.    Okay.
10   Q.    Paragraph 60 reads "On June 8, 2022, Cynthia
11   Manley" -- let's stop there.  Does Mutual contend that
12   Cynthia Manley was recruited in an unlawful fashion by
13   either Waterstone or the branch managers?
14        MS. WALTER:  Object to the form.
15   A.    So I don't have an example of a direct
16   recruitment of Cynthia.  I think just for context of, if I
17   can share recruitment efforts by Waterstone, it creates,
18   again, that kind of broader context that there -- there were
19   efforts to recruit.
20        Also, again, all of these Daytona and Tampa
21   employees, just outside of the norm, did all resign within a
22   pocket of one to two hours from each other, one after the
23   other after the other coming in.  And so in my mind, there
24   is some logical connection that, you know, multiple
25   resignations happening at the exact same time for one branch