# **EXHIBIT E**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., | ) <br> ) Civil Action No. 22-CV-01660 <br> ) |
| Plaintiff, | ) **PLAINTIFF MUTUAL OF OMAHA** <br> ) **MORTGAGE, INC.'S RESPONSES AND** |
| v. | ) **OBJECTIONS TO DEFENDANT** <br> ) **WATERSTONE MORTGAGE** |
| WATERSTONE MORTGAGE CORPORATION, | ) **CORPORATION'S THIRD SET OF** <br> ) **INTERROGATORIES** <br> ) |
| Defendant. | ) |

Pursuant to Federal Rules of Civil Procedure 26 and 33, plaintiff Mutual of Omaha Mortgage, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby responds and objects to defendant Waterstone Mortgage Corporation's ("Defendant") third set of interrogatories dated as of August 31, 2023 (each a "Interrogatory" and, collectively, the "Interrogatories").

The responses and objections set forth below are based upon information currently known and available to Plaintiff at the time these responses and objections are made. Plaintiff's ongoing discovery, analysis, and investigation may disclose the existence of additional facts, add meaning to known facts, support entirely new legal or factual contentions, and may lead to additions or modifications to these responses. Accordingly, Plaintiff reserves the right, at any time, to amend, revise,

correct, add to, supplement, modify, or clarify the specific responses and objections set forth below or the information divulged therein. Plaintiff further reserves the right to make use of, or introduce in any hearing or at trial, information not known to exist at this time including, but not limited to, information obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure. Except for explicit facts admitted herein, if any, no implied admissions are intended hereby. The fact that Plaintiff has responded or objected to any Interrogatory, or part thereof, should not be construed as an admission that Plaintiff accepts or admits the existence of any fact set forth or assumed by such Interrogatory or that such response or objection constitutes admissible evidence.

## **GENERAL OBJECTIONS**

1. The following general objections ("General Objections") are incorporated into Plaintiff's responses to each and every Interrogatory. No response is, or shall be deemed to be, a waiver of Plaintiff's General Objections.

2. Plaintiff objects to the Interrogatories, including the Definitions, to the extent that they conflict with, are different from, or purport to expand upon, the obligations imposed or authorized by the Federal Rules of Civil Procedure or the Civil Local Rules of Practice for the United States District Court for the Middle District of Florida.

3. Plaintiff objects to the Interrogatories as overly broad, unduly burdensome, and not reasonable to the extent that they are indefinite as to time or scope, or otherwise not limited to a time frame relevant to this litigation.

4. Plaintiff objects to the Interrogatories to the extent they call for information and/or documents that are not relevant.

5. Plaintiff objects to the Interrogatories to the extent they call for information that is not within Plaintiff's possession, custody, or control, or purport to require Plaintiff to seek documents in the possession, custody, or control of third parties.

6. Plaintiff objects to the Interrogatories to the extent they are vague and ambiguous, overly broad, not reasonable, and/or unduly burdensome; are unreasonably cumulative and/or duplicative of other Interrogatories; are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; include assertions of purported fact that are inaccurate or are disputed by the parties; and/or incorporate any other purported definition that suffers from such defects.  Consistent with applicable law, and without waiver or limitation of any of its General or specific objections, Plaintiff has made a good faith effort to interpret the objectionable Definitions and terms in these Interrogatories.

7. Plaintiff objects to the Interrogatories to the extent they seek information that is subject to confidentiality agreements or obligations, protective orders, or agreements with non-parties.

8. Plaintiff objects to the Interrogatories to the extent they seek information in the possession, custody, or control of the Defendant.

9. Plaintiff objects to the Interrogatories to the extent they seek information encompassed by the attorney-client privilege, the work-product doctrine, or any other judicially recognized privilege or protection.

10. Plaintiff objects to the Interrogatories to the extent they seek legal conclusions or implicate the mental impressions of counsel.

11. Plaintiff objects to the Interrogatories to the extent they seek electronically stored email communications on the grounds that searching, collecting, and reviewing such documents creates an undue burden where the parties have not agreed upon relevant custodians and narrowly tailored ESI search terms.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

INTERROGATORY NO. 12: Identify all branches in Mutual of Omaha's Forward Division from January 1, 2018, through the present.

**Response:**

Subject to and without waiving the objections set forth herein, Plaintiff, pursuant to Federal Rule of Civil Procedure 33(d), states that the answer to this Interrogatory can be ascertained from documents labeled as the following Bates:

MOM-0015732 – MOM-0015941

INTERROGATORY NO. 13: Identify all former branches in Mutual of Omaha's Forward Division that left Mutual of Omaha between January 1, 2013, through the present.

**Response:**

Subject to and without waiving the objections set forth herein, the branches in Mutual of Omaha's Forward Division that left Mutual of Omaha since 2018 are the following:

    Tampa

    Daytona

    Paramus

5

>Northwest Region (left 12/2021 and then returned 10/2022).
>
>S1 Lending was divested by Agreement effective April 15, 2020 (S1 Lending was distributive retail forward group, that came over with original Synergy One Lending).

Plaintiff does not have records predating the response set forth above.

INTERROGATORY NO. 14: Identify each employee of Mutual of Omaha's Tampa and Daytona branches that left or was terminated between January 1, 2019, through March 2022.

**Response:**

Subject to and without waiving the objections set forth herein, Plaintiff, pursuant to Federal Rule of Civil Procedure 33(d), states that the answer to this Interrogatory can be ascertained from documents at the following Bates numbers:

MOM-0015730 – MOM-0015731

INTERROGATORY NO. 15: Identify each employee of Mutual of Omaha's St. Louis and Maryland branches that left or was terminated between January 1, 2019, through March 2022.

