# **EXHIBIT F**

Case 8:22-cv-01660-AEP    Document 281-6    Filed 02/26/25    Page 1 of 9 PageID 6332

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA MORTGAGE, INC., | ) |
| | ) Civil Action No. 22-CV-01660 |
| Plaintiff, | ) |
| | ) **PLAINTIFF MUTUAL OF OMAHA** |
| | ) **MORTGAGE, INC.'S RESPONSES AND** |
| v. | ) **OBJECTIONS TO DEFENDANT** |
| | ) **WATERSTONE MORTGAGE** |
| WATERSTONE MORTGAGE CORPORATION, | ) **CORPORATION'S FIFTH SET OF** |
| | ) **REQUESTS FOR PRODUCTION OF** |
| | ) **DOCUMENTS** |
| Defendant. | ) |

Pursuant to Federal Rules of Civil Procedure 26 and 34, plaintiff Mutual of Omaha Mortgage, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby responds to defendant Waterstone Mortgage Corporation's ("Defendant") fifth set of requests for production of documents dated as of August 31, 2023 (each a "Request" and, collectively, the "Requests").

The responses and objections set forth below are based upon information currently known and available to Plaintiff at the time these responses and objections are made. Plaintiff's ongoing discovery, analysis, and investigation may disclose the existence of additional facts, add meaning to known facts, support entirely new legal or factual contentions, and may lead to additions or modifications to these responses. Accordingly, Plaintiff reserves the right, at any time, to amend, revise,

correct, add to, supplement, modify, or clarify the specific responses and objections set forth below or the information divulged therein. Plaintiff further reserves the right to make use of, or introduce in any hearing or at trial, information not known to exist at the time of production, including, but not limited to, information obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure. Except for explicit facts admitted herein, if any, no implied admissions are intended hereby. The fact that Plaintiff has responded or objected to any Request, or part thereof, should not be construed as an admission that Plaintiff accepts or admits the existence of any fact set forth or assumed by such Request or that such response or objection constitutes admissible evidence.

## **GENERAL OBJECTIONS**

1. The following general objections ("General Objections") are incorporated into Plaintiff's responses to each and every Request. No response is, or shall be deemed to be, a waiver of Plaintiff's General Objections.

2. Plaintiff objects to the Requests, including the Definitions, to the extent that they conflict with, are different from, or purport to expand upon, the obligations imposed or authorized by the Federal Rules of Civil Procedure or the Civil Local Rules of Practice for the United States District Court for the Middle District of Florida.

3. Plaintiff objects to the Requests as overly broad, unduly burdensome, and not reasonable to the extent that they are indefinite as to time or scope, or otherwise not limited to a time frame relevant to this litigation.

4. Plaintiff objects to the Requests to the extent they call for information and/or documents that are not relevant.

5. Plaintiff objects to the Requests to the extent they call for documents that are not within Plaintiff's possession, custody, or control, or purport to require Plaintiff to seek documents in the possession, custody, or control of third parties. Plaintiff's production of any such documents shall not be deemed a waiver of this objection.

6. Plaintiff objects to the Requests to the extent they are vague and ambiguous, overly broad, not reasonable, and/or unduly burdensome; are unreasonably cumulative and/or duplicative of other Requests; are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; include assertions of purported fact that are inaccurate or are disputed by the parties; and/or incorporate any other purported definition that suffers from such defects. Consistent with applicable law, and without waiver or limitation of any of its General or specific objections, Plaintiff has made a good faith effort to interpret the objectionable Definitions and terms in these Requests.

7. Plaintiff objects to the Requests to the extent they seek information that is subject to confidentiality agreements or obligations, protective orders, or agreements with non-parties.

8. Plaintiff objects to the Requests to the extent they seek documents in the possession, custody, or control of the Defendant.

9. Plaintiff objects to the Requests to the extent they seek information encompassed by the attorney-client privilege, the work-product doctrine, or any other judicially recognized privilege or protection.

