**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MUTUAL OF OMAHA
MORTGAGE, INC.

            Plaintiff,

v.

WATERSTONE MORTGAGE
CORPORATION,

            Defendant.

CASE NO. 8:22-cv-01660-UAM

**WATERSTONE'S RESPONSE TO MUTUAL'S *MOTION IN LIMINE***
**TO EXCLUDE JOHN BONE'S TESTIMONY THAT TRADE**
**SECRET MISAPPROPRIATION MUST BE THE SOLE CAUSE OR**
**BUT FOR CAUSE OF MUTUAL'S DAMAGES**

But-for causation ensures trade secret misappropriation damages are based on actual harm caused by the wrongful use of proprietary information. It safeguards against speculative claims and unjust outcomes. It makes certain that a defendant is only held responsible for harm that would not have occurred absent the misconduct. In sum, but-for causation prevents a windfall. But-for causation is also consistent with case law from this District that addresses causation in the context of trade secret misappropriation claims, rules of statutory interpretation for congressionally created federal claims, Florida's jury instructions addressing legal cause, the language of the Defend Trade Secrets Act ("DTSA"), and common sense. In addition, Florida law regarding lost profit damages requires but-for causation. That Mutual is seeking lost profit damages as its sole remedy provides another, independent reason for the Court

to require but-for causation. John Bone is not going to instruct the jury on the law of causation, as Mutual claims in its motion. He will apply the facts to the law pronounced by the Court as to causation, which is a proper subject of expert testimony. It is important for purposes of this motion and the case overall that the Court confirm causation for purposes of the trade secret misappropriation claims is nothing short of but-for causation and that Mutual's motion *in limine* proposing "substantial factor" causation be denied.

**A.    Mutual must prove but-for causation to prevail on its trade secret misappropriation claims.**

Courts across the country, including in this District, require but-for causation for trade secret misappropriation claims. *See FX Group, LLC v. Astorga*, No. 8:20-cv-468-TPB-JSS, 2021 WL 8200229, at *6-8 (M.D. Fla. Sept. 27, 2021) (finding defaulted defendants liable for profits plaintiff would have received "but for" defendants' wrongful conduct misappropriating trade secrets); *Cap. City Home Loans, LLC v. Darnell*, No. 4:21-cv-228-AW-MJF, 2023 WL 4169614, at *1 (N.D. Fla. May 11, 2023) (holding plaintiff  to burden to show that alleged damages would not have been suffered "but for" the misappropriation); *NACM Tampa, Inc. v. Sunray Notices, Inc.,* No. 8:15-cv-1776-T-33TGW, 2017 WL 2209970, at *8-9 (M.D. Fla. Feb. 8, 2017) (finding that lost profits for "actual loss caused by misappropriation" means the number of orders "plaintiffs would have serviced but for the defendants' misappropriation"); *Medical Store, Inc. v. AIG Claim Servs., Inc.*, No. 02-80513-CIV, 2003 WL 25669175, at *6 (S.D. Fla. Oct. 17, 2003) (citing Restatement of Unfair

Competition for proposition that statutory damages for misappropriation of trade secrets consists of profits plaintiff would have earned but for the appropriation); *Advantor Sys. Corp. v. DRS Tech. Servs., Inc.*, 678 F. App'x 839, 857-59 (11th Cir. 2017) (finding the record contained sufficient evidence to establish "but for" causation); *Pegasystems Inc. v. Appian Corp.*, 904 S.E.2d 247, 270-271 (Va. Ct. App. 2024) (reversing $2 billion dollar trade secret misappropriation verdict due to jury instruction improperly relieving plaintiff of its burden to establish causation and stating plaintiff was required to show "but-for cause 'without which that event would not have occurred,'" with that causation requirement applying in the trade secret arena); *Comput. Sciences Corp. v. Comput. Assocs. Int'l, Inc.*, Nos. CV 98-1374-WMB SHX, CV 98-1440-WMB SHX, 1999 WL 675446, at *12-13 (C.D. Cal. Aug. 12, 1999) (confirming requirement that a defendant's misappropriation of trade secrets must be a "but for" cause of plaintiff's damages); *Russo v. Baxter Healthcare Corp.,* 140 F.3d 6, 10 (1st Cir. 1998) (finding damages too speculative when plaintiff cannot show "but for" causation). These cases are consistent with the DTSA and the Florida Uniform Trade Secrets Act which allow for recovery of lost profits that are "the actual loss caused by misappropriation" of the trade secret. Fla. Stat. § 688.004(1); 18 U.S.C. § 1836(b)(3)(B)(i)(l).

Further, the United States Supreme Court has held that but-for causation applies when Congress creates new causes of action:

> It is "textbook tort law" that a plaintiff seeking redress for a defendant's legal wrong typically must prove but-for causation. Under this standard, a plaintiff must demonstrate that, but for the defendant's unlawful

3

conduct, its alleged injury would not have occurred. This ancient and simple "but for" common law causation test, we have held, supplies the "default" or "background" rule against which Congress is normally presumed to have legislated when creating its own new causes of action.

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 331–32 (2020)

(internal citations omitted).[1] The DTSA, created in 2016, falls under this "but-for"

default rule.

Further still, Florida's definition of "legal cause," as explained in its pattern

jury instructions, requires but-for causation:

> (a) Legal Cause generally:  A party's conduct is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, **but for the conduct**, the [loss] [injury] [or] [damage] would not have occurred.

Fla. Std. Jury Instr. (Civ.) Civil Theft – 411.4 Legal Cause (emphasis added). *See also*

*id.*, Misrepresentation – 409.6 Legal Cause, Tortious Interference – 408.4 Legal

Cause, Product Liability – 403.12 Legal Cause, Negligence – 401.12 Legal Cause (all

---

[1] *See also Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013) (federally created Title VII retaliation claims must be proved according to traditional principles of but-for causation);*Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 174-78 (2009) (to prove discrimination under the federal Age Discrimination in Employment Act, the plaintiff must establish "but for" causation and not simply that age was a motivating factor); *U.S. ex rel. Cairns v. D.S. Medical LLC*, 42 F.4th 828, 834 (8th Cir. 2022) (requiring but for causation to prove a violation of the federally-created False Claims Act); *Hudson v. Am. Fed'n of Gov't Emps.*, No. 17-1867 (JEB), 2024 WL 1716646, at *5 (D.D.C. Apr. 22, 2024) (violations of the federal Labor-Management Reporting and Disclosures Act require proof of but for causation).

4

requiring but-for causation).[2] It would be wholly inconsistent and illogical to carve out an exception for trade secret claims.

Mutual cites one Central District of California case in support of its claim that "substantial factor" causation should apply: *ChromaDex, Inc. v. Elysium Health, Inc.,* No. SACV 16-02277-CJC (DFMx), 2019 WL 7166056 (C.D. Cal. Oct. 9, 2019). *See* D.E. 263 at 5. But there are other California cases applying but-for causation to trade secret misappropriation claims. *See, e.g., Comput. Sciences Corp.,* 1999 WL 675446, at *12-13 (requiring showing of "but for" causation under California UTSA); *Ajaxo Inc. v. E\*Trade Fin. Corp.,* 115 Cal. Rptr. 3d 168, 175 (Cal. Ct. App. 2010) (same). The Court should not follow the one California case Mutual cites and should instead follow the many well-reasoned authorities that require but-for causation.

The only other two cases Mutual cites to support its "substantial factor" argument are even more unavailing. *First*, Mutual cites a Southern District of Mississippi case for the proposition that "traditional tort principles including proximate cause apply to DTSA misappropriation claims." (Dkt. 263 at 5 (quotations omitted) (citing *Univ. of Miss. Med. Ctr. v. Sullivan,* No. 3:19-CV-459-

---

[2] Florida's "legal cause" jury instruction continues with subsection (b), which defines a "Concurring cause" as a cause that "contributes substantially to producing" the harm. *See id.* Florida courts have confirmed that this "contributes substantially" language is not an independent test or an additional standard for the jury to consider when determining legal causation. *O'Donnell v. W.F. Taylor Co.,* 292 So. 3d 785, 787 (Fla. 4th DCA 2020). It simply "supplements traditional 'but for' causation" and "was adopted to plug gaps in the but-for principle" where it cannot be determined which amongst multiple tortfeasors actually caused the damage. *Id.* That scenario does not apply here given the single defendant, Waterstone.

CWR-LGI, 2022 WL 304835 (S.D. Miss. Feb 1. 2022).) That case, however, simply addresses whether "[a] default judgment can establish liability, and by extension, proximate cause." *Id*. It does not even mention the words "substantial factor" or "but for" causation. *Second*, Mutual inexplicably cites to *Advantor Sys. Corp. v. DRS Tech. Servs., Inc.,* 678 F. App'x 839, 853 (11th Cir. 2017), which supports the application of but for causation in trade secret misappropriation cases. According to Mutual, in this case, the Eleventh Circuit determined the record contained sufficient evidence to find but-for causation, but did "not hold[] that but for causation is required in trade secrets misappropriation claims." (Dkt. 263 at 6.) Following Mutual's logic, it is also true that the court did not hold that "substantial factor" causation should apply. Neither did the *Advantor* court hold that but-for causation does not apply. As evidenced by Mutual's inability to cite relevant legal authority, the overwhelming majority of case law supports the application of but-for causation to misappropriation of trade secret claims.

### B.    Lost Profit Damages Also Requires But-For Causation.

But-for causation is also required because Mutual seeks lost profit damages by way of its trade secret misappropriation claims. Specifically, Mutual seeks the lost profits associated with the loss of its branches in Tampa and Ormond Beach. The alleged loss of branch damages are the only damages in the case. *See* D.E. 196 (stipulating "Mutual now seeks only the Loss of Branch Damages"). Mutual does not tie its alleged loss of branch damages to any particular claim. Rather, Mutual contends that if it prevails on any of its four claims it is entitled to the lost profit

damages. Thus, regardless of the legal theory associated with the claim for lost profit damages (be it trade secret misappropriation or another theory), the lost profits remedy requires but-for causation. *See Alphamed Pharms. Corp. v. Arriva Pharms., Inc.*, 432 F. Supp. 2d 1319, 1344 (S.D. Fla. 2006); *SMS Audio, LLC v. Belson,* No. 9:16-cv-81308, 2017 WL 11631378, at *1-3 (S.D. Fla. Apr. 25, 2017). This provides an additional, independent basis for the Court to require but-for causation with respect to Mutual's trade secret misappropriation claims, even if the Court does not resolve the parties' dispute about the standard for causation required under the DTSA and Florida UTSA.

**C.     John Bone will expose Mutual's lack of any trade secret misappropriation damages, not opine on the law.**

Mutual argues for a diluted causation standard because there is no connection between the alleged trade secrets and departure of Mutual's branches, which is the predicate for Mutuals $3 million lost profit damages demand, plus exemplary damages and attorney's fees. For example, Mutual contends certain branch employees sent borrower documents to Waterstone and that those documents are Mutual's trade secrets. Yet, Mutual is not seeking any damages based on diverted loans resulting from the alleged transmittal of borrower documents. D.E. 196.  As such, Mutual must establish the borrower document transmittals caused the branches to depart. There is no but-for causation between those two events. And, Mutual also did not quantify any damages specific to the value of the borrower documents. This leaves Mutual with no meaningful ability to prove trade secret misappropriation

damages. It appears Mutual may try to sway the jury that the former Mutual employees' sending of the borrower documents was improper and therefore incentivize an award—without establishing causation.

The same is true with respect to Mutual's claim that Waterstone and the former managers took a customer list that Mutual claims is a trade secret. There is no connection between the list and the managers' decision to leave Mutual. Nor did Mutual attempt to value the list itself, and Mutual does not have any claim for unjust enrichment to Waterstone based on the list. Mutual does not want but-for causation to apply because it cannot possibly meet that standard: the lists have no connection temporally or otherwise to the managers' decision to resign.

As Waterstone's trade secret misappropriation expert, Bone will explain the aforementioned shortcomings of Mutual's damages case as it relates to the alleged trade secrets. He will not instruct the jury as to the law. He will apply it based on the facts, including that Mutual does not offer damages specific to the alleged trade secrets. Instead, Mutual lumps everything together: its claims and resulting damages, contending that Waterstone's misappropriation of trade secrets *increased the likelihood* that Mutual suffered the "Loss of Branch Damages." A wrongful act that "increases the likelihood" of something happening is not but-for causation and will leave Waterstone vulnerable to an award that reflects a windfall, not compensatory damages that redress actual harm suffered by Mutual as required by the DTSA and FUTSA.

8

## CONCLUSION

For all the reasons discussed, Mutual's motion *in limine* to exclude John

Bone's testimony as to but-for causation should be denied.

Dated:  February 27, 2025.
                     *s/Maria L. Kreiter*
                     Maria L. Kreiter (admitted pro hac vice)
                     Emma J. Jewell (admitted pro hac vice)
                     Xavier O. Jenkins (admitted pro hac vice)
                     GODFREY KAHN S.C.
                     833 East Michigan Street, Suite 1800
                     Milwaukee, WI 53202
                     (414) 287-9466 (Telephone)
                     mkreiter@gklaw.com
                     ejewell@gklaw.com
                     xjenkins@gklaw.com

                     Scott A. McLaren (FBN: 414816)
                     Carolina Y. Blanco (FBN: 0098878)
                     HILL, WARD & HENDERSON, P.A.
                     101 East Kennedy Blvd., Suite 3700
                     Post Office Box 2231
                     Tampa, Florida 33601
                     (813) 221-3900 (Telephone)
                     carolina.blanco@hwhlaw.com
                     scott.mclaren@hwhlaw.com

                     *Attorneys for Defendant Waterstone Mortgage*
                     *Corporation*