**Response:**

Subject to and without waiving the objections set forth herein, Plaintiff, pursuant to Federal Rule of Civil Procedure 33(d), states that the answers to this Interrogatory can be ascertained from documents at the following Bates numbers:

MOM-0015730 – MOM-0015731

INTERROGATORY NO. 16: Identify the amount of Mutual of Omaha's lost profits for the Tampa branch for 12 months from July 1, 2022, through June 30, 2023, using the damages models set forth in Candice Rosevear's Rebuttal Expert Report.

**Response:**

Subject to and without waiving the objections set forth herein, see MOM-0015944.

INTERROGATORY NO. 17: Identify the amount of Mutual of Omaha's lost profits for the Daytona branch for 12 months from July 1, 2022, through June 30,

2023, using the damages models set forth in Candice Rosevear's Rebuttal Expert Report.

**Response:**

Subject to and without waiving the objections set forth herein, see MOM-0015944.

INTERROGATORY NO. 18: Identify the amount of Mutual of Omaha's lost profits for the Paramus branch for 12 months from July 1, 2022, through June 30, 2023, using the damages models set forth in Candice Rosevear's Rebuttal Expert Report.

**Response:**

Subject to and without waiving the objections set forth herein, see MOM-0015944.

INTERROGATORY NO. 19: Identify the amount of Mutual of Omaha's lost profits for the Daytona branch for 18 months from June 30, 2022, through December

8

31, 2023, using the damages models set forth in Candice Rosevear's Rebuttal Expert Report.

**Response:**

Subject to and without waiving the objections set forth herein, see MOM-0015944.

INTERROGATORY NO. 20: Identify the amount of Mutual of Omaha's lost profits for the Tampa branch for 18 months from June 30, 2022, through December 31, 2023, using the damages models set forth in Candice Rosevear's Rebuttal Expert Report.

**Response:**

Subject to and without waiving the objections set forth herein, see MOM-0015944.

INTERROGATORY NO. 21: Identify the amount of Mutual of Omaha's lost profits for the Paramus branch for 18 months from June 30, 2022, through December

9

31, 2023 using the damages models set forth in Candice Rosevear's Rebuttal Expert Report.

**Response:**

Subject to and without waiving the objections set forth herein, see MOM-0015944.

INTERROGATORY NO. 22: Identify the annual (i) loan volume, (ii) revenue, and (iii) profits to Mutual of Omaha generated by the Paramus branch since its inception through the present.

**Response:**

Subject to and without waiving the objections set forth herein, Plaintiff, pursuant to Federal Rule of Civil Procedure 33(d), states that the answers to this Interrogatory can be ascertained from documents previously produced at the following Bates numbers:

MOM-0011038 – MOM-0011047

MOM-0010942

MOM-0010945

MOM-0010946

MOM-0010948

MOM-0010952 - MOM-0010954

10

MOM-0010956

MOM-0010958

MOM-0010960

MOM-0010962

MOM-0010964

MOM-0010966

MOM-0010968

MOM-0010971

MOM-0010972

MOM-0010974

MOM-0010976

MOM-0010978

MOM-0010980

MOM-0010983

MOM-0010984

MOM-0010986

MOM-0010988

MOM-0010990

MOM-0010992

MOM-0010994

MOM-0010996

MOM-0010998

MOM-0011000

MOM-0011003

MOM-0011005

MOM-0011006

MOM-0011008

MOM-0011010

MOM-0011012

MOM-0011015

MOM-0011016

MOM-0011018

MOM-0011020

MOM-0011022

MOM-0011025

MOM-0011027

MOM-0011029

MOM-0011031

MOM-0011038

MOM-0011040

MOM-0011042

MOM-0011044

MOM-0011047

INTERROGATORY NO. 23: Identify the annual (i) loan volume, (ii) revenue, and (iii) profits to Mutual of Omaha generated by Dwayne Hutto, Chris Wolf, Chris Smith, and John Utsch during their tenure at Mutual of Omaha.

**Response:**

Subject to and without waiving the objections set forth herein, Plaintiff, pursuant to Federal Rule of Civil Procedure 33(d), states that the answers to this Interrogatory can be ascertained from documents at the following Bates numbers:

MOM-0010942 – MOM-0001132

Dated:   Washington, D.C.
         October 2, 2023

                            MITCHELL SANDLER LLC

                            By: */s/ Courtney E. Walter*_____

                            Ari Karen (admitted *pro hac vice*)
                            Christopher L. McCall (admitted *pro hac vice*)
                            Courtney E. Walter
                            1120 20th Street NW, Suite 725
                            Washington, DC 20036

13

Email:  akaren@mitchellsandler.com
Email:  cwalter@mitchellsandler.com
Telephone:  (202) 886-5292

GUNSTER, YOAKLEY & STEWART, P.A.
John A. Schifino
Florida Bar No. 0072321
401 East Jackson Street, Suite 1500
Tampa, Florida  33602
Primary email:  jschifino@gunster.com
Secondary email: eservice@gunster.com
Telephone:  (813) 739-6962

*Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*

# **VERIFICATION**

STATE OF ILLINOIS,  )
                    )
                    )
COUNTY OF DUPAGE    )

I, Mark J. Carroll, hereby declare as follows:

1. I have reviewed the following document on behalf of plaintiff Mutual of Omaha Mortgage, Inc.:

> PLAINTIFF MUTUAL OF OMAHA MORTGAGE, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT WATERSTONE MORTGAGE CORPORATION'S THIRD SET OF INTERROGATORIES

2. The facts contained in the document are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 2, 2023

_____

Mark J. Carroll