10. Plaintiff objects to the Requests to the extent they seek legal conclusions or implicate the mental impressions of counsel.

11. Plaintiff objects to the Requests to the extent they seek electronically stored email communications on the grounds that searching, collecting, and reviewing such documents creates an undue burden where the parties have not agreed upon relevant custodians and narrowly tailored ESI search terms.

12. Any statement by Plaintiff that it will produce documents responsive to a Request is not, and should not be construed as, a representation that such documents exist.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

REQUEST FOR PRODUCTION NO. 44:  Produce monthly profit and loss statements (in the same format as previously produced for the Tampa and Daytona branches) showing revenue and profits for each branch in Mutual of Omaha Mortgage, Inc.'s Forward Division from January 1, 2018 through present.

**Response:**  Subject to and without waiving the objections above, Plaintiff has produced documents in its possession, custody, and control responsive to this Request at the following Bates numbers:

MOM-0015732 – MOM-0015941

REQUEST FOR PRODUCTION NO. 45:  Produce documents showing the product mix offered by each branch in Mutual of Omaha's Forward Division from January 1, 2018, through the present.

**Response:**   Subject to and without waiving the objections above, no documents exist showing the product mix offered by each branch in Mutual of Omaha's Forward Division from January 1, 2018, through the present.

REQUEST FOR PRODUCTION NO. 46:  Produce Mutual of Omaha's corporate profit and loss statements from January 1, 2018, through the present.

**Response:**  Subject to and without waiving the objections above, Plaintiff has produced documents in its possession, custody, and control responsive to this Request at the following Bates numbers:

MOM-0015942

REQUEST FOR PRODUCTION NO. 47:  Produce documents separately showing the revenue and expenses related to Keller Williams from the time Mutual of Omaha acquired Keller Williams through the present.

**Response:**  Subject to and without waiving the objections above, Plaintiff has produced documents in its possession, custody, and control responsive to this Request at the following Bates numbers:

MOM-0015943

REQUEST FOR PRODUCTION NO. 48:  Produce documents supporting

your responses to Interrogatories 12, 13, 14, and 15.

**Response:** Subject to and without waiving the objections above, Plaintiff has produced documents in its possession, custody, and control responsive to this Request at the following Bates numbers:

MOM-0015732 - MOM-0015941

MOM-0015730

MOM-0015731

REQUEST FOR PRODUCTION NO. 49: Produce all documents supporting the calculations and amounts set forth in your responses to Interrogatories 16, 17, 18, 19, 20 and 21.

**Response:** Subject to and without waiving the objections above, Plaintiff has produced documents in its possession, custody, and control responsive to this Request at the following Bates numbers:

MOM-0014887

REQUEST FOR PRODUCTION NO. 50: Produce all documents supporting the (i) loan volumes, (ii) revenues, and (iii) profits identified in your responses to Interrogatories 22 and 23.

7

**Response:** Subject to and without waiving the objections above, Plaintiff has produced documents in its possession, custody, and control responsive to this Request at the following Bates numbers:

MOM-0010942 – MOM-0001132

MOM-0011038 – MOM-0011047

Dated:   Washington, D.C.
         October 2, 2023

                MITCHELL SANDLER LLC

                By:  */s/ Courtney E. Walter*_____

                Ari Karen (admitted *pro hac vice*)
                Christopher L. McCall (admitted *pro hac vice*)
                Courtney E. Walter
                1120 20th Street N.W., Suite 725
                Washington, D.C.  20036
                Primary email:  cmccall@mitchellsandler.com
                Telephone:  (202) 886-5292

                GUNSTER, YOAKLEY & STEWART, P.A.
                John A. Schifino
                Florida Bar No. 0072321
                401 East Jackson Street, Suite 1500
                Tampa, Florida  33602
                Primary email:  jschifino@gunster.com
                Secondary email: eservice@gunster.com
                Telephone:  (813) 739-6962

                *Attorneys for Plaintiff Mutual of Omaha Mortgage, Inc